Case 1:11-cv-01280-RWS -CCH Document 1 Filed 04/20/11 Page 1 of 15

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 20 2011

JAMES N. HATTEN, CLERK
By: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANNY R. TEAGLE, individually and on behalf of all others similarly situated, | |
| Plaintiff, | 1:11-CV-1280 |
| v. | Civil Action No. _____ |
| LEXISNEXIS SCREENING SOLUTIONS, INC., formerly known as CHOICEPOINT'S WORKPLACE SOLUTIONS, INC., and IGLOO PRODUCTS CORP., | Jury Trial Demanded |
| Defendants. | |

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

COMES NOW Plaintiff Danny R. Teagle, on behalf of himself and all others similarly situated, and files Plaintiff's Original Class Action Complaint against Defendants LexisNexis Screening Solutions, Inc. f/k/a Choicepoint's Workplace Solutions, Inc. (collectively "LexisNexis") and Igloo Products Corp. Plaintiff alleges, based on personal knowledge as to Defendants' actions and upon information and belief as to all other matters, as follows:

### I.
### INTRODUCTION

1. This action is brought under the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§1681a–1681x. Defendant LexisNexis operates a national database of public records and related employment histories as a nationwide consumer reporting agency. It maintains a FCRA database to prepare and furnish consumer reports for employment and other purposes. LexisNexis

1

provided these consumer reports to prospective and existing employers of Danny Teagle and members of the putative class. Many of these employers, like Defendant Igloo Products Corporation, refused to hire or discharged Plaintiff and other individuals based in whole or in part on the contents of the consumer reports.

2.  Plaintiff brings a class claim under 15 U.S.C. §1681k against LexisNexis because it did not provide Plaintiff and other similarly situated consumers notice that it was furnishing an employment-purposed consumer report at the time it did so. This important requirement is intended to provide consumers immediate notice of the furnishing of an employment report and details necessary to preemptively contact the reporting agency to obtain and, where appropriate, correct inaccuracies in the furnished report. It also was intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any concerns or derogatory history in the report directly with the employer. LexisNexis's failure to comply with these longstanding requirements denied the Plaintiff and each putative Class Member these important rights.

3.  Plaintiff Teagle brings class claims under 15 U.S.C. § 1681c because LexisNexis sold to Igloo a report on Mr. Teagle that contains criminal history that predates the report by more than seven years. The seven-year obsolescence rule in this statute is designed to allow consumers to eventually escape the burden of potentially damaging information long in the consumer's past. LexisNexis's misreporting of this information denied Mr. Teagle, and each member of the classes he seeks to represent, the benefit of this valuable right.

4.  Mr. Teagle also brings class claims against Igloo under 15 U.S.C. § 1681b, because Igloo failed to hire Mr. Teagle—based in whole or in part on the consumer report Igloo received from LexisNexis—but then failed to provide Mr. Teagle with a copy of the report or a summary of his rights under the FCRA at the time or before taking this adverse action against him.

## II.
## PARTIES

5. Plaintiff Danny R. Teagle is a "consumer" as protected and governed by the FCRA.

6. Defendant Choicepoint's Workplace Solutions, Inc., was merged with LexisNexis Screening Solutions, Inc., after Reed Elsevier purchased Choicepoint, Inc., in late 2008 and thereafter absorbed its subsidiaries into its own similar business operations.

7. Defendant Igloo Products Corp. is a Texas corporation that sells its products throughout the United States, including within this District.

## III.
## JURISDICTION AND VENUE

8. The Court has federal question jurisdiction under the FCRA, 15 U.S.C. §1681p.

9. Venue is proper in this Court because a substantial part of the events giving rise to Plaintiff's claims occurred in this District. 28 U.S.C. § 1391(b)(2). Venue is also proper in this Court because LexisNexis and Igloo can be found in this District. 28 U.S.C. § 1391(b)(3). Among other things, LexisNexis has major operations in this District, and Igloo regularly conducts business in this District.

## IV.
## FACTS

10. LexisNexis furnished the consumer reports concerning Plaintiff Teagle to Igloo and, upon information and belief, supplied additional consumer reports to third-party employers for employment purposes, which are also the subject of this suit.

11. During the FCRA statute of limitations period, LexisNexis was a "consumer reporting agency" as defined by the FCRA.

12. During the FCRA statute of limitations period, LexisNexis was regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

13. At all times relevant hereto, Igloo was a "user" of the consumer report of Teagle, as governed by the FCRA.

14. Plaintiff Teagle applied for a position as a maintenance technician with Igloo Products Corporation in Katy, Texas, in the summer of 2010. The position did not pay, nor could it reasonably have been expected to pay, a salary of more than $75,000.

