**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **DANNY R. TEAGLE, individually and on behalf of all others similarly situated,** | : : : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 1:11-CV-1280** |
| | : | |
| **LEXISNEXIS SCREENING SOLUTIONS, INC., formerly known as CHOICEPOINT'S WORKPLACE SOLUTIONS, INC., and IGLOO PRODUCTS CORP.,** | : : : : : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANT IGLOO PRODUCTS CORP.'S
ANSWER TO PLAINTIFF'S ORIGINAL CLASS
ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Igloo Products Corp. and responds to Plaintiff Danny R. Teagle's Original Class Action Complaint as follows:

## I.   INTRODUCTION

1.

The allegations contained in Paragraph 1 of the Complaint appear to be legal conclusions, to which no response from Igloo is needed.  However, to the extent a response is necessary, Igloo admits only that Plaintiff purports to bring this case under the Fair Credit Reporting Act ("FCRA").  With respect to the allegations

contained in the final sentence of Paragraph 1, Igloo admits only that it rescinded an offer of employment to Plaintiff based in part upon information contained in a consumer report that Igloo obtained.  Igloo is without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 1, and, therefore, these allegations can be neither admitted nor denied.

2.

The allegations contained in Paragraph 2 of the Complaint appear to be legal conclusions, to which no response from Igloo is needed.  However, to the extent a response is necessary, Igloo admits only that Plaintiff purports to bring this case as a class action pursuant to 15 USC §1681k.  Igloo is without sufficient information to form a belief as to the truth of the remaining allegations, and, therefore, they can be neither admitted nor denied.

3.

The allegations contained in Paragraph 3 of the Complaint appear to be legal conclusions, to which no response from Igloo is needed.  However, to the extent a response is necessary, Igloo admits only that Plaintiff purports to bring this case as a class action pursuant to 15 USC §1681c.  Igloo is without sufficient information to form a belief as to the truth of the remaining allegations, and, therefore, they can be neither admitted nor denied.

4.

The allegations contained in Paragraph 4 of the Complaint appear to be legal conclusions, to which no response from Igloo is needed.  However, to the extent a response is necessary, Igloo admits only that Plaintiff purports to bring this case as a class action pursuant to 15 USC §1681b.  The remaining allegations are denied.

## II.   <u>PARTIES</u>

5.

The allegations contained in Paragraph 5 of the Complaint appear to be legal conclusions, to which no response from Igloo is needed.  However, to the extent a response is necessary, Igloo admits only that Plaintiff purports to be a "consumer" under the FCRA.

6.

Igloo is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and, therefore, these allegations can be neither admitted nor denied.

7.

The allegations contained in Paragraph 7 of the Complaint are admitted.

### III.   JURISDICTION AND VENUE

#### 8.

The allegations contained in Paragraph 8 of the Complaint appear to be legal conclusions, to which no response from Igloo is required.  However, to the extent a response is required, the allegations are admitted.

#### 9.

The allegations contained in Paragraph 9 of the Complaint appear to be legal conclusions, to which no response from Igloo is required.  However, to the extent a response is required, the allegations are admitted, as they pertain to Igloo only. Igloo is without sufficient information to form a belief as to the truth of the remaining allegations, and, therefore, these allegations can be neither admitted nor denied.

### IV.   FACTS

#### 10.

With respect to the allegations contained in Paragraph 10 of the Complaint, Igloo admits that LexisNexis provided a consumer report to Igloo concerning Plaintiff, but Igloo is without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint, and, therefore, these allegations can be neither admitted nor denied.

11.

Igloo is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and, therefore, these allegations can be neither admitted nor denied.

12.

Igloo is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and, therefore, these allegations can be neither admitted nor denied.

13.

The allegations contained in Paragraph 13 of the Complaint appear to be legal conclusions, to which no response from Igloo is required.  However, to the extent a response is required, Igloo admits only that it obtained a consumer report concerning Plaintiff.

14.

The allegations contained in the first sentence of Paragraph 14 of the Complaint are admitted.  In response to the allegations contained in the second sentence, Igloo admits that the starting pay for the maintenance technician position was not a salary of more than $75,000 per year, but the remaining allegations are denied.

15.

The allegations contained in Paragraph 15 of the Complaint are admitted.

16.

