UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANNY R. TEAGLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEXISNEXIS SCREENING SOLUTIONS, INC., formerly known as CHOICEPOINT'S WORKPLACE SOLUTIONS, INC., and IGLOO PRODUCTS CORP.,<br><br>Defendants. | Civil Action File<br>No. 11-1280 (RWS-CCH) |

**DEFENDANT LEXISNEXIS SCREENING SOLUTIONS INC.'S ANSWER TO ORIGINAL CLASS ACTION COMPLAINT**

Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, defendant LexisNexis Screening Solutions Inc., formerly known as ChoicePoint WorkPlace Solutions Inc. ("LNSSI"), answers plaintiff Danny R. Teagle's Original Class Action Complaint, filed on April 20, 2011, as follows.

### INTRODUCTION

1. LNSSI states that to the extent the allegations relate to LNSSI, it admits that plaintiff purports to bring this action as a class action for alleged

896948.1

violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA"). LNSSI admits that it prepares and sells criminal background screening reports to employers, and in that capacity, LNSSI operates as a consumer reporting agency under the FCRA.  LNSSI admits that, on or about June 30 2010, Igloo Products Corp. ("Igloo") requested that LNSSI perform a criminal background search regarding plaintiff, the results of which LNSSI made available to Igloo in a criminal background screening report.  LNSSI lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the employment decision made by Igloo with respect to plaintiff or any employment decision made by other employers to whom LNSSI sold a criminal background screening report regarding any other individual and denies the allegations on that basis.  LNSSI states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.  Except as expressly admitted, LNSSI denies the allegations in paragraph 1.

2.     LNSSI admits that plaintiff purports to bring a class action under Section 1681k of the FCRA.  To the extent paragraph 2 states legal conclusions, no response thereto is necessary.  Except as expressly admitted, LNSSI denies the allegations in paragraph 2.

3. LNSSI admits that plaintiff purports to bring a class action under Section 1681c of the FCRA. To the extent paragraph 3 states legal conclusions, no response thereto is necessary. Except as expressly admitted, LNSSI denies the allegations in paragraph 3.

4. LNSSI states that to the extent the allegations relate to LNSSI, it admits that, in response to Igloo's request on or about June 30, 2010, LNSSI prepared and made available to Igloo a criminal background screening report regarding plaintiff. LNSSI specifically states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the employment decision made by Igloo with respect to plaintiff and denies them on that basis. To the extent paragraph 4 states legal conclusions, no response thereto is necessary. Except as expressly admitted, LNSSI denies the allegations in paragraph 4.

## PARTIES

5. LNSSI states that no response to the allegations in paragraph 5 is necessary as they purport to allege solely legal conclusions.

6. LNSSI denies the allegations in paragraph 6.

7. LNSSI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 and denies the allegations on that basis.

## JURISDICTION AND VENUE

8. LNSSI admits the allegations in paragraph 8.

9. LNSSI admits that it regularly does business in this District. LNSSI states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis. Except as expressly admitted, LNSSI denies the allegations in paragraph 9.

## FACTS

10. LNSSI admits that it prepares and sells criminal background screening reports at the request of prospective employers. LNSSI admits that, in response to Igloo's request on or about June 30, 2010 made through LNSSI's Business Edition platform, LNSSI prepared and made available to Igloo a criminal background screening report regarding plaintiff. Except as expressly admitted, LNSSI denies the allegations in paragraph 10.

11. LNSSI admits that in the two years prior to the filing of this action, it has operated as a consumer reporting agency within the meaning of the FCRA. Except as expressly admitted, LNSSI denies the allegations in paragraph 11.

12. LNSSI admits that, in preparing and selling criminal background screening reports to employers, it operates as a consumer reporting agency under the FCRA. Except as expressly admitted, LNSSI denies the allegations in paragraph 12.

13. LNSSI states that no response to the allegations in paragraph 13 is necessary as they purport to allege solely legal conclusions.

14. LNSSI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and on that basis denies them.

15. LNSSI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 and on that basis denies them.

16. LNSSI admits that, on or about June 30, 2010, Igloo ordered a criminal background screening report regarding plaintiff through LNSSI's Business Edition platform. LNSSI lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the employment decision made by Igloo with respect to plaintiff and denies the allegations on that basis. Except as expressly admitted, LNSSI denies the allegations in paragraph 16.

