**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **DANNY R. TEAGLE, individually and on behalf of all others similarly situated,** § § § § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 1:11-CV-1280 | |
| § | | |
| **LEXISNEXIS SCREENING SOLUTIONS, INC., formerly known as CHOICEPOINT'S WORKPLACE SOLUTIONS, INC., and IGLOO PRODUCTS CORP.,** § § § § § § § | Jury Trial Demanded | |
| Defendants. § § | | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.     Description of Case:**

(a)     Describe briefly the nature of this action.

This is a Fair Credit Reporting Act class action arising from Defendant Igloo's decision not to hire Plaintiff based on the contents of a background screening report that Igloo purchased from Defendant LexisNexis Screening Solutions Inc. ("LexisNexis"). Plaintiff alleges that both Igloo and LexisNexis, respectively, failed to provide Plaintiff with certain disclosures as required by the FCRA when such consumer reports are used for employment purposes. Plaintiff further alleges that LexisNexis failed— in the background report it prepared about Plaintiff—to exclude non-conviction-criminal information that predated the report by seven years.

(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiff's and Defendant LexisNexis's Summary of the Facts**

Plaintiff applied for a job at Igloo in the Summer of 2010 and was offered a position, on June 28, 2010, pending a background check and drug screen. Plaintiff accepted the offer that same day. On about June 30, 2010, Igloo purchased a background screening report from LexisNexis on Plaintiff. Igloo then rescinded its offer of employment, based on the contents of the LexisNexis report, which included information regarding several criminal convictions as well as criminal-record information other than convictions that predated the report by more than seven years.

When Igloo purchased and LexisNexis sold the report on Plaintiff for employment purposes, they each incurred separate and distinct notice obligations under the FCRA. Plaintiff alleges that each defendant willfully failed to meet these obligations as to Plaintiff. Moreover, Plaintiff alleges that each defendant willfully failed to make the required disclosures to two classes of purportedly similarly situated individuals.

Further, as to LexisNexis alone, Plaintiff alleges that it willfully failed to exclude criminal-history information, other than information regarding convictions, that predated Plaintiff's background screening report by more than seven years. Plaintiff makes this allegation on behalf of a purported class of similarly situated individuals

**Defendant Igloo's Summary of the Facts**

On or about June 21, 2010, Plaintiff applied for a position with Igloo. Igloo extended Plaintiff a contingent offer of employment, subject to certain requirements, including a background investigation and drug screen. On or about June 30, 2010, Igloo purchased a consumer report concerning Plaintiff from LexisNexis. That same day, Igloo provided Plaintiff with a pre-adverse action notice pursuant to the FCRA, providing Plaintiff with a copy of the LexisNexis report and a summary of his rights under the FCRA. Through a separate communication, Igloo rescinded Plaintiff's offer of employment.

Issues concerning Plaintiff's particular situation aside, there is no evidence that Igloo violated the FCRA with respect to any other individuals within the statutory period. Consequently, Igloo contends that there is no basis for maintaining this case against Igloo as a class action.

(c)     The legal issues to be tried are as follows:

**Plaintiff's and Defendant Igloo's Assessment of Legal Issues:**

Whether Igloo's hiring process violates the FCRA as to Plaintiff and the proposed Class and, if so, whether Igloo acted willfully in its violations.

Whether LexisNexis's system for sending FCRA-mandated notice letters violates the FCRA and, if so, whether LexisNexis acted willfully in its violations.

Whether LexisNexis violated the FCRA by selling consumer reports that contained criminal-history information, other than convictions of crimes, that predated the reports by more than seven years and, if so, whether LexisNexis's conduct in creating reports with such dated information was willful.

Whether Plaintiff is entitled to damages.

**Defendant LexisNexis's Assessment of the Legal Issues:**

Whether LexisNexis violated Section 1681k(a)(1) of the FCRA when it provided Plaintiff notice that it was reporting to Igloo public-record information in a background screening report that could have an adverse effect upon Plaintiff's ability to obtain employment with Igloo and, if so, whether LexisNexis violated Section 1681k(a)(1) willfully.  (Plaintiff does not allege a negligent violation of Section 1681k(a)(1).)

