**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **DANNY R. TEAGLE, individually** | § | |
| **and on behalf of all others similarly** | § | |
| **situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:11-CV-1280** |
| | § | |
| **LEXISNEXIS SCREENING** | § | |
| **SOLUTIONS, INC., formerly** | § | |
| **known as CHOICEPOINT'S** | § | |
| **WORKPLACE SOLUTIONS, INC.,** | § | |
| **and** | § | |
| **IGLOO PRODUCTS CORP.,** | § | **Jury Trial Demanded** |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM IN SUPPORT OF MOTION**
**TO  EXTEND TIME TO MOVE FOR CLASS CERTIFICATION**

Pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 23.1(B), Plaintiff Danny Teagle, individually and on behalf of all others similarly situated, moves the Court to extend the deadline by which Plaintiff must file his Motion for Class Certification.  In support of his Motion, Plaintiff will show the Court:

**I.**
**BACKGROUND**

1.      Plaintiff filed his Original Complaint on April 20, 2011, accusing Defendants LexisNexis and Igloo of violating the Fair Credit Reporting Act in their sale and use of consumer reports for employment purposes.  (*See* Dkt. No. 1 ¶ 1.)

2.      Thirty days later, Defendant Igloo Products Corporation requested, with Plaintiff's consent, an extension of time by which to answer Plaintiff's Complaint.  (*See* Dkt. No. 4.)  This extension sought an answer date of June 3, 2011 for Igloo, and Igloo filed its answer on

that date.  (*See* Dkt. No. 7.)   The Court then granted Igloo's requested extension on June 16. (Dkt. No. 13.)

3.        Defendant LexisNexis agreed to waive service of Plaintiff's Complaint, making its answer date June 24, 2011.  (*See* Dkt. No. 18 ¶ 1.)

4.        On June 21, 2011, LexisNexis requested, also with Plaintiff's consent, an additional three weeks in which to answer or otherwise respond to Plaintiff's Complaint, asking for a new deadline of July 15, 2011.  (*Id.* ¶ 3.)  The Court granted this request on June 21 (Dkt. No. 19), and LexisNexis filed its Answer on July 15.  (Dkt. No. 26.)

5.        Since nearly a month would elapse between the Answers of the two Defendants, Plaintiff and Igloo moved the Court to extend the time by which the Parties should conduct their Rule 26(f) conference and file their Local Rule 16.2 Joint Preliminary Report and Discovery Plan, so that all Parties could participate in a single, consolidated conference.  (*See* Dkt. No. 21.)

6.        The Court granted this request, ordering the conference to take place by August 1, 2011, and the filing of the Joint Preliminary Report to take place by August 15.  (Dkt. No.  27.) The Parties conducted this conference on July 27, and filed the Joint Report on August 15, 2011. (Dkt. No. 28.)

7.        Plaintiff filed his Initial Disclosures on July 8, 2011 (Dkt. No. 24), and neither Defendant has yet filed its Initial Disclosures.

8.        Under Local Rule 23.1(B), Plaintiff's Motion for Class Certification was due to be filed on July 20, 2011.  LR, NDGa 23.1(B).  By this Motion, Plaintiff asks that the Court extend this deadline to December 15, 2011.

9.        Defendant Igloo Products Corp. opposes this Motion, while Defendant LexisNexis does not oppose it.

**II.**
**LEGAL AUTHORITIES**

**A.      The Court May, In Its Discretion, Extending Filing Deadlines**

Under Federal Rule of Civil Procedure 6(b) the Court may, for good cause shown, extend

a deadline on motion after the deadline has expired "if the party failed to act because of

excusable neglect." FED. R. CIV. P. 6(b)(1)(B).  Whether to apply the excusable neglect standard

is an equitable determination, taking into account "all relevant circumstances surrounding the

party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)

(examining excusable neglect under Bankruptcy Rule 9006(b)).  These circumstances include the

danger of prejudice to the opposing party, the length of the delay and potential impact on the

proceedings, the reason for the delay (including whether it was within the reasonable control of

the movant), and whether the movant acted in good faith.  *Id.*  Of primary importance in the

Court's analysis are the absence of prejudice to the nonmovant and the interest of efficient

judicial administration.  *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir.

1996).   Ultimately, whether excusable neglect is applicable to a particular pattern of facts is

within the Court's discretion.  *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997 (11th

Cir. 1997).

