IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANNY R. TEAGLE, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>LEXISNEXIS SCREENING SOLUTIONS, INC., formerly known as CHOICEPOINT'S WORKPLACE SOLUTIONS, INC., and IGLOO PRODUCTS CORP.,<br><br>       Defendants. | CIVIL ACTION NO.<br>1:11-CV-01280-RWS-CCH |

## DEFENDANT IGLOO PRODUCTS CORPORATION'S INITIAL DISCLOSURES

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and LR 26.1, Northern District of Georgia, Defendant, Igloo Products Corporation ("Igloo"), by undersigned counsel, hereby submits its Initial Disclosures. These disclosures are preliminary and are based upon information that Igloo knows as of the date that the disclosures are made. However, Igloo reserves the right to supplement these disclosures as necessary as discovery progresses.

**(1)    If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended**

summons and complaint reflecting the information furnished in this disclosure response.

RESPONSE:

Igloo has been properly identified.

(2)   Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

RESPONSE:

Igloo is unaware of any additional, necessary parties at this time that have

not been joined.

(3)   Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

RESPONSE:

Igloo contends that, even if it violated the FCRA with respect to Plaintiff,

Plaintiff is not entitled to recover damages from Igloo, as Igloo would have

rescinded Plaintiff's offer of employment based upon information contained in the

consumer report that Plaintiff does not dispute. Consequently, although a technical

FCRA violation may have occurred, Plaintiff sustained no damages.

Also, Plaintiff is not entitled to recover punitive damages from Igloo,

because there is no evidence to substantiate Plaintiff's allegation that the alleged

violation was willful.  Rather, the evidence proves that, if any violation occurred, it was the result of a simple, isolated and unintentional act.

Furthermore, issues concerning Plaintiff's particular situation aside, there is no evidence that Igloo violated the FCRA with respect to any other individuals within the statutory period.  Rather, the evidence establishes that the incident involving Plaintiff was a one time, isolated occurrence and that Igloo's normal procedure complies with the requirements of the FCRA.  Consequently, there is no basis for maintaining this case against Igloo as a class action.

**(4)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

RESPONSE:

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681(a)-(x); *Lagrassa v. Gaughen*, LLC, No. 1:09-0770, 2011 U.S. Dist. LEXIS 38838, at **15-17 (M.D. Penn. Mar. 11, 2011), *adopted by* 2011 U.S. Dist. LEXIS 34323 (Mar. 30, 2011).

The foregoing list is merely illustrative and is not meant to be a comprehensive exhaustive list of all authorities upon which Igloo intends to rely in any motion, trial, or any proceeding or motion prior to trial.  Igloo reserves the right to rely upon additional authorities, assert additional affirmative defenses, and

supplement this list if and as appropriate in accordance with applicable rules.

(5)   **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

RESPONSE:

See Attachment A.

(6).   **Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.   For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

RESPONSE:

At this time, Igloo has not retained an expert witness but will supplement its

response as necessary as the case progresses.

(7)   **Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

RESPONSE:

See Attachment C.

(8)   **In the space provided below, provide a computation of any category of damages claims by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not**

privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

RESPONSE:

   Igloo is not seeking any damages.

   (9)    If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

RESPONSE:

   At this time, Igloo does not contend that any other person or legal entity is,

in whole or in part, liable to the plaintiff or Igloo in this matter.

   (10)   Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

RESPONSE:

   A copy of the declarations page from the relevant policy of insurance issued

by Chartis Insurance is attached as Attachment E.

Dated this 30th day of August, 2011.

/s/ Margaret T. Blackwood
Georgia Bar No. 061095
LITTLER MENDELSON, P.C.
3344 Peachtree Road, Suite 1500
Atlanta, GA 30326
Tel: (404) 760-3967
Fax: (404) 529-4456
MBlackwood@Littler.com

Angelo Spinola
Georgia Bar No. 672191
LITTLER MENDELSON, P.C.
3344 Peachtree Road, Suite 1500
Atlanta, GA 30326
Tel: (404) 760-3921
Fax: (404) 745-0712
ASpinola@Littler.com

Marcia A. Ganz
Georgia Bar No. 320317
LITTLER MENDELSON, P.C.
3344 Peachtree Road, Suite 1500
Atlanta, GA 30326
Tel: (404) 760-3914
Fax: (404) 233-2361
MGanz@Littler.com

***Attorneys for Defendant Igloo Products
Corp.***

**Attachment A**

Alex Hodges
Director of Human Resources
Igloo Products Corp.

