# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DANNY R. TEAGLE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LEXISNEXIS SCREENING SOLUTIONS, INC., formerly known as CHOICEPOINT'S WORKPLACE SOLUTIONS, INC., and IGLOO PRODUCTS CORP., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:11-cv-01280-RWS-CCH |

**DEFENDANT IGLOO PRODUCTS CORP.'S RESPONSE TO PLAINTIFF'S MOTION TO EXTEND TIME TO MOVE FOR CLASS CERTIFICATION**

Defendant Igloo Products Corp. ("Igloo") hereby submits this response to Plaintiff's Motion to Extend Time to Move for Class Certification.  There are several reasons why this Court should deny Plaintiff's request to extend the time period for seeking certification of the class claims that Plaintiff has alleged against Igloo.  Not only has Plaintiff violated Local Rule 23.1 by failing to file for certification of those claims within the required time period (or to request an extension of time prior to the expiration of that deadline) and to show why that failure constitutes excusable neglect, but the class claims themselves are meritless. The evidence proves beyond any doubt that Igloo has not violated the requirements of the Fair Credit Reporting Act ("FCRA") with respect to any class of individuals during the relevant time period.  Therefore, extending the time period for Plaintiff to move to certify those claims on a class-wide basis would be an utter waste of time and resources.  On August 15, 2011, Igloo provided evidence to Plaintiff's counsel establishing that the class claims are without merit and requested that they voluntarily dismiss the class claims against Igloo.  Plaintiff's counsel stated that they might need additional information before making a decision concerning pursuit of the class claims.  On August 22, 2011, Igloo's counsel asked Plaintiff's counsel to identify what additional information was necessary to determine whether Plaintiff would pursue the class claims against Igloo.  However, Igloo has

1

yet to receive a response from Plaintiff's counsel or confirmation that the class claims will be dismissed. Accordingly, the Court should deny Plaintiff's Motion as it pertains to the time period for moving for certification of the class claims against Igloo.

## I.    RELEVANT FACTUAL BACKGROUND

On or about June 21, 2010, Plaintiff applied for a position of employment with Igloo. Igloo subsequently extended Plaintiff a contingent offer of employment, subject to certain requirements, including a background investigation and drug screen. On or about June 30, 2010, Igloo purchased a consumer report concerning Plaintiff from Defendant LexisNexis Screening Solutions, Inc. ("LexisNexis"). That same day, based at least in part upon information contained in the consumer report, Igloo provided Plaintiff with a pre-adverse action notice pursuant to the FCRA as well as a copy of the LexisNexis report that it had obtained regarding Plaintiff and a summary of his rights under the FCRA.

On April 20, 2011, Plaintiff filed his Complaint alleging, *inter alia*, that Igloo violated Section 1681b of FCRA by failing to hire him based, in whole or in part, on information that Igloo received from a consumer report and "then failed to provide [Plaintiff] with a copy of the report or a summary of his rights under the FCRA at the time or before taking an adverse action against him." *See* Dkt. No. 1

at ¶ 4. Plaintiff seeks to bring the FCRA claims against Igloo not only on behalf of himself, but also on behalf of a class of individuals defined as:

> All employees or prospective employees of Igloo residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which Igloo used to make an employment decision regarding such employee or prospective employee during the FCRA statute of limitations period, 15 U.S.C. § 1681p, against whom Igloo took an adverse action based in whole or in part on information contained in the consumer report before providing the applicant or employee a copy of the consumer report and statutory disclosures required by the FCRA, 15 U.S.C. § 1681b.

*See Id.* at ¶ 38.

Igloo filed its Answer to the Complaint on June 3, 2011, and Co-Defendant LexisNexis filed its Answer on July 15, 2011. *See* Dkt. #7, #26. Pursuant to Local Rule 23.1, Plaintiff's Motion for Class Certification was due on or before July 19, 2011. *See* L.R. 23.1. However, Plaintiff failed to meet this deadline or to seek an extension of the deadline from the Court prior to its expiration.

The Parties held their Rule 26(f) preliminary planning conference on July 27, 2011. At no point during the conference did Plaintiff's counsel indicate that they intended to seek leave from the Court to file an untimely class certification motion.[1] The Parties filed their Joint Preliminary Planning Report on August 15,

---

[1] It was not until Igloo's counsel received an initial draft of the Joint Preliminary Planning Report on August 8, 2011, that they discovered that Plaintiff's counsel

3

2011. *See* Dkt. #28.

During the Rule 26(f) conference, Igloo's counsel informed Plaintiff's counsel that the class claims against Igloo lacked merit and requested that the parties meet and confer about the issue as soon as possible, so that the class claims could hopefully be resolved without further litigation. Igloo's desire to engage in these discussions early and eliminate needless litigation costs is driven by the fact that even the maximum FCRA damages are limited for the named Plaintiff and will quickly be outstripped by these costs.[2]

On August 15, 2011, Igloo's counsel and Plaintiff's counsel had a telephone conference to discuss the merits of the class claims asserted against Igloo. Prior to the call, Igloo's counsel provided Plaintiff's counsel with an affidavit from Alex Hodges, Igloo's Director of Human Resources, describing Igloo's policies and standard procedures with respect to compliance with the FCRA. A copy of Mr. Hodges' affidavit and all exhibits thereto is attached as Exhibit 1.

While Mr. Hodges' affidavit acknowledged that, with respect to Plaintiff,

---

did intend to seek an extension of the class certification motion deadline from the Court. Even then, Plaintiff's counsel did not specify when Plaintiff intended to seek leave from the Court to extend the deadline or what extended time period he intended to request.

[2] Indeed, based on the frivolous nature of the class claims against Igloo, Defendant served an offer of judgment on Plaintiff on August 30, 2011 to curtail the needless continued accrual of attorneys' fees.

4

those policies and procedures were not followed to the letter, the affidavit also provided documentary evidence to substantiate Mr. Hodges' assertions that the situation involving Plaintiff was truly an isolated occurrence. Specifically, attached as exhibits were copies of the pre-adverse action letter and summary of rights under the FCRA that Igloo regularly sends to applicants and employees, as well as every single pre-adverse action notice letter and adverse action notice letter that Igloo provided to any applicant or employee from whom Igloo has rescinded an offer of employment based, in whole or in part, upon information contained in a consumer report, since March 1, 2008. *Id*. at Exhibits 1-3.

Based upon this evidence, Igloo's counsel asked Plaintiff's counsel to dismiss the class claims against Igloo and offered to settle Plaintiff's individual claims. Igloo's counsel reiterated that Igloo did not wish to waste time and resources pursuing discovery or motion practice on class claims that clearly lacked merit. Plaintiff's counsel acknowledged that Mr. Hodges' affidavit and the supporting documentary evidence were compelling and dealt a "blow" to Plaintiff's class allegations against Igloo. However, Plaintiff's counsel said that, before they reached a decision on Igloo's dismissal request, they might wish to see some additional evidence from Igloo to bolster Mr. Hodges' affidavit. Igloo's counsel stated that Igloo probably would be agreeable to providing additional

evidence and asked that Plaintiff's counsel provide a list of the additional evidence that they wished to review. Igloo's counsel requested that this be done before the deadline for Igloo to oppose Plaintiff's motion to extend time to move for class certification in the hope of avoiding the need to file the opposition. Plaintiff's counsel agreed to do so.

Plaintiff filed the instant Motion on August 17, 2011. On August 22, 2011, Igloo's counsel contacted Plaintiff's counsel to remind them that Igloo's response to the Motion was due in a matter of days and that Igloo hoped to have the class issue resolved prior to its response deadline but that Igloo's counsel had not yet received the list of additional information that Plaintiff's counsel stated it wished to analyze. Plaintiff's counsel assured Igloo's counsel that they would provide this list to Igloo's counsel on August 24, 2011. To date, however, Igloo's counsel have not received the list.

On August 30, 2011, Igloo's counsel contacted Plaintiff's counsel again to inquire about the status of their decision regarding dismissal of the class claims. Igloo's counsel reiterated its position that the class claims lacked merit and also provided Plaintiff's counsel with copies of this responsive brief, as well as Igloo's draft Motion for Judgment on the Pleadings as to the class claims, with the hope that, once Plaintiff's counsel had reviewed those proposed filings, they would

agree to voluntarily dismiss the class claims, to avoid the unnecessary time and expense associated with litigating the issue. However, Igloo's counsel received no response to their e-mail nor has Plaintiff voluntarily agreed to dismiss his class claims against Igloo.

Given that the class claims against Igloo are clearly without merit, and wishing to avoid the unnecessary expense associated with conducting discovery on the class claims and responding to a certification motion regarding them, Igloo has no choice but to file a response in opposition to Plaintiff's Motion and to ask the Court to deny the Motion.

## II.  LEGAL ARGUMENT AND CITATION TO AUTHORITY

### A.  Plaintiff Failed to Comply with the Requirements of LR 23.1

First and foremost, Plaintiff's Motion should be denied because he failed to move for class certification within the time period required by Local Rule 23.1B or to request an extension of that deadline before it expired. This Rule requires a plaintiff to move for class certification within ninety (90) days after having filed his complaint. L.R. 23.1B. Plaintiff filed his Complaint on April 20, 2011. Accordingly, his motion for class certification was due on or before July 19, 2011. However, he did not meet this deadline, nor did he request that the Court extend the deadline prior to its expiration.

Rule 6(b)(1) of the Federal Rules of Civil Procedure specifies that "when an act may or must be done within a specified time, the court may, for good cause extend the time ... on motion made after the time has expired *if the party failed to act because of excusable neglect.*" Fed.R.Civ.P. 6(b)(1) (emphasis added). In the 11th Circuit:

> "excusable neglect" is determined by reference to a four-factor inquiry: "the danger of prejudice to the nonmovant, the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

*Solis v. Taco Maker*, 2011 U.S.Dist. LEXIS 59323 (N.D.Ga. 2011) (citing *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d. 996, 997-98 (11th Cir. 1997)). Plaintiff has not satisfied any of these criteria, and the burden is on him, as the party seeking an extension of the class certification deadline, to do so. *Hennington v. Bank of Am.*, 2010 U.S.Dist. LEXIS 141497 (N.D.Ga. 2010) (denying plaintiff's motion for extension of time to file a response to defendant's motion to dismiss after the response deadline had passed because the plaintiff failed to provide a good faith excuse for his delay).

Although Plaintiff contends that "there can simply be no prejudice to either Defendant by extending the deadline,"[3] that is untrue. Igloo would, in fact, be

---

[3] Dkt. #29-1, p. 4.

prejudiced by the Court's allowing Plaintiff additional time to move for class certification, because, as explained below, the class claims that Plaintiff has asserted against Igloo lack any merit. Therefore, if the class certification deadline were to be extended, and if Plaintiff eventually were to move for certification of his class claims against Igloo, Igloo would be forced to expend valuable resources on litigating claims that lack any evidentiary foundation.

Moreover, it would be a waste of this Court's precious time and resources to extend the deadline and then to consider a motion that would be futile. In short, granting the extension would delay the case unnecessarily, simply so that Plaintiff could file a motion that has no chance of prevailing.[4]

Even though it is an irrelevant inquiry for purposes of the excusable neglect analysis, Plaintiff claims that he would be prejudiced if the Court were to deny his motion, because he should be allowed to conduct discovery regarding his alleged class claims prior to having to move for class certification. In support of this argument, he cites to two cases where the 11th Circuit noted that in some, but (as Plaintiff himself acknowledges) not all, scenarios district courts may look beyond the pleadings when assessing whether to grant class certification. *See, e.g.,*

---

[4] Even if the Court were to determine that there were no prejudice to Igloo, the "absence of prejudice to [the nonmovant], standing alone, does not constitute excusable neglect." *De Leon-Granados v. Eller & Sons Trees, Inc.,* 2008 U.S. Dist. LEXIS 120958 (N.D. Ga. 2008).

9

*Babineau v. Fed. Exp. Corp.*, 576 F.3d 1183 (11th Cir. 2009); *Mills v. Foremost Ins. Co.*, 511 F.3d 1300 (11th Cir. 2008).

Importantly, though, neither of those cases arose on appeal from this Court. They both originally were filed in district courts in Florida. Plaintiff ***did not cite a single case*** from either the 11th Circuit or from this Court where it was determined that a plaintiff may deviate from this Court's normal class certification briefing schedule to allow discovery on the merits of class claims prior to class certification. And, Local Rule 23.1 clearly contemplates (given its brief 90 day time period) that very little—if any—discovery on the merits of class claims is to be conducted prior to the Court's considering whether a case should be certified on a class basis.

Furthermore, Plaintiff waited until almost a month (twenty-nine days, to be precise) after the deadline for moving for class certification had expired before he sought this Court's permission to extend the deadline. His only explanation for failing to meet the deadline is that he "expected (perhaps incorrectly) that the Court's extensions for the filing of Answers . . . and the Rule 26 conference and Joint Filing Report would naturally result in a similar extension of the Rule 23.1(B) deadline." Dkt. 29-1. However, Plaintiff (who is represented by a team of seasoned attorneys, including very competent and experienced local counsel, who

is presumably familiar with the Local Rules) knew that each of those extensions required the filing of a motion with the Court requesting the extension *prior to the expiration of the corresponding deadline*. It seems more than a bit incredulous that Plaintiff would simply presume that those extensions—which were of deadlines for tasks ***completely unrelated*** to class certification briefing—would somehow extend the Rule 23.1 deadline and that he would take no action prior to the expiration of the deadline to seek an extension, if, indeed, he believed such an extension were warranted. Certainly, Plaintiff had every opportunity to seek an extension prior to the expiration of the deadline. There is simply no credible reason for his failure to do so.[5]

Yet, regardless of the reason behind Plaintiff's non-compliance with Local Rule 23.1, the simple fact is that he failed to follow this Court's requirements for pursuing a class action, and there are consequences for such actions. This Court has held that failure to file a timely motion for class certification justifies denial of an untimely motion for class certification and dismissal of the class claims. *See*

---

[5] Indeed, Plaintiff's counsel never even inquired about an extension or mentioned Local Rule 23.1 until *after* the deadline for class certification motions had passed. It appears that Plaintiff's counsel simply forgot about the Rule entirely until after the deadline had expired. If this is true (as Igloo suspects), then Plaintiff cannot show excusable neglect because "[s]imple inadvertence or mistake of counsel does not suffice" *De Leon-Granados,* 2008 U.S. Dist. LEXIS 120958 *4-5 (citing, *Lau*, 46 F. Supp. 2d 1377, 1380 (S.D. Ga. 1999)).

*Johnson v. Jaguar Cars, Inc.*, 2006 U.S. Dist. LEXIS 4116, *6 (N.D. Ga. 2006). Accordingly, this Court has the authority to deny Plaintiff's Motion and should do so.[6]

### B. The Class Claims Lack Merit

Indeed, even if the Court were to determine that Plaintiff's complete failure to comply with this Court's Local Rules could somehow constitute excusable neglect, it would be an exercise in futility for this Court to extend the deadline for Plaintiff to move for class certification as to the claims asserted against Igloo. There is simply no evidence to support those claims, a fact of which Plaintiff is well-aware.

As a preliminary matter, as noted in Igloo's Motion for Judgment on the Pleadings as to the Class Claims, Plaintiff has failed to adequately plead the class claims, and, therefore, they must be dismissed. *See* Brief in Support of Motion for Judgment on the Pleadings as to Class Claims, pp. 5-8.[7]

Yet, even assuming that the bare class allegations that the Complaint

---

[6] *See also*, *Bozeman v. Per-Se Techs., Inc.*, 456 F. Supp. 2d 1282, n. 13 (N.D. Ga. 2006) (dismissing as untimely, and refusing to consider, the plaintiff's summary judgment motion that was filed more than 18 days after the deadline for filing such motions had passed and without the plaintiff having moved for an extension of the deadline before its expiration).

[7] Because Igloo is filing the motion for judgment on the pleadings contemporaneously with its response to Plaintiff's Motion, the docket number for that motion is unavailable.

12

contains could somehow satisfy the *Iqbal/Twombly* pleading requirements, the class claims would still fail, because there is absolutely no evidence to support them. Mr. Hodges' affidavit and the supporting documentary evidence prove—beyond any doubt—that even though Igloo may have technically violated the FCRA with respect to Plaintiff, there have been no other violations within the relevant time period. Plaintiff's counsel have tacitly acknowledged this and, even if they were to request additional materials from Igloo before consenting to voluntarily dismiss the class claims, that evidence would simply bolster what Igloo has already demonstrated to be true.

Consequently, even if the Court were to extend the time for Plaintiff to seek class certification, and if Plaintiff were ultimately to file such a motion, the motion would fail, because Plaintiff would not be able to satisfy the requirements for maintaining a class action set forth in Fed.R.Civ.P. 23.[8] There is simply no need

---

[8] "'The burden of proof to establish the propriety of class certification rests with the advocate of the class.'" *Valley Drug Co. v. Geneva Pharrn., Inc.,* 350 F.3d 1181, 1187 (11th Cir. 2003) (citing *Jones v. Diamond,* 519. F.2d 1090, 1099 (5th Cir. 1975)). And, "to maintain a class action, the proposed, class must satisfy all of the requirements of Federal Rule 23(a) and at least one of the alternative requirements of Rule 23(b)." *Camafel Bldg. Inspections, Inc. v. BellSouth Adver.*, 2008 U.S. Dist. LEXIS 18192 (N.D. Ga. 2008) (citing *Pickett v. Iowa Beef Processors*, 209 F.3d 1276, 1279 (11th Cir. 2000)). Under Fed.R.Civ.P. 23(a), a class may only be certified if:
    (1) the class is so numerous, that joinder of all members is impracticable;
    (2) there are questions of law or fact common to the class;

for the Court to grant Plaintiff an extension of time to file a motion that would

---

      (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
      (4) the representative parties will fairly and adequately protect the interests of the class.
Fed.R.Civ.P.23(a). These elements are commonly referred to as numerosity, commonality, typicality, and adequacy of representation. Pursuant to Fed.R.Civ.P. 23(b), an action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
      (1) the prosecution of separate actions by or against individual members of the class would create a risk of
           (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
           (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
      (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole;
or,
      (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.
Fed.R.Civ.P. 23(a) and (b). As Mr. Hodges' affidavit and the supporting documentary evidence prove, none of these elements could be satisfied here.

ultimately be futile. Rather, the more advisable (and judicially economical) course of action would be for the Court to deny Plaintiff's Motion so that neither the Parties nor the Court expend valuable time and resources pursuing motion practice on an issue that Igloo has proven lacks any merit.

## III. **CONCLUSION**

Simply stated, this Court must deny Plaintiff's Motion to Extend the Time to Move for Class Certification, as it pertains to the claims asserted against Igloo. Not only are the claims time-barred because Plaintiff failed to move for class certification within the allotted time period as prescribed by L.R. 23.1B, but the claims lack any merit whatsoever. Therefore, extending the deadline for Plaintiff to move for certification regarding them would be futile, and the Motion must be denied.

Respectfully submitted this 31st day of August, 2011.

/s/ Margaret T. Blackwood
Margaret T. Blackwood
Georgia Bar No. 061095
MBlackwood@Littler.com
Angelo Spinola
Georgia Bar No. 672191
ASpinola@Littler.com
Marcia A. Ganz
Georgia Bar No. 320317
MGanz@Littler.com

LITTLER MENDELSON
A Professional Corporation
3344 Peachtree Road N.E.
Suite 1500
Atlanta, GA  30326.4803
Tel: (404) 233-0330
Fax: (404) 233-2361

Attorneys for Defendant
Igloo Products Corporation

## **FONT CERTIFICATION**

The undersigned hereby certifies that this pleading complies with the font requirements of LR 5.1B because the document has been prepared in Times New Roman, 14 point.

/s/ Margaret T. Blackwood
Margaret T. Blackwood
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DANNY R. TEAGLE, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LEXISNEXIS SCREENING SOLUTIONS, INC., formerly known as CHOICEPOINT'S WORKPLACE SOLUTIONS, INC.,<br>and<br>IGLOO PRODUCTS CORP.,<br><br>　　　　Defendants. | CIVIL ACTION NO.<br>1:11-cv-01280-RWS-CCH |

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2011, I electronically filed the foregoing **Defendant Igloo Products Corp.'s Response To Plaintiff's Motion To Extend Time To Move For Class Certification** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| **Michael A. Caddell**<br>**Cynthia B. Chapman**<br>**Craig C. Marchiando**<br>Caddell & Chapman, P.C. | **Mara McRae**<br>McRae Brooks Warner LLC<br>1175 Peachtree St., N.E.<br>100 Colony Square, Suite 2100 |

18

| | |
|---|---|
| 1331 Lamar, Suite 1070<br>Houston, TX 77010-3027<br>713-751-0400<br>Fax: 713-751-0906<br>mac@caddellchapman.com<br>cbc@caddellchapman.com<br>ccm@caddellchapman.com | Atlanta, GA 30361<br>404-681-0700<br>Fax: 404-681-0780<br>mmcrae@mbwattorneys.com |
| **Leonard A. Bennett**<br>Consumer Litigation Associates, P.C.<br>12515 Warwick Boulevard, Suite 100<br>Newport News, VA 23606<br>757-930-3660<br>lenbennett@cox.net | **James McCabe**<br>Morrison & Foerster<br>425 Market St., 32nd Floor<br>San Francisco, CA 94105<br>415-268-7000<br>Fax: 405-268-7522<br>jmccabe@mofo.com |
| **Jill A. Pryor**<br>**Alison B. Prout**<br>Bondurant, Mixson & Elmore, LLP<br>3900 One Atlantic Center<br>1201 West Peachtree St., N.W.<br>Atlanta, GA 30309<br>404-881-4100<br>Fax: 404-881-4111<br>pryor@bmelaw.com<br>prout@bmelaw.com | |
| | /s/ Margaret T. Blackwood<br>Margaret T. Blackwood<br>Georgia Bar No. 061095<br>Littler Mendelson, P.C.<br>3344 Peachtree Road, Suite 1500<br>Atlanta, GA 30326<br>Tel: (404) 233-0330<br>Fax: (404) 233-2361<br>MBlackwood@Littler.com<br><br>Attorney for Defendant<br>Igloo Products Corporation |