**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DANNY R. TEAGLE, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>LEXISNEXIS SCREENING SOLUTIONS, INC., formerly known as CHOICEPOINT'S WORKPLACE SOLUTIONS, INC., and IGLOO PRODUCTS CORP.,<br><br>   Defendants. | CIVIL ACTION NO.<br>1:11-cv-01280-RWS-CCH |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT IGLOO PRODUCTS CORP.'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF'S CLASS CLAIMS**

  Defendant Igloo Products Corp. ("Igloo"), by and through its undersigned counsel, hereby submits the following Memorandum of Law in Support of its Motion for Judgment on the Pleadings as to Plaintiff's Class Claims.

**I. INTRODUCTION AND FACTUAL BACKGROUND**

  Plaintiff filed his Complaint on April 20, 2011, alleging, *inter alia*, that Igloo violated Section 1681b of the Federal Fair Credit Reporting Act ("FCRA")

1

by failing to hire Plaintiff based, in whole or in part, on information Igloo received from a consumer report and "then failed to provide [Plaintiff] with a copy of the report or a summary of his rights under the FCRA at the time or before taking an adverse action against him." *See* Dkt. No. 1 at ¶ 4. Plaintiff seeks to bring these FCRA claims against Igloo, not only on behalf of himself, but on behalf of a class of individuals defined as:

> All employees or prospective employees of Igloo residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which Igloo used to make an employment decision regarding such employee or prospective employee during the FCRA statute of limitations period, 15 U.S.C. § 1681p, against whom Igloo took an adverse action based in whole or in part on information contained in the consumer report before providing the applicant or employee a copy of the consumer report and statutory disclosures required by the FCRA, 15 U.S.C. § 1681b.

*See Id.* at ¶ 38.

However, Plaintiff's class claims fail to state a claim upon which relief can be granted. Plaintiff has not provided any evidence suggesting that the facts alleged in support of his individual claim are common to any other individual, much less the entire class he proposes to represent. Instead, Plaintiff's Complaint merely sets out the prerequisites for a Rule 23 class action and generally discusses the elements of a class action in a conclusory fashion. *Id.* at ¶¶ 40-45. Furthermore, Plaintiff has yet to file a motion for class certification, and the

time period specified pursuant to Local Rule 23.1 for him to have done so has long since expired.  Accordingly, Plaintiff's class claims cannot survive Igloo's Motion for Judgment on the Pleadings.

## II. ARGUMENT

### A. Applicable Legal Standard

At any time after the pleadings close and "within such time as not to delay trial," a party may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Fed. R. Civ. P. 12(c).  Judgment on the pleadings should be granted if the movant "is entitled to judgment as a matter of law." *Burns Int'l Security Servs. v. Int'l Union*, 47 F.3d 14, 16 (2d Cir. 1994).

Motions for judgment on the pleadings are analyzed under the standards applied to a motion to dismiss under Rule 12(b)(6). *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991).  And, in considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although the factual allegations in a complaint are treated as true, a court is not "bound to accept as true a legal conclusion couched as a actual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Bell Atlantic*, 550 U.S. at 554-555.  Similarly, "conclusory allegations, unwarranted deductions of

fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2004); *see also South Florida Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 409 n.10 (11th Cir. 1996) (conclusory allegations and unwarranted deductions of fact are not deemed true on a motion to dismiss).

Accordingly, to survive a motion for judgment on the pleadings, a plaintiff must set forth more than "a formulaic recitation of the elements" of his cause of action. *Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the complaint "must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. A complaint will not survive when "it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted). Likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Jackson v. Bellsouth Telecom.*, 372 F.3d 1250 (11th Cir. 2004) ("plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims.").

In assessing the adequacy of a complaint, a court cannot give credence to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

Accordingly, courts cannot "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950. That is particularly true where, as here, a plaintiff wants to "unlock the doors of discovery" on behalf of a purported nationwide class of thousands of individuals (both employees and applicants) with all the time and expenses that would entail, without first meeting the obligation of the minimum pleading requirements necessary to maintain a class action. Instead, as the Supreme Court admonished in *Twombly*:

> a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed. [T]he costs of modern federal [wage and hour] litigation and the increasing caseload of the federal courts counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint.

550 U.S. at 558 (internal quotation marks and citation omitted).

### B. Plaintiff has Failed to Adequately Plead Class Claims

Plaintiff has not alleged sufficient facts to establish viable class claims under the FCRA against Igloo. He defines his proposed Igloo FCRA class as:

> All employees or prospective employees of Igloo residing in the United States . . . who were subject of a consumer report which Igloo used to make an employment decision regarding such employee or prospective employee during the FCRA statute of limitations period, 15 U.S.C. § 1681p, against whom Igloo took an adverse action based in whole or in part on information contained in the consumer report

5

> before providing the applicant or employee a copy of the consumer report and statutory disclosures required by the FCRA, 15 U.S.C. § 1681b.

Dkt. #1 at ¶28. However, Plaintiff has alleged no facts to suggest – let alone prove – that such a group of individuals *actually exists*. Indeed, the only specific facts that Plaintiff pleads regarding the alleged FCRA claim are *those that pertain only to himself*:

> [Plaintiff] also brings class claims against Igloo under 15 U.S.C. § 1681b, *because Igloo failed to hire Mr . Teagle*-based in whole or in part on the consumer report Igloo received from LexisNexis-but then *failed to provide Mr . Teagle* with a copy of the report or a summary of his rights under the FCRA at the time or before taking this adverse action against him .

*Id.* at ¶4 (emphasis added). Plaintiff clearly cannot use his own alleged FCRA violation to substantiate a class action against Igloo.

Furthermore, Plaintiff merely makes boilerplate recitations of the elements (i.e., numerosity, commonality, typicality, and adequacy of representation) that are necessary to establish a Rule 23 class claim. However, he does not "flesh out" those statements to provide any factual assertions or evidence of any actual FCRA violations that Igloo allegedly committed against anyone other than himself. *Id.* at ¶¶40-45. In fact, he readily admits that, for many of the required elements, he is aware of no actual facts that would support class allegations against Igloo. For example, with respect to the numerosity element of Rule 23, Plaintiff alleges that

6

his proposed class satisfies the requirement, but, in the same breath, he admits that he does not know the size of the proposed class and is only "guessing" that the class is "comprised of at least thousands of members [who] are geographically dispersed throughout the country as to render joinder of all Class Members practicable."[1]  *Id.* at ¶40.  Such "guesswork" simply does not meet the heightened pleading requirements mandated by the *Twombly/Iqbal* doctrine.  The law is clear: if a plaintiff wants to bring a class claim, he must plead sufficiently specific facts to prove that class treatment is warranted.  Otherwise, the class claims must be dismissed.  *See*, *Iqbal*, 129 S. Ct. at 1950; *Twombly*, 550 U.S. at 555.

---

[1] Plaintiff's counsel are now well-aware that their assertions as to the potential class size are false, yet they have done nothing to voluntarily correct this misstatement.  As set forth more fully in Igloo's response to Plaintiff's Motion to Extend Time (filed contemporaneously herewith), on August 15, 2011, Igloo's counsel provided Plaintiff's counsel with an affidavit from Igloo's Human Resources Director, which included as exhibits copies of the pre-adverse action letter and summary of rights under the FCRA that Igloo routinely sends to applicants and employees, as well as ***every single*** pre-adverse action notice letter and adverse action notice letter that Igloo has provided to any applicant or employee from whom Igloo has rescinded an offer of employment based, in whole or in part, upon information contained in a consumer report, since March 1, 2008. This evidence conclusively establishes that, issues with Plaintiff aside, Igloo has not violated any other individual's rights under the FCRA, and, therefore, that there is no "class" for Plaintiff to represent.

Simply stated, there "is not, on the face of the ... Complaint, a single factual allegation that would permit an inference that even one member of the Plaintiff's purported class has 'a right to relief above the speculative level.'" *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1102–03 (S.D. Iowa 2008) (quoting *Twombly*). Accordingly, Plaintiff has failed to plead sufficient facts to establish a FCRA class claim against Igloo, and Igloo's motion for judgment on the pleadings as to this claim must be granted. *See Huff v. Dekalb Co.*, 2006 U.S.Dist. LEXIS 9222, *2 (N.D. Ga. 2006) (holding that, where the plaintiff failed to comply with the pleading requirements for bringing a class action, class certification was inappropriate).

### C. Plaintiff's Class Claims are Time-Barred

Furthermore, Plaintiff's class claims are barred because he failed to move for class certification within the time period allowed by Local Rule 23.1B. The Rule requires a plaintiff to move for class certification within ninety (90) days after having filed his complaint. L.R. 23.1B. Plaintiff filed his Complaint on April 20, 2011. Accordingly, his motion for class certification should have been filed on or before July 19, 2011. He did not meet this deadline. In fact, as of the date of the filing of this Motion, Plaintiff still has not filed for class certification.

This Court has held that failure to file a timely motion for class certification

justifies denial of an untimely motion for class certification and dismissal of the class claims. *See Johnson v. Jaguar Cars, Inc.*, 2006 U.S.Dist. LEXIS 4116, *6 (N.D. Ga. 2006). This Court is, therefore, justified in granting Igloo's Motion for Judgment on the Pleadings as to the FCRA class claims against Igloo.

### III. **CONCLUSION**

Based on the foregoing, Igloo respectfully requests that this Court grant its Motion for Judgment on the Pleadings as to Plaintiff's class claims against Igloo.

Respectfully submitted this 31st day of August, 2011.

/s/ Margaret T. Blackwood
Margaret T. Blackwood
Georgia Bar No. 061095
MBlackwood@Littler.com
Angelo Spinola
Georgia Bar No. 672191
ASpinola@Littler.com
Marcia A. Ganz
Georgia Bar No. 320317
MGanz@Littler.com

LITTLER MENDELSON
A Professional Corporation
3344 Peachtree Road N.E.
Suite 1500
Atlanta, GA  30326.4803
Tel: (404) 233-0330
Fax: (404) 233-2361

Attorneys for Defendant
Igloo Products Corporation

## FONT CERTIFICATION

The undersigned hereby certifies that this pleading complies with the font requirements of LR 5.1B because the document has been prepared in Times New Roman, 14 point.

/s/ Margaret T. Blackwood
Margaret T. Blackwood
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DANNY R. TEAGLE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>LEXISNEXIS SCREENING SOLUTIONS, INC., formerly known as CHOICEPOINT'S WORKPLACE SOLUTIONS, INC., and<br>IGLOO PRODUCTS CORP.,<br><br>        Defendants. | CIVIL ACTION NO.<br>1:11-cv-01280-RWS-CCH |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2011, I electronically filed the foregoing **Memorandum Of Law In Support Of Defendant Igloo Products Corp.'s Motion For Judgment On The Pleadings As To Plaintiff's Class Claims** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

**Michael A. Caddell**
**Cynthia B. Chapman**
**Craig C. Marchiando**
Caddell & Chapman, P.C.
1331 Lamar, Suite 1070
Houston, TX 77010-3027

**Mara McRae**
McRae Brooks Warner LLC
1175 Peachtree St., N.E.
100 Colony Square, Suite 2100
Atlanta, GA 30361
404-681-0700

11

| | |
|---|---|
| 713-751-0400 <br> Fax: 713-751-0906 <br> mac@caddellchapman.com <br> cbc@caddellchapman.com <br> ccm@caddellchapman.com | Fax: 404-681-0780 <br> mmcrae@mbwattorneys.com |
| **Leonard A. Bennett** <br> Consumer Litigation Associates, P.C. <br> 12515 Warwick Boulevard, Suite 100 <br> Newport News, VA  23606 <br> 757-930-3660 <br> lenbennett@cox.net | **James McCabe** <br> Morrison & Foerster <br> 425 Market St., 32nd Floor <br> San Francisco, CA  94105 <br> 415-268-7000 <br> Fax: 405-268-7522 <br> jmccabe@mofo.com |
| **Jill A. Pryor** <br> **Alison B. Prout** <br> Bondurant, Mixson & Elmore, LLP <br> 3900 One Atlantic Center <br> 1201 West Peachtree St., N.W. <br> Atlanta, GA  30309 <br> 404-881-4100 <br> Fax: 404-881-4111 <br> pryor@bmelaw.com <br> prout@bmelaw.com | |

/s/ Margaret T. Blackwood
Margaret T. Blackwood
Georgia Bar No. 061095
Littler Mendelson, P.C.
3344 Peachtree Road, Suite 1500
Atlanta, GA  30326
Tel: (404) 233-0330
Fax: (404) 233-2361
MBlackwood@Littler.com

Attorney for Defendant
Igloo Products Corporation