15. On June 28, 2010, Igloo extended Teagle a written offer of employment, pending a background check and drug screen. Teagle accepted the offer that same day, and his employment was to begin July 1, 2010.

16. As part of its application procedure, Igloo purchased from LexisNexis a consumer report on Teagle on or about June 30, 2010. Relying on the consumer report, Igloo rescinded Teagle's job offer in writing, also on June 30.

17. The report that LexisNexis furnished on Teagle contained several entries of criminal history information that predate the report by more than seven years, some of which are convictions and some of which are dismissals of charges. The first time that Teagle learned of the contents of the subject consumer report was on July 1, 2010, when he requested a copy of the report from Igloo after it failed to hire him.

18. Igloo, either directly or through LexisNexis as its agent, did not provide Teagle with a copy of the consumer report or written summary of his rights under the FCRA before or even at the time it informed him that the job offer was withdrawn.

19. On July 9, 2010, a full nine days after LexisNexis furnished the report to Igloo and his job offer had been rescinded because of the report, Teagle received from LexisNexis the notice mandated by 15 U.S.C. § 1681k(a)(1). The notice itself is dated July 2, 2010, but the envelope in which it arrived is postmarked July 7, 2010.

20. Despite providing a report for employment purposes to Teagle's and putative Class Members' prospective employers containing public record information likely to have an adverse affect upon their ability to obtain or maintain employment, LexisNexis failed to provide notice at the time of the fact that the public record information was being reported by it, together with the name and address of the person(s) to whom such information was being reported. While LexisNexis did, occasionally, mail this required § 1681k(a)(1) letter to some consumers, it did not do so "at the time" it furnished the related consumer report to the user.

21. On information and belief, Teagle alleges that LexisNexis did not attempt for either him or many other consumers to follow the option available at 15 U.S.C. § 1681k(a)(2), which requires a consumer reporting agency to actually contact the original source of public records information (e.g., the court clerk) immediately before furnishing a report which includes such information. Title 15 U.S.C. § 1681k(a)(2) is thus inapplicable to the consumer reports at issue in this case.

22. In 2008, LexisNexis settled an earlier class action lawsuit, *Williams v. LexisNexis Risk Management, Inc.*, No. 3:06-cv-00241-REP (E.D. Va.), for the very conduct alleged in this case relating to the timing of its 1681k notice letters. However, at the time of this earlier litigation, Reed Elsevier had not yet purchased ChoicePoint. They were still rival, unrelated companies.

23. The relevant class definition in *Williams*, defining those consumers who released their claims against LexisNexis, and who are therefore excluded from the class definition in this case, was:

> All natural persons residing in the United States who were the subject of a consumer report furnished by Defendant for employment purposes and which for that purpose compiled and reported items of information on consumers which were matters of public record and were likely to have an adverse effect upon a consumer's ability to obtain employment, within 2 years prior to the filing of this complaint, and to whom Defendant did not provide notice that it was furnishing a consumer report on them prior to or contemporaneously with its provisions of the report.

24. ChoicePoint has also settled an earlier class action lawsuit, *Beverly v. ChoicePoint, Inc.*, No. 3:07-cv-00541-RLW (E.D. Va. 2007), for the very conduct alleged in this case relating to the timing of its 1681k notice letters. However, the allegations and facts in that case were limited solely to ChoicePoint's sale of consumer reports to two companies—Wal-Mart and Target.

25. The relevant class definition in *Beverly*, defining the consumers who have now released their claims against LexisNexis and who are excluded from the putative class definition in this case, was:

> All natural persons residing in the United States or its territories to whom, per ChoicePoint WorkPlace Solutions, Inc.'s records, a notice was mailed by ChoicePoint WorkPlace Solutions, Inc. pursuant to 15 U.S.C. § 1681k on or after August 10, 2005 through February 20, 2008 as a result of a request for an employment background check by either Target Corp. or Wal-Mart Stores, Inc.

26. Because of these earlier lawsuits, LexisNexis knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

27. LexisNexis obtained or had available substantial written materials that apprised it of its duties under the FCRA. Any reasonable employer or consumer reporting agency knows about or can easily discover these mandates.

28.     Despite knowing of these legal obligations, LexisNexis acted willfully in breaching its known duties and depriving Plaintiffs and other members of the Classes of their rights under the FCRA.

29.     As a result of these FCRA violations, LexisNexis is liable to Plaintiff and to each Class Member, for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2), and for attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

30.     Igloo has previously settled an individual lawsuit, *Rodriguez v. Igloo Products Corp.*, No. 08-CV-3354 (S.D. Tex. 2008), for the very conduct alleged in this case relating to the taking of adverse actions against applicants or employees based on the contents of consumer reports.

31.     Thus, despite knowing of its legal duties through *Rodriguez*, Igloo continues to violate the FCRA when it relies on the contents of consumer reports in making employment decisions.

32.     As a result of its FCRA violations, Igloo is liable to Plaintiff Teagle, and to each Igloo Class Member, for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2), and for attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

33.     In the alternative to Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. § 1681o.

## IV.
## CLASS ACTION ALLEGATIONS

A. **Plaintiff's Proposed LexisNexis Classes**

   1. **The 1681k Notice Class**

34. Pursuant to Federal Rule of Civil Procedure 23 and 15 U.S.C. § 1681b, Plaintiff brings this action for himself and on behalf of a class ("the 1681k Notice Class") defined as:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a LexisNexis consumer report issued after April 10, 2006 and furnished to a third party (b) other than Wal-Mart or Target (c) that contained at least one record of a criminal conviction or arrest, civil lien, bankruptcy, or civil judgment (d) that was furnished to a third party to make an employment decision (e) within five years preceding the filing of this action and during its pendency, and (f) to whom LexisNexis did fail to mail (place in the United States mail postage pre-paid) to the subject of the report a written notice that it was furnishing the subject report on the day it furnished the report.

35. Specifically excluded from this Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to LexisNexis releases of all their Class claims; and (d) Defendants' employees, officers, directors, agents, and representatives and their family members.

   2. **The FCRA Obsolete Information Class**

36. Pursuant to Federal Rule of Civil Procedure 23 and 15 U.S.C. § 1681b, Plaintiff brings this action for himself and on behalf of a class ("the Obsolete Information Class"), defined as:

8

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a LexisNexis consumer report; (b) that contained at least one record of (i) cases under Title 11 of the Bankruptcy Act that, from the date of entry of the order for relief or the date of adjudication, whichever is applicable, predates the report by more than ten years, (ii) civil suits, civil judgments, and records of arrest that, from the date of entry, predate the report by more than seven years or until the governing statute of limitations has expired, whichever period is longer, (iii) paid tax liens which, from date of payment, predate the report by more than seven years, (iv) accounts placed for collection or charged to profit and loss which predate the report by more than seven years, or (v) any type of criminal history information (other than a criminal conviction) that predates the report by more than seven years; (c) that was furnished for an employment purpose for a position for which the annual salary is less than $75,000; and (d) within five years preceding the filing of this action and during its pendency.

37. Specifically excluded from this Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to LexisNexis releases of all their Class claims; and (d) Defendants' employees, officers, directors, agents, and representatives and their family members.

## B. Plaintiff's Proposed Igloo Class

38. Pursuant to Federal Rule of Civil Procedure 23 and 15 U.S.C. § 1681i, Plaintiff also brings this action for himself and on behalf of a class ("the Igloo Class"), defined as:

All employees or prospective employees of Igloo residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which Igloo used to make an employment decision regarding such employee or prospective employee during the FCRA statute of limitations period, 15 U.S.C. § 1681p, against whom Igloo took an adverse action based in whole or in part on information contained in the consumer report before providing the applicant or employee a copy of the consumer report and statutory disclosures required by the FCRA, 15 U.S.C. § 1681b.

39.     Specifically excluded from this Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Igloo releases of all their claims for all of their Class claims; and (d) Defendants' employees, officers, directors, agents, and representatives and their family members.

### C.     Rule 23(a) Prerequisites

40.     **Numerosity.** The Classes are so numerous that joinder of all members is impracticable.  At this time, Plaintiffs do not know the exact size of the Classes.  Based on information and belief, the Classes are comprised of at least thousands of members and are geographically dispersed throughout the country as to render joinder of all Class Members impracticable. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

41.     **Predominance.** Common questions of law and fact exist as to all members of each Class. Without limitation, the total focus of the litigation will be Defendants' uniform conduct and procedures, whether LexisNexis sent the required notices, when it did so, and whether LexisNexis acted willfully in its failure to design and implement procedures to assure compliant delivery and/or timing of these notices. Further, Teagle's claims will focus on LexisNexis's uniform procedures (or lack thereof) for culling obsolete information from reports and Igloo's procedures for making employment decisions using consumer reports. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. § 1681n is a common question for members of each of the Classes.

42. **Typicality.** Plaintiff's claims are typical of the other Class Members' claims. As described above, Defendants use common practices and automated systems in committing the conduct that Plaintiff alleges damaged him and the Classes. Plaintiff seeks only statutory and punitive damages and, in addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Classes. Defendants uniformly breached the FCRA by engaging in the conduct described above, and these violations had the same effect on each member of the Classes.

43. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff's interests coincide with, and are not antagonistic to, other Class Members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex, commercial, multi-party, consumer, and class action litigation. Plaintiff's Counsel have prosecuted complex FCRA class actions across the country.

### D.   Rule 23(b) Prerequisites

44. Questions of law and fact common to the Class predominate over questions affecting only individual Members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Classes to, individually, effectively redress the wrongs done to them. Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts.

45. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

### E.   Injunctive Relief Appropriate for the Classes

46. Class certification is appropriate because the Defendants have acted on grounds generally applicable to the Classes, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. FED. R. CIV. P. 23(b)(2).

## V.
## CAUSES OF ACTION

### Count 1: LexisNexis's Violation of 15 U.S.C. § 1681k(a)(1)

47. Plaintiffs incorporate by reference those paragraphs set out above as though fully set forth herein.

48. LexisNexis's failure to timely provide the required FCRA notices to the Plaintiff and other members of the putative class violated 15 U.S.C. § 1681k(a)(1).

49. The conduct, action, and inaction of LexisNexis were willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

50. Plaintiff and other members of the putative classes are entitled to recover costs and attorneys' fees as well as appropriate equitable relief from LexisNexis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

### Count 2: LexisNexis's Violation of 15 U.S.C. § 1681c(a)(5)

51. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

52. LexisNexis's failure to eliminate, from consumer reports on Plaintiff Teagle and the FCRA Obsolete Information Class, criminal information, other than records of convictions of crimes, that predates the report by more than seven years violated 15 U.S.C. § 1681c(a)(5).

53. The conduct, action, and inaction of LexisNexis were willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

54. Plaintiff and other members of the putative class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

### Count 3: Igloo's Violation of 15 U.S.C. § 1681b(b)

55. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

56. Igloo's failure to provide applicants or employees against whom it took an adverse employment action with a copy of the consumer report upon which it based its decision to take the adverse action before it took the adverse action violated 15 U.S.C. § 1681b(b)(3)(A)(i).

57. Likewise, Igloo's failure to provide to the applicant or employee a summary of the individual's rights under the FCRA before it took an adverse employment action against that individual violated 15 U.S.C. § 1681b(b)(3)(A)(ii).

58. The conduct, action, and inaction of Igloo were willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

59. Plaintiff and other members of the putative Class are entitled to recover costs and attorneys' fees as well as appropriate equitable relief from Igloo in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

## VI.
## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class Members pray for relief as follows:

1. An order certifying the proposed 1681k Notice Class herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;

2. An order certifying the proposed Obsolete Information Class herein under Federal Rule 23 and appointing Plaintiff Teagle and his undersigned counsel of record to represent same;

3. An order certifying the proposed Igloo Class herein under Federal Rule 23 and appointing Plaintiff Teagle and his undersigned counsel of record to represent same;

4. The creation of a common fund available to provide notice of and remedy Defendants' FCRA violations;

5. Statutory and punitive damages;

6. Equitable and/or declaratory relief;

7. Attorneys' fees, expenses, and costs;

8. Pre-judgment and post-judgment interest as provided by law; and

9. Such other relief the Court deems just, equitable, and proper.

## VI.
## TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

DATED: April 13, 2011

Respectfully submitted,

By: *Mara McRae*

Mara McRae
State Bar No. 499138
**MCRAE BROOKS WARNER LLC**
1720 Peachtree St., Suite 430
Atlanta, GA 30309
Telephone: (404) 681-0700
Facsimile: (404) 681-0780

Michael A. Caddell (*pro hac vice* forthcoming)
Cynthia B. Chapman (*pro hac vice* forthcoming)
Craig C. Marchiando (*pro hac vice* forthcoming)
**CADDELL & CHAPMAN, P.C.**
1331 Lamar, Suite 1070
Houston TX 77010-3027
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

**ATTORNEYS FOR PLAINTIFF**