The allegations contained in the first sentence of Paragraph 16 of the Complaint are admitted.  The remaining allegations are denied.

17.

Igloo is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and, therefore, these allegations can be neither admitted nor denied.

18.

The allegations contained in Paragraph 18 of the Complaint are denied.

19.

In response to the allegations contained in Paragraph 19 of the Complaint, Igloo denies the allegation that it rescinded a job offer to Plaintiff nine days prior to July 9, 2010.  Igloo is without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint, and, therefore, these allegations can be neither admitted nor denied.

20.

Igloo is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and, therefore, these allegations can be neither admitted nor denied.

21.

Igloo is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and, therefore, these allegations can be neither admitted nor denied.

22.

Igloo is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and, therefore, these allegations can be neither admitted nor denied.

23.

Igloo is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and, therefore, these allegations can be neither admitted nor denied.

24.

Igloo is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and, therefore, these allegations can be neither admitted nor denied.

25.

Igloo is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and, therefore, these allegations can be neither admitted nor denied.

26.

Igloo is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and, therefore, these allegations can be neither admitted nor denied.

27.

Igloo is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and, therefore, these allegations can be neither admitted nor denied.

28.

Igloo is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and, therefore, these allegations can be neither admitted nor denied.

29.

Igloo is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and, therefore, these allegations can be neither admitted nor denied.

30.

The allegations contained in Paragraph 30 of the Complaint are denied as stated.  However, in a good faith effort to respond, Igloo admits that it was a party to and entered into a settlement agreement in the *Rodriguez* case.

31.

The allegations contained in Paragraph 31 of the Complaint are denied.

32.

The allegations contained in Paragraph 32 of the Complaint are denied.

33.

The allegations contained in Paragraph 33 of the Complaint appear to contain legal conclusions that require no response from Igloo.  However, to the extent a response is required, the allegations are denied.

## IV.   CLASS ACTION ALLEGATIONS

A.   Plaintiff's Proposed LexisNexis Classes

1.   The 1681k Notice Class

34.

The allegations contained in Paragraph 34 of the Complaint appear to contain legal conclusions that require no response from Igloo. To the extent a response is required, Igloo admits only that Plaintiff purports to bring this case as a class action and that this Paragraph contains his proposed class definition.

However, Igloo denies that this case is appropriate for class treatment and further denies any allegation of wrongdoing.

35.

The allegations contained in Paragraph 39 of the Complaint appear to contain legal conclusions that require no response from Igloo. To the extent a response is required, Igloo admits only that Plaintiff purports to bring this case as a class action and that this Paragraph contains exclusions to Plaintiff's proposed class definition.

2.      The FCRA Obsolete Information Class

36.

The allegations contained in Paragraph 36 of the Complaint appear to be legal conclusions, to which no response from Igloo is required.  However, to the extent a response is required, Igloo admits only that Plaintiff purports to bring this case as a class action and that this Paragraph contains his proposed class definition. However, Igloo denies that this case is appropriate for class treatment and further denies any allegation of wrongdoing.

37.

The allegations contained in Paragraph 37 of the Complaint appear to be legal conclusions, to which no response from Igloo is required.  However, to the

extent a response is required, Igloo admits only that Plaintiff seeks to represent the class identified therein.

B.     Plaintiff's Proposed Igloo Class

38.

The allegations contained in Paragraph 38 of the Complaint appear to contain legal conclusions that require no response from Igloo. To the extent a response is required, Igloo admits only that Plaintiff purports to bring this case as a class action and that this Paragraph contains his proposed class definition. However, Igloo denies that this case is appropriate for class treatment and further denies any allegation of wrongdoing.

39.

The allegations contained in Paragraph 39 of the Complaint appear to contain legal conclusions that require no response from Igloo. To the extent a response is required, Igloo admits only that Plaintiff purports to bring this case as a class action and that this Paragraph contains exclusions to Plaintiff's proposed class definition.

C.     Rule 23(a) Prerequisites

40.     Numerosity.

The allegations contained in Paragraph 40 of the Complaint are denied.

41.     <u>Predominance.</u>

The allegations contained in Paragraph 41 of the Complaint are denied.

42.     <u>Typicality.</u>

The allegations contained in Paragraph 42 of the Complaint are denied.

43.     <u>Adequacy.</u>

The allegations contained in Paragraph 43 of the Complaint are denied.

D.     <u>Rule 23(b) Prerequisites</u>

44.

The allegations contained in Paragraph 44 of the Complaint are denied.

45.

The allegations contained in Paragraph 45 of the Complaint are denied.

E.     <u>Injunctive Relief Appropriate for the Classes</u>

46.

The allegations contained in Paragraph 46 of the Complaint are denied.

## V.     <u>CAUSES OF ACTION</u>

### <u>Count 1:  LexisNexis' Violation of 15 USC §1681k(a)(1)</u>

47.

Igloo incorporates by reference its responses to those Paragraphs set out above as if fully set forth herein.

48.

Igloo is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and, therefore, these allegations can be neither admitted nor denied.

49.

Igloo is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, and, therefore, these allegations can be neither admitted nor denied.

50.

Igloo is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint, and, therefore, these allegations can be neither admitted nor denied.

## Count 2:  LexisNexis' Violation of 15 USC §1681c(a)(5)

51.

Igloo incorporates by reference its responses to those Paragraphs set out above as if fully set forth herein.

52.

Igloo is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint, and, therefore, these allegations can be neither admitted nor denied.

13

53.

Igloo is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint, and, therefore, these allegations can be neither admitted nor denied.

54.

Igloo is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint, and, therefore, these allegations can be neither admitted nor denied.

### Count 3:  Igloo's Violation of 15 USC §1681b(b):

55.

Igloo incorporates by reference its responses to those Paragraphs set out above as if fully set forth herein.

56.

The allegations contained in Paragraph 56 of the Complaint are denied.

57.

The allegations contained in Paragraph 57 of the Complaint are denied.

58.

The allegations contained in Paragraph 58 of the Complaint are denied.

59.

The allegations contained in Paragraph 59 of the Complaint are denied.

## VI.   <u>PRAYER FOR RELIEF</u>

The "WHEREFORE" clause immediately following Paragraph 59 of the Complaint merely is a prayer for relief, requiring no response from Igloo.  To the extent a response is required, Igloo denies that Plaintiff is entitled to any remedy or relief in this action, including those identified in the "WHEREFORE" Clause following Paragraph 59 of the Complaint, and denies any and all remaining allegations contained in the "WHEREFORE" Clause following Paragraph 59 of the Complaint.

## VII.   <u>TRIAL BY JURY</u>

Igloo admits that Plaintiff has requested a trial by jury.

## <u>AFFIRMATIVE AND ADDITIONAL DEFENSES</u>

**<u>First Defense</u>**

Plaintiff has failed to state a claim upon which relief can be granted.

**<u>Second Defense</u>**

Igloo acted in good faith and without malice or intent to injure Plaintiff.

**<u>Third Defense</u>**

Igloo did not willfully violate the FCRA or any other legal requirement.

**<u>Fourth Defense</u>**

Igloo's actions were not negligent in any way.

**Fifth Defense**

Any award of punitive damages against Igloo would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment, due to the lack of any actual damages suffered by Plaintiff or any member of the putative class.

**Sixth Defense**

Plaintiff has not stated sufficient facts to support a claim for punitive damages.

**Seventh Defense**

Plaintiff's claims are barred, either in whole or in part, because neither he nor any member of the putative class have suffered any actual damages.

**Eighth Defense**

Plaintiff's claims are barred in whole or in part because his damages, if any, were caused by his own acts or omissions or the acts or omissions of third parties other than Igloo.

**Ninth Defense**

Plaintiff's claims are barred in whole or in part because he has failed to mitigate his damages.

**Tenth Defense**

Some or all of the claims alleged, including claims made on behalf of putative class members, are barred by the applicable statute of limitations.

**Eleventh Defense**

The Complaint fails to adequately define any class of persons who could properly prosecute this action as a class action, fails to allege any claim that can be pursued on a class basis and otherwise fails to satisfy the requirements of Fed.R.Civ.P. 23.

**Twelfth Defense**

This action should not be treated as a class action because individual questions predominate over common questions of fact and law, and a class action is not the superior vehicle for fair and efficient adjudication of this matter.

**Thirteenth Defense**

Plaintiff lacks standing to sue on behalf of a class of similarly-situated persons, because he has not sustained any injuries as a result of the conduct alleged against Igloo in the Complaint.

**Fourteenth Defense**

Plaintiff's claims are barred, in whole or in part, to the extent claims made in the Complaint on behalf of putative class members are barred by the doctrine of accord and satisfaction.

**Fifteenth Defense**

Plaintiff's claims are barred in whole or in part to the extent the claims made in the Complaint on behalf of putative class members are barred by release.

**Sixteenth Defense**

Plaintiff's claims are barred, in whole or in part, to the extent the claims made in the Complaint on behalf of putative class members are barred by the doctrines of collateral estoppel or res judicata.

**Seventeenth Defense**

Plaintiff's claims are barred, in whole or in part, to the extent the claims made in the Complaint are barred by the doctrines of waiver and/or estoppel, including claims made on behalf of the putative class.

**Eighteenth Defense**

Igloo did not proximately cause any damages to Plaintiff or any putative class member.

**Nineteenth Defense**

At all times relevant, Igloo maintained reasonable procedures to ensure compliance with its obligations under the FCRA.

**Twentieth Defense**

Igloo is entitled to recover its attorneys' fees, pursuant to 15 U.S.C. §1681n(c).

**Twenty-first Defense**

Plaintiff's claims are barred to the extent he petitioned for bankruptcy under either Chapter 7 or Chapter 13 of the United States bankruptcy code, yet failed to disclose potential claims against Defendant as required under applicable bankruptcy laws.

**Twenty-second Defense**

If Plaintiff is owed any compensation for his claims, which Defendant denies, Defendant's liability has been fully or partially satisfied by the payment of any additional compensation beyond what Defendant actually owed and should accordingly be setoff.

**Twenty-third Defense**

Igloo reserves the right to add any additional defenses.

**WHEREFORE**, Igloo respectfully requests that Plaintiff's Complaint be dismissed, and that Igloo be awarded its costs, fees expenses, and all other legal and equitable relief to which it is entitled to recover.

/s/ Margaret T. Blackwood
Georgia Bar # 061095
LITTLER MENDELSON, P.C.
3344 Peachtree Road, Suite 1500
Atlanta, GA 30326
Tel: (404) 760-3967
Fax: (404) 529-4456
MBlackwood@Littler.com

19

Angelo Spinola
Georgia Bar No. 672191
LITTLER MENDELSON
3344 Peachtree Road, Suite 1500
Atlanta, GA 30326
Tel: (404) 760-3921
Fax: (404) 745-0712
ASpinola@Littler.com

Marcia A. Ganz
Georgia Bar No. 320317
LITTLER MENDELSON, P.C.
3344 Peachtree Road, Suite 1500
Atlanta, GA 30326
Tel: (404) 760-3914
Fax: (404) 233-2361
mganz@littler.com

***Attorneys for Defendant Igloo Products Corp.***

## **FONT CERTIFICATION**

I do hereby certify that this document has been prepared in Times Roman font, 14 point, in compliance with LR 5.1(C) of this Court.

> s/Margaret T. Blackwood
> Margaret T. Blackwood
> Georgia Bar No. 061095
> LITTLER MENDELSON
> A Professional Corporation
> 3344 Peachtree Road, Suite 1500
> Atlanta, GA 30326
> Tel: (404) 760-3967
> Fax: (404) 529-4456
> MBlackwood@Littler.com
>
> ***Attorney for Defendant Igloo Products Corp.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 3, 2011, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

Mara McRae
State Bar No. 499138
McRae Brooks Warner LLC
1720 Peachtree Street
Suite 430
Atlanta, GA  30309

Michael A. Caddell (*pro hac vice* forthcoming)
Cynthia B. Chapman (*pro hac vice* forthcoming)
Craig C. Marchiando (*pro hac vice* forthcoming)
Caddell & Chapman, P.C.
1331 Lamar, Suite 1070
Houston, TX  77010-3027

/s/ Margaret T. Blackwood
Margaret T. Blackwood
Georgia Bar No. 061095
LITTLER MENDELSON, P.C.
A Professional Corporation
3344 Peachtree Road, Suite 1500
Atlanta, GA 30326
Tel: (404) 760-3967
Fax: (404) 529-4456
MBlackwood@Littler.com

***Attorneys for Defendant Igloo Products Corp.***