17. LNSSI admits that the report that LNSSI made available to Igloo on the Business Edition platform in response to its request contained several entries of criminal history information that predated the report by more than seven years,

some of which were convictions and some of which were dismissals.  LNSSI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 17 and denies the allegations on that basis.  Except as expressly admitted, LNSSI denies the allegations in paragraph 17.

18.     LNSSI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 and on that basis denies them.

19.     LNSSI admits that, on or about July 6, 2010, it sent to plaintiff a notice dated July 2, 2010 enclosing a copy of the criminal background screening report that LNSSI made available to Igloo in response to Igloo's June 30, 2010 request regarding plaintiff.  LNSSI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 19 and denies the allegations on that basis.  Except as expressly admitted, LNSSI denies the allegations in paragraph 19.

20.     As paragraph 20 states only legal conclusions, particularly as to the purported requirements of Section 1681k(a)(1), no response thereto is necessary.  Except as expressly admitted, LNSSI denies the allegations in paragraph 20.

21.     LNSSI denies the allegations in paragraph 21.

22. LNSSI admits that LexisNexis Risk Management Inc. was a named defendant in the *Williams* case.  Except as expressly admitted, LNSSI denies the allegations in paragraph 22.

23. LNSSI states that since the class definition in the unrelated *Williams* action described in paragraph 23 speaks for itself, no response thereto is necessary.

24. LNSSI admits that ChoicePoint Inc. and ChoicePoint WorkPlace Solutions Inc. were named defendants in the *Beverly* case.  Except as expressly admitted, LNSSI denies the allegations in paragraph 24.

25. LNSSI states that since the class definition in the unrelated *Beverly* action described in paragraph 25 speaks for itself, no response thereto is necessary.

26. As paragraph 26 states only legal conclusions, no response thereto is necessary.  Except as expressly admitted, LNSSI denies the allegations in paragraph 26.

27. As paragraph 27 states only legal conclusions, no response thereto is necessary.  Except as admitted, LNSSI denies the allegations in paragraph 27.

28. To the extent that paragraph 28 states legal conclusions, no response thereto is necessary.  Except as expressly admitted, LNSSI denies the allegations in paragraph 28.

29. To the extent that paragraph 29 states legal conclusions, no response thereto is necessary. Except as expressly admitted, LNSSI denies the allegations in paragraph 29.

30. In response to paragraph 30, LNSSI lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

31. In response to paragraph 31, LNSSI lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

32. In response to paragraph 32, LNSSI lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

33. To the extent that paragraph 33 states legal conclusions, no response thereto is necessary. LNSSI denies that it violated the FCRA with respect to plaintiff or any other person. Except as expressly admitted, LNSSI denies the allegations in paragraph 33.

## CLASS ACTION ALLEGATIONS

34. To the extent that paragraph 34 states legal conclusions, no response thereto is necessary. Except as expressly admitted, LNSSI denies the allegations in paragraph 34.

35. To the extent that paragraph 35 states legal conclusions, no response thereto is necessary. Except as expressly admitted, LNSSI denies the allegations in paragraph 35.

36. To the extent that paragraph 36 states legal conclusions, no response thereto is necessary. Except as expressly admitted, LNSSI denies the allegations in paragraph 36.

37. To the extent that paragraph 37 states legal conclusions, no response thereto is necessary. Except as expressly admitted, LNSSI denies the allegations in paragraph 37.

38. To the extent that paragraph 38 states legal conclusions, no response thereto is necessary. LNSSI lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis. Except as expressly admitted, LNSSI denies the allegations in paragraph 38.

39.     To the extent that paragraph 39 states legal conclusions, no response thereto is necessary. LNSSI lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis. Except as expressly admitted, LNSSI denies the allegations in paragraph 39.

40.     LNSSI denies the allegation in paragraph 40.

41.     LNSSI denies the allegation in paragraph 41.

42.     LNSSI denies the allegation in paragraph 42.

43.     LNSSI denies the allegation in paragraph 43.

44.     LNSSI denies the allegation in paragraph 44.

45.     LNSSI denies the allegation in paragraph 45.

46.     LNSSI denies the allegation in paragraph 46.

### FIRST CAUSE OF ACTION
(LexisNexis's Violation of 15 U.S.C. § 1681k(a)(l))

47.     In response to paragraph 47, LNSSI realleges and incorporates by reference each preceding paragraph of this answer as if fully set forth herein.

48.     LNSSI states that no response to the allegations in paragraph 48 is necessary as they purport to allege solely legal conclusions.

49.     LNSSI states that no response to the allegations in paragraph 49 is necessary as they purport to allege solely legal conclusions.

50. LNSSI states that no response to the allegations in paragraph 50 is necessary as they purport to allege solely legal conclusions.

## SECOND CAUSE OF ACTION
(LexisNexis's Violation of 15 U.S.C. § 1681c(a)(5))

51. In response to paragraph 51, LNSSI realleges and incorporates by reference each preceding paragraph of this answer as if fully set forth herein.

52. LNSSI states that no response to the allegations in paragraph 52 is necessary as they purport to allege solely legal conclusions.

53. LNSSI states that no response to the allegations in paragraph 53 is necessary as they purport to allege solely legal conclusions.

54. LNSSI states that no response to the allegations in paragraph 54 is necessary as they purport to allege solely legal conclusions.

## THIRD CAUSE OF ACTION
(Igloo's Violation of 15 U.S.C. § 1681b(b))

55. In response to paragraph 55, LNSSI realleges and incorporates by reference each preceding paragraph of this answer as if fully set forth herein.

56. LNSSI states that no response to the allegations in paragraph 56 is necessary as they purport to allege solely legal conclusions.

57. LNSSI states that no response to the allegations in paragraph 57 is necessary as they purport to allege solely legal conclusions.

58. LNSSI states that no response to the allegations in paragraph 58 is necessary as they purport to allege solely legal conclusions.

59. LNSSI states that no response to the allegations in paragraph 59 is necessary as they purport to allege solely legal conclusions.

## JURY TRIAL DEMAND

LNSSI admits that plaintiff seeks a jury trial in this matter.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the complaint and without admitting or acknowledging that LNSSI bears any burden of proof as to any of them, LNSSI asserts the following affirmative defenses.  LNSSI intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and reserves the right to amend this answer to assert such further defenses.

## FIRST AFFIRMATIVE DEFENSE

To the extent that the complaint purports to state claims arising more than two years prior to its filing, such claims are barred by the statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to take reasonable measures to mitigate the damages, if any, alleged in the complaint.

## PRAYER

WHEREFORE, LNSSI prays as follows:

1.  That plaintiff take nothing by reason of his complaint;

2.  That judgment be rendered in favor of LNSSI;

3.  That LNSSI be awarded its costs of suit and attorney's fees incurred in defense of this action; and

4.  For such relief as the Court deems appropriate.

Date: July 15, 2011

          /s Alison B. Prout
Jill A. Pryor
Georgia Bar No. 589140
Email: pryor@bmelaw.com
Alison B. Prout
Georgia Bar No. 141666
Email: prout@bmelaw.com
BONDURANT, MIXSON & ELMORE, LLP
1201 West Peachtree Street NW, Suite 3900
Atlanta, Georgia 30309-3417
Telephone: 404.881.4100
Facsimile: 404.881.4111

James F. McCabe (*Pro Hac Vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
LexisNexis Screening Solutions Inc.

896948.1

# CERTIFICATE OF SERVICE

I certify that on this 15th day of July 2011, I electronically filed Defendant LexisNexis Screening Solutions Inc.'s Answer to Original Class Action Complaint with the Clerk of the Court using the CM/ECF System, which will send a notification of the filing to the following attorneys of record:

Mara McRae, Esq.
McRae Brooks Warner LLC
1720 Peachtree Street, Suite 430
Atlanta, Georgia  30309

Michael A. Caddell, Esq.
Cynthia B. Chapman, Esq.
Craig C. Marchiando, Esq.
Caddell & Chapman
The Park in Houston Center
1331 Lamar, Suite 1070
Houston, Texas  77010-3027

Leonard A. Bennett, Esq.
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia  23606

Attorneys for Plaintiff
Danny R. Teagle

Angelo Spinola, Esq.
Margaret T. Blackwood, Esq.
Marcia A. Ganz, Esq.
Littler Mendelson, P.C.
3344 Peachtree Road, N.E., Suite 1500
Atlanta, Georgia  30326

Attorneys for Defendant
Igloo Products Corp.

 

       /s Alison B. Prout
       Alison B. Prout