Whether LexisNexis violated Section 1681c(a)(5) of the FCRA by including in Plaintiff's background screening report to Igloo criminal-history information, other than convictions of crimes, that predated the report by more than seven years and, if so, whether LexisNexis violated Section 1681c(a)(5) willfully.  (Plaintiff does not allege a negligent violation of Section 1681c(a)(5).)

     (d)    The cases listed below (include both style and action number) are:

          (1)    Pending Related Cases:

The Parties are unaware of any pending, related cases.

          (2)    Previously Adjudicated Related Cases:

Plaintiff identifies *Williams v. LexisNexis Risk Mgmt., Inc.*, No. 3:06-cv-00241-REP (E.D. Va. 2008), *Beverly v. ChoicePoint, Inc.*, No. 3:47-cv-00541-RLW (E.D. Va. 2007), and *Rodriguez v. Igloo Prods. Corp.*, No. 08-CV-3354 (S.D. Tex. 2008) as related cases.

Igloo disagrees that these cases are related and, instead, contends that they are wholly unrelated actions.

LexisNexis submits that none of the referred-to cases are related to the instant matter.  This District's Civil Local Rules do not define "related" cases.  Moreover, LexisNexis does not contend that the instant matter should be venued in another district, let alone a district in which any of the referenced cases was litigated.

**2.**    **This case is complex because it possesses one or more of the features listed below (please check):**

| | | |
|---|---|---|
| __X__ | (1) | Unusually large number of parties |
| _____ | (2) | Unusually large number of claims or defenses |
| _____ | (3) | Factual issues are exceptionally complex |
| _____ | (4) | Greater than normal volume of evidence |
| __X__ | (5) | Extended discovery period is needed |
| _____ | (6) | Problems locating or preserving evidence |
| _____ | (7) | Pending parallel investigations or action by government |
| _____ | (8) | Multiple use of experts |
| _____ | (9) | Need for discovery outside United States boundaries |

   _____  (10) Existence of highly technical issues and proof
   _____  (11) Unusually complex discovery of electronically stored information

**3.** **Counsel:**

 The following individually-named attorneys are hereby designated as lead counsel for the parties:

  **Plaintiff:**    Michael A. Caddell, Caddell & Chapman

  **Defendant LexisNexis:** James McCabe, Morrison & Foerster

  **Defendant Igloo:**  Angelo Spinola, Littler Mendelson

**4.** **Jurisdiction**

 Is there any question regarding this Court's jurisdiction?

 \_\_\_\_ Yes  _X_ No

 If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.** **Parties to This Action:**

 (a) The following persons are necessary parties who have not been joined:

 The Parties are unaware of any necessary, but unjoined, parties.

 (b) The following persons are improperly joined as parties:

 The Parties are all properly joined.

 (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

 The Parties are all correctly named.

 (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of FED. R. CIV. P. 15. Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings that the parties anticipate will be necessary:

Plaintiff will seek leave to amend his Complaint to add an additional class representative with claims solely against LexisNexis.

LexisNexis will oppose any motion for leave to amend the complaint because the facts as to the putative additional class member are unrelated to Plaintiff's alleged claims against LexisNexis in this case.

At this time, Igloo does not anticipate any amendments to its Answer. However, Igloo reserves its right to amend based on the as-yet-unseen amended Complaint that Plaintiff anticipates seeking leave of Court to file.

(b)    Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)    *Motions to Compel*: Before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)    *Summary Judgment Motions*: Within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

LexisNexis specifically reserves the right to file a summary judgment motion prior to the time periods set forth by Local Rule 56.1, specifically should discovery reveal that Plaintiff cannot establish a willful violation of the FCRA as against LexisNexis.

(c)    *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

(e) *Class Certification Motion:* Plaintiff intends to file a motion to extend the deadline by which Plaintiff will file his Motion for Class Certification up to and including December 15, 2011. Defendant Igloo intends to oppose Plaintiff's motion, and Defendant LexisNexis will not oppose it. Local Rule 23.1(B).

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with FED. R. CIV. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to FED. R. CIV. P. 26(a)(1)(B).

Plaintiff filed his Initial Disclosures on July 8, 2011. (Dkt. No. 24.)

LexisNexis intends to file its Initial Disclosures by August 29, 2011.

Igloo anticipates filing its Initial Disclosures by August 31, 2011.

**9.    Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addresses and the position of each party.

No Party requests a scheduling conference at this time.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The Parties anticipate that a six-month discovery period is appropriate for this case. This is a national class action, where the size of each of the Classes, although disputed by the Parties, could conceivably reach the tens of thousands. Discovery will require, at a minimum, delving into both Defendants' procedures and processes for complying with the FCRA's mandates related to the use of consumer reports for employment purposes. Expert witnesses will likely be necessary, to opine as to whether each Defendant's systems for compliance meet the FCRA's mandates, as well as the Class's potential damages, if any.

However, Igloo opposes any discovery with respect to the class claims asserted against it, until the sufficiency of Plaintiff's alleged class claims against Igloo is decided.

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None.

Defendant Igloo opposes any discovery with respect to the class claims asserted against it, until the sufficiency of Plaintiff's alleged class claims against Igloo is decided.

(b)    Is any party seeking discovery of electronically stored information?

  X  Yes        ____ No

If "yes,"

(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties have conferred regarding the retention, discovery and production of relevant evidence, specifically as to electronically-stored information, and have taken steps to comply with their respective discovery obligations.

LexisNexis agrees to produce electronically-stored information, subject to good faith objections regarding the accessibility of such information and burden associated with its production, among other appropriate objections, based on the scope of Plaintiff's discovery requests.

The Parties continue to discuss the sources and scope of the production of electronically stored information.

(2)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or.TIF files) Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

Defendants will agree to produce TIFF files, including metadata, on readable compact disk or DVD.

In the absence of agreement on issues regarding discovery of electronically stored information, the Parties shall request a scheduling conference as contemplated in paragraph 9 hereof.

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The Parties will present a stipulated protective order for Court approval and entry soon after the filing of this Report.

The Parties have discussed the potential need for a limitation on communication with potential Class Members under Local Rule 23.1(C)(2), and do not anticipate the need for such an order at this time.  The Parties are in the process of meeting and conferring concerning the required report to the Court pursuant to L.R. 23.1 and anticipate filing the report on or before August 31, 2011.

**13.    Settlement Potential:**

(a)     Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on July 27, 2011, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff:  Lead counsel (signature):           /s/ Michael A. Caddell

Other participants:  Craig Marchiando, Len Bennett, Matt Erausquin, Mara McRae.

For Defendant LexisNexis:  Lead counsel (signature):           /s/ James McCabe

Other participants:  Jill A. Pryor, Adriano Hrvatin.

For Defendant Igloo:  Lead counsel (signature):           /s/ Angelo Spinola

Other participants:  Margaret T. Blackwood.

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

    (__X__) A possibility of settlement before discovery.
    (_____) A possibility of settlement after discovery.
    (_____) A possibility of settlement, but a conference with the judge is needed.
    (_____) No possibility of settlement.

(c) Counsel ( X ) do or (___) do not intend to hold additional settlement conference among themselves prior to the close of discovery. The proposed date of the next settlement conference is September 12, 2011.

(d) The following specific problems have created a hindrance to settlement of this case.

The Parties disagree greatly as to the size of the proposed Classes, but Plaintiff is amenable to the production of proof of Class sizes, as this may facilitate settlement.

LexisNexis disputes as a threshold matter that Plaintiff can make out any claim that LexisNexis "willfully" violated the FCRA with respect to Plaintiff or any putative class member.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (___) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ___ day of _____, 2011.

(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.

    /s/ Michael A. Caddell                          /s/ James McCabe
Counsel for Plaintiff                                    Counsel for Defendant LexisNexis

                                                        /s/ Angelo Spinola
                                                      Counsel for Defendant Igloo

***************
### SCHEDULING ORDER

     Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2011.

                                                   _____
                                                   UNITED STATES DISTRICT JUDGE