**B.      Class Certification Should Be Evaluated in Light of Sufficient Supporting Facts**

The Eleventh Circuit has acknowledged that at least some discovery should take place

before deciding whether a plaintiff has satisfied Rule 23's strictures.  *See Kirkpatrick v. J.C.*

*Bradford & Co.*, 827 F.2d 718, 723 (11th Cir. 1987) ("Indeed, it is often necessary for a district

court to consider, for example, a deposition of a named plaintiff to determine whether Rule

23(a)'s commonality and typicality requirements are met.").  To that same end, it has further

recognized that some scenarios "require the Court to look beyond the pleadings and examine the

parties' claims, defenses, *and evidence* to ensure that class certification would comport with Rule 23's standards. *Babineau v. Fed. Exp. Corp.*, 576 F.3d 1183, 1190 (11th Cir. 2009) (emphasis added); *see Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008) ("[P]recedent also counsels that the parties' pleadings alone are often not sufficient to establish whether class certification is proper, and the district court will need to go beyond the pleadings and permit some discovery and/or an evidentiary hearing to determine whether a class may be certified."). This makes sense, of course, as the Supreme Court requires that district courts conduct a "'rigorous analysis' of the claims and evidence presented to determine whether class certification is appropriate." *Smith v. Ga. Energy USA, LLC*, 259 F.R.D. 684, 689 (S.D. Ga. 2009) (citing *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). This Court has previously echoed precisely this requirement. *In re Scientific-Atlanta, Inc. Sec. Litig*, 571 F. Supp. 2d 1315, 1324 (N.D. Ga. 2007) ("In determining whether class certification is proper, the Court is required to conduct a 'rigorous analysis' of the prerequisites of Rule 23.").

**C.    Application of the Law to the Facts**

Here, the facts support a finding of excusable neglect and the extension of the deadline for Plaintiff to file his Motion for Class Certification. First and foremost, there can simply be no prejudice to either Defendant by extending the deadline. As set forth above, each Defendant answered the complaint after requesting an extension in which to do so, with LexisNexis's agreed filing coming a mere five days before what would have been the due date for Plaintiff's Motion for Class Certification under Local Rule 23.1(B). The Parties have just completed their Rule 26(f) conference, and filed their Joint Report based on that conference on August 15. (Dkt. Nos. 27, 28.) No discovery has been served or exchanged, and neither Defendant has yet filed its Initial Disclosures. Since the case is in its infancy and little resources have been expended to

4

date, neither Defendant would be prejudiced by permitting Plaintiff the time to conduct discovery to properly support a Motion for Class Certification. *See Staley v. Owens*, 367 Fed. App'x 102, 105–06 (11th Cir. 2011) (finding no abuse of discretion in granting out-of-time motion for summary judgment where there was no showing of prejudice because the nonmovant was given additional time to respond, allowing the motion was in the interest of judicial economy, the movant acted in good faith, and the nonmovant suffered no prejudice).

As to the length of the delay and its impact on the proceedings, these factors favor granting an extension. The proceedings will not be delayed at all, since they have just begun in earnest. Plaintiff has operated under the presumption that discovery would begin soon after LexisNexis answered and the Rule 26(f) conference took place, so no discovery has been exchanged. Given the extensions to which the Parties agreed for the filing of Answers, on July 20, Plaintiff would have been able to file nothing more than a class certification motion supported by the allegations set forth in his Complaint. The Court's rigorous analysis surely requires more, and Plaintiff asks only for an extension so that he may conduct adequate discovery.

The reason Plaintiff delayed filing his Motion for Class Certification is that he expected (perhaps incorrectly) that the Court's extensions for the filing of Answers (Dkt. Nos. 13 and 19) and the Rule 26(f) conference and Joint Report filing (Dkt. No. 27) would naturally result in a similar extension of the Rule 23.1(B) deadline. As noted above, with the answer dates resulting from these extensions, and with the inability to exchange discovery before conducting the Rule 26(f) conference,[1] Plaintiff would have virtually no evidence with which to support a class certification motion under the regular deadline scheme of Rule 23.1(B). Since Plaintiff is unsure

---

[1] *See* FED. R. CIV. P. 26(d)(1).

5

of the Court's stance on this topic, he brings this issue to the Court's attention and requests that the Court extend the deadline to December 15, 2011.[2]

Finally, there can be no doubt that Plaintiff has acted in good faith.  The driving factor in this inquiry is whether Plaintiff intentionally sought an advantage with the untimely filing.  *See Yang v. Bullock Fin. Group, Inc.*, No. 10-15172, 2011 WL 2938052, at *2 (11th Cir. July 22, 2011) (slip op.) ("As to *Pioneer*'s good-faith inquiry, we assess whether the movant intentionally sought advantage by untimely filing.").  Plaintiff seeks no advantage through missing the Rule 23.1(B) deadline, and he cannot conceive of anything to be gained by doing so.  To the contrary, Plaintiff has sought to allow the process to unfold as it should, by being accommodating to Defendants' requests for additional time in which to file their respective Answers, and agreeing that the best conservation of resources was to hold the Rule 26(f) conference after LexisNexis also answered Plaintiff's Complaint.  Simply put, Plaintiff preemptively files this Motion so that the Court has the full facts in front of it so that it may render an informed decision.  Plaintiff has not acted for purposes of advantage or delay; he asks simply for the time necessary to conduct the needed discovery to support an appropriate analysis of his class certification motion.  In jurisdictions with rules similar to Rule 23.1(B), courts often extend such deadlines to permit appropriate class-related discovery.  *See Spinelli v. Capital One Bank*, No. 8:08-cv-132-T-33EAJ, 2009 WL 700705, at *4 (M.D. Fla. Mar. 14, 2009); *Misra v. Decision One Mortg. Co., LLC*, 673 F. Supp. 2d 987, 993–94 (C.D. Cal. 2008) (explaining that under that district's Local Rules, district courts have "discretion to permit class certification after the 90 day period."); *Ferrell v. ConocoPhillips Pipe Line Co.*, No. 5:09-cv-00431-RRP-OP, 2010 WL 1946896, at *2

---

[2] Plaintiff requests a 120-day deadline because of the need to conduct discovery related to both class-certification and merits issues, and he also anticipates retaining experts to opine on the propriety of Defendants' processes and procedures.

(C.D. Cal. May 12, 2010) (same).  The Court should do likewise, and permit Plaintiff's requested

extension so that discovery may be taken before he files his Motion for Class Certification.

### III.
### CONCLUSION

For all the aforementioned reasons and for good cause, the Court should grant Plaintiffs'

unopposed request for an extension of time and require that Plaintiff's Motion for Class

Certification be due on or before December 15, 2011.

Respectfully submitted,


_____/s/ Michael A. Caddell_____
Michael A. Caddell (admitted *pro hac vice*)
Attorney for Plaintiff


Michael A. Caddell (admitted *pro hac vice*)
Cynthia B. Chapman (admitted *pro hac vice*)
Craig C. Marchiando (admitted *pro hac vice*)
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston, TX  77010
Telephone:  (713) 751-0400
Facsimile:  (713) 751-0906
mac@caddellchapman.com
cbc@caddellchapman.com
ccm@caddellchapman.com

Mara McRae
Georgia Bar No. 499138
MCRAE BROOKS WARNER LLC
1175 Peachtree St., N.E.
100 Colony Square, Suite 2100
Atlanta, GA 30361
Telephone:  (404) 681-0700
Facsimile:  (404) 681-0780
mmcrae@mbwattorneys.com

Leonard A. Bennett (admitted *pro hac vice*)
CONSUMER LITIGATION ASSOCIATES P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
lenbennett@cox.net

**Certificate of Service**

I hereby certify that on August 17, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following counsel of record:

James McCabe
MORRISON & FOERSTER
425 Market St., 32nd Floor
San Francisco, CA 94105
Telephone:  (415) 268-7000
Facsimile: (415) 268-7522
jmccabe@mofo.com

Jill A. Pryor
Alison B. Prout
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree St. N.W.
Atlanta, GA 30309
Telephone:  (404) 881-4100
Facsimile:  (404) 881-4111

*Counsel for Defendant LexisNexis Screening Solutions, Inc.*

Angelo Spinola
Margaret T. Blackwood
Marcia A. Ganz
Littler Mendelson, P.C.
3344 Peachtree Rd., Suite 1500
Atlanta, GA
Telephone:  (404) 760-3914
Facsimile:  (404) 233-2361

*Counsel for Defendant Igloo Products Corp.*

/s/ Michael A. Caddell
Michael A. Caddell (admitted *pro hac vice*)
Attorney for Plaintiff