It is anticipated that Mr. Hodges will be able to offer testimony concerning Igloo's policies and procedures with respect to the FCRA, including Igloo's use of consumer reports in making employment decisions, as well as testimony that establishes that, issues concerning Plaintiff aside, Igloo routinely complies with the requirements of the FCRA. Mr. Hodges is a current Igloo employee and may be contacted through Igloo's counsel of record.

Janette Martinez
HR Manager
Igloo Products Corp.

It is anticipated that Ms. Martinez will be able to offer testimony concerning Igloo's policies and procedures with respect to the FCRA, including Igloo's use of consumer reports in making employment decisions. Igloo further anticipates that Ms. Martinez will be able to offer testimony concerning the pre-adverse action letter that Igloo sent to Plaintiff on or about June 30, 2010. Also, Ms. Martinez will, Igloo believes, be able to offer testimony that establishes that, issues concerning Plaintiff aside, Igloo routinely complies with the requirements of the FCRA. Ms. Martinez is a current Igloo employee and may be contacted through Igloo's counsel of record.

Nick B. Tran
Senior Recruiter
Igloo Products Corp.

It is anticipated that Mr. Tran will be able to offer testimony concerning Igloo's policies and procedures with respect to the FCRA, including pre-adverse action letters and adverse action letters that Igloo sent to applicants/employees since March 1, 2008. Also, Igloo believes that Mr. Tran will be able to offer testimony that establishes that, issues concerning Plaintiff aside, Igloo routinely

complies with the requirements of the FCRA.   Mr. Tran is a current Igloo
employee and may be contacted through Igloo's counsel of record.

Martha Zarate
HR Recruiter
Igloo Products Corp.

It is anticipated that Ms. Zarate will be able to offer testimony concerning
Igloo's policies and procedures with respect to the FCRA.  Igloo further anticipates
that Ms. Zarate will be able to testify concerning her communications with Plaintiff
regarding his offer of employment with Igloo and the rescinding of the same.  Ms.
Zarate is a current Igloo employee and may be contacted through Igloo's counsel
of record.

## Attachment C

Plaintiff's application for employment with Igloo

Consumer report obtained by Igloo concerning Plaintiff

Pre-adverse action letter provided by Igloo to applicants/employees

"Summary of Rights under the Fair Credit Reporting Act" provided to individuals by Igloo

Adverse action notice letter provided by Igloo to applicants/employees if Igloo decides to take adverse action after having provided the applicant/employee with a pre-adverse action notice, summary of rights under the FCRA, copy of his consumer report and a minimum of five (5) business days to review a consumer report and correct any inaccuracies in it

Pre-adverse action letter, copy of FCRA summary of rights and consumer report provided by Igloo to Plaintiff on June 30, 2010

Pre-adverse action notice letters and adverse action notice letters provided to job applicants or employees against whom Igloo has taken an adverse employment action due, in whole or in part, to information contained in a consumer report since March 1, 2008

E-mail communications between Plaintiff and Martha Zarate during the relevant time period

Declaration of Alex Hodges, executed July 18, 2011

## Attachment  E



# CHARTIS

### National Union Fire Insurance Company of Pittsburgh, Pa.®
A capital stock company

### PrivateEdge Plus

POLICY NUMBER: *01-271-65-71*          REPLACEMENT OF POLICY NUMBER: *01-309-49-25*

### Management Liability, Professional Liability, Crime Coverage and Kidnap And Ransom/Extortion Coverage for Private Companies
### DECLARATIONS

---

**NOTICES**

[THESE NOTICES ARE APPLICABLE TO ALL COVERAGE SECTIONS OTHER THAN THE CRIME COVERAGE SECTION AND KIDNAP AND RANSOM/EXTORTION COVERAGE SECTION]

COVERAGE WITHIN THIS POLICY IS GENERALLY LIMITED TO LOSS FROM CLAIMS FIRST MADE AGAINST INSUREDS DURING THE POLICY PERIOD AND REPORTED TO THE INSURER AS THE POLICY REQUIRES.  DEFENSE COSTS REDUCE THE LIMITS OF LIABILITY (AND, THEREFORE, AMOUNTS AVAILABLE TO RESPOND TO SETTLEMENTS AND JUDGMENTS) AND ARE APPLIED AGAINST APPLICABLE RETENTIONS.

THE INSURER DOES NOT ASSUME ANY DUTY TO DEFEND UNLESS SUCH COVERAGE IS EXPRESSLY PROVIDED WITHIN A COVERAGE SECTION. WHERE THE INSURER HAS NO DUTY TO DEFEND, IT WILL ADVANCE DEFENSE COSTS, EXCESS OF THE APPLICABLE RETENTION, PURSUANT TO THE TERMS OF THIS POLICY PRIOR TO THE FINAL DISPOSITION OF A CLAIM. PLEASE REFER TO THE COVERAGE SECTIONS PURCHASED FOR DEFENSE RELATED DETAILS.

PLEASE READ THE POLICY CAREFULLY AND DISCUSS THE COVERAGE HEREUNDER WITH YOUR INSURANCE AGENT OR BROKER TO DETERMINE WHAT IS AND WHAT IS NOT COVERED.

---

**ITEMS**

| NAMED ENTITY: | (the "Named Entity") | *IGLOO PRODUCTS HOLDINGS, LLC* |
|---|---|---|
| | MAILING ADDRESS: | *777 IGLOO RD*<br>*KATY, TX 77494* |
| | STATE OF INCORPORATION/FORMATION: | *Delaware* |
| POLICY PERIOD: | Inception Date: *October 23, 2010*  Expiration Date: *October 23, 2011* | |
| | 12:01 A.M. at the address stated in Item 1 | |

*1293997*

95862 (9/07)                                                          © All rights reserved.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**DANNY R. TEAGLE, individually
and on behalf of all others similarly
situated,**

        **Plaintiff,**

**v.**

**LEXISNEXIS SCREENING
SOLUTIONS, INC., formerly
known as CHOICEPOINT'S
WORKPLACE SOLUTIONS,
INC., and IGLOO PRODUCTS
CORP.,**

        **Defendants.**

**CIVIL ACTION NO.
1:11-CV-01280-RWS-CCH**

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2011, I electronically filed the foregoing **DEFENDANT IGLOO PRODUCTS CORPORATION'S INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

**Michael A. Caddell**
**Cynthia B. Chapman**
**Craig C. Marchiando**
Caddell & Chapman, P.C.
1331 Lamar, Suite 1070
Houston, TX 77010-3027
713-751-0400
Fax: 713-751-0906
mac@caddellchapman.com

Mara McRae
McRae Brooks Warner LLC
1175 Peachtree St., N.E.
100 Colony Square, Suite 2100
Atlanta, GA 30361
404-681-0700
Fax: 404-681-0780
mmcrae@mbwattorneys.com

cbc@caddellchapman.com
ccm@caddellchapman.com

**Leonard A. Bennett**
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA  23606
757-930-3660
lenbennett@cox.net

**Jill A. Pryor**
**Alison B. Prout**
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 West Peachtree St., N.W.
Atlanta, GA  30309
404-881-4100
Fax: 404-881-4111
pryor@bmelaw.com
prout@bmelaw.com

**James McCabe**
Morrison & Foerster
425 Market St., 32nd Floor
San Francisco, CA  94105
415-268-7000
Fax: 405-268-7522
jmccabe@mofo.com

/s/ Margaret T. Blackwood
Margaret T. Blackwood
Georgia Bar No. 061095
LITTLER MENDELSON, P.C.
3344 Peachtree Road, Suite 1500
Atlanta, GA 30326
Tel: (404) 760-3967
Fax: (404) 529-4456
MBlackwood@Littler.com

***Attorneys for Defendant Igloo Products
Corp.***