# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DANNY R. TEAGLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEXISNEXIS SCREENING SOLUTIONS, INC., formerly known as CHOICEPOINT'S WORKPLACE SOLUTIONS, INC., and IGLOO PRODUCTS CORP.,<br><br>Defendants. | Civil No. 11-1280 (RWS-CCH) |

### DEFENDANT LEXISNEXIS SCREENING SOLUTIONS INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR <u>LEAVE TO FILE FIRST AMENDED COMPLAINT</u>

### INTRODUCTION

Defendant LexisNexis Screening Solutions Inc. ("LNSSI") opposes plaintiff Danny R. Teagle's motion for leave to amend his complaint under Rule 15 of the Federal Rules of Civil Procedure. Plaintiff does not seek to amend his own claims. Instead, he seeks to add another plaintiff—Jesus Salazar, Jr.—whose claims are based on entirely different facts and raise an entirely new claim. Because Salazar's

sf-3048408         1

claims would be subject to immediate summary judgment in favor of LNSSI, plaintiff Teagle's motion for leave to amend should be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Teagle commenced this action on April 20, 2011 as the sole named plaintiff. The complaint asserts three claims under the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.* ("FCRA"), against LNSSI and Igloo Products Corp. ("Igloo"). Plaintiff Teagle seeks to represent a class with respect to each claim. Two of plaintiff Teagle's claims are against LNSSI. The first alleges that LNSSI failed to notify Teagle in a timely fashion that it had furnished to Igloo, a prospective employer, a background screening report that contained information about Teagle's criminal history. This claim is based on Section 1681k of the FCRA. The second alleges that LNSSI included in the report, along with Teagle's actual convictions (five of them), arrests on other charges that did not result in convictions, and that predated the report by more than seven years. This claim is based on Section 1681c of the FCRA. LNSSI answered the complaint on July 15 (Docket No. 26); Igloo answered on June 3 (Docket No. 7.) The parties' Rule 26(f) conference took place on July 27. The Court entered its scheduling order on August 22. (Docket No. 30.)

Prior to the Rule 26(f) scheduling conference, plaintiff's counsel informed LNNSI's counsel of plans to add a second named plaintiff to the complaint, Jesus Salazar, Jr., who seeks to bring two claims against LNSSI only, not Igloo, under Sections 1681k and 1681e of the FCRA.  LNSSI's counsel investigated plaintiff's factual allegations regarding Salazar, and concluded that he does not have viable claims against LNSSI.  LNSSI stated in the parties' joint preliminary report and discovery plan filed August 15 that it would oppose plaintiff Teagle's motion for leave to amend his complaint.  (Docket No. 28.)

Plaintiff Teagle filed a motion for leave to file a first amended complaint ("FAC") on September 13.  (Docket No. 35.)  Teagle states that Salazar seeks to bring a claim against LNSSI under Section 1681k that is "identical" to that of Teagle.  (*See* Docket Nos. 35-1 at 2; 36-1, ¶¶ 63–66.)  Additionally, plaintiff's proposed FAC includes a new and different claim:  Salazar alleges that LNSSI violated the FCRA when it included in a report sent to his prospective employer a criminal record that pertained to a different individual—Jesse Salazar, Jr. (Docket No. 36-1, ¶¶ 52–53, 76–81.)  This claim is based on Section 1681e of the FCRA, which requires "reasonable procedures" in compiling and reporting consumers' information to prospective employers.

LNSSI opposes plaintiff's motion because both of Salazar's proposed claims are futile in that neither claim will survive a motion for summary judgment on the merits. Moreover, the proposed FAC seeks to significantly expand the scope of this action by adding a new and separate putative class claim on behalf of Salazar under Section 1681e.[1] As such, the Eleventh Circuit's construction of Rule 15 dictates that plaintiff Teagle's motion to amend should be denied.

## ARGUMENT

### I. THE CORRECT LEGAL STANDARD

Although a plaintiff should be granted leave to amend a complaint "when justice so requires" under Rule 15(a)(2), a district court may deny a motion to amend on numerous grounds, such as undue delay, undue prejudice to the defendants and futility of the amendment. *Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004); *see Stringer v. Jackson*, 392 F. App'x 759, 760 (11th Cir. 2010) (providing that "a district court may properly deny leave to amend under Rule 15(a) if such amendment would be futile") (internal citation omitted).[2]

---

[1] Even though Salazar's Section 1681e claim is futile in this action, that claim should be maintained, if at all, in a wholly separate action.

[2] Plaintiff's motion references several analogous Supreme Court and Eleventh Circuit authorities confirming that futility is a proper basis for denying a proposed amendment. (Docket. No. 35-1 at 3) (citing *Foman v. Davis*, 371 U.S.

The Eleventh Circuit and district courts within the Circuit have confirmed that leave to amend is properly denied for futility, especially where the proposed amendment will result in a finding of summary judgment for the opposing party. In *Cockrell v. Sparks*, for example, the Eleventh Circuit affirmed an order denying plaintiff's motion to amend on the ground that a proposed amendment to a complaint may be denied for futility "when the complaint as amended would . . . be immediately subject to summary judgment for the defendant." 510 F.3d 1307, 1310 (11th Cir. 2007); *see also Florence v. Trans Union LLC*, No. 1:05-CV-762-JEC, 2006 U.S. Dist. LEXIS 9986, at *18-20 (N.D. Ga. Feb. 24, 2006) (granting defendant's motion for summary judgment on plaintiff's FCRA claims and denying plaintiff's motion to amend complaint because "it would be futile" to allow plaintiff to add an additional FCRA claim). A party is entitled to summary judgment where it shows that there is "no genuine issue as to any material fact . . . concerning an essential element of the nonmoving party's case." *Florence*, 2006 U.S. Dist. LEXIS 9986, at *6-7 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

---

178 (1962) and *Jameson v. Arrow Co.*, 75 F.3d 1528 (11th Cir. 1996)). The motion, however, is inexplicably devoid of any reference to futility, specifically, as one of the threshold grounds upon which a court may deny leave to amend. (*See* Docket. No. 35-1 at 3-5) (discussing "prejudice, bad faith, or undue delay" as the only factors that could prevent a court from granting leave to amend).

## II. PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED BECAUSE THE PROPOSED AMENDMENT CONSISTS OF TWO CLAIMS ON BEHALF OF SALAZAR THAT ARE FUTILE UNDER THE FCRA.

Salazar's two proposed claims against LNSSI under Sections 1681k and 1681e are futile because LNSSI properly discharged its duties under each respective provision of the FCRA.

### A. Salazar's proposed Section 1681k(a)(1) claim is futile because LNSSI properly verified the current status of the public record information it provided to Salazar's prospective employer.

Section 1681k of the FCRA applies when a consumer reporting agency furnishes a prospective employer with a report that contains public record information, including criminal record information, likely to have an adverse effect on employment. A consumer reporting agency may *either*:

> at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency . . .

15 U.S.C. § 1681k(a)(1), *or*

> maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and *up to date*.

15 U.S.C. § 1681k(a)(2) (emphasis added). The statute provides a safe harbor for compliance with this latter method:

> items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if *the current public record status* of the item at the time of the report is reported.

*Id.* (emphasis added).

The proposed FAC states, "[o]n information and belief," that "[LNSSI] did not attempt for [Salazar] . . . to follow the option available at 15 U.S.C. § 1681k(a)(2), which requires a consumer reporting agency to actually contact the original source of public records information (e.g., the court clerk) immediately before furnishing a report which includes such information." (Docket No. 36-1, ¶ 35.) As LNSSI's counsel advised plaintiff's counsel before they sought to amend, this allegation is simply wrong.

A representative from CDI Corporation requested a background screening report for Salazar, a prospective CDI employee. (Declaration of Matt O'Connor in Support of Defendant LexisNexis Screening Solutions Inc.'s Opposition to Plaintiff's Motion for Leave to File an Amended Complaint ("O'Connor Decl.") ¶ 2, attached as Exhibit A.) CDI directed LNSSI to conduct criminal records searches in both Salazar's then-current county of residence (Dallas County, Texas) and prior counties of residence, Tarrant and Bexar. (*Id.* ¶ 3.) LNSSI used the

name provided by CDI and variants of that name to conduct online criminal records searches in those counties. (*Id.*) LNSSI's search of Dallas County's criminal records database yielded a misdemeanor record that Salazar concedes relates to him. (Docket No. 36-1, ¶ 24.) LNSSI's search of Bexar County's criminal records database yielded a felony record that LNSSI's report described as a partial match, as more fully described below. (O'Connor Decl. ¶ 5.)

Thus, contrary to plaintiff's purported "information and belief," LNSSI will be able to establish on a summary judgment motion that the only provision of Section 1681k on which plaintiff Teagle and now Salazar purport to plead a claim—Section 1681k(a)(1) (*see* Docket No. 36-1, ¶ 64)—is inapplicable in Salazar's circumstance. For this reason, amendment to state a claim under Section 1681(k)(a)(1) on Salazar's behalf would be futile. Denial of the motion to amend to state such a claim is appropriate.

    **B.**    **Salazar's proposed Section 1681e claim is futile because LNSSI properly reported the contents and accuracy of the criminal record in question and employed procedures to do so that cannot be found to be reckless.**

Section 1681e of the FCRA requires consumer reporting agencies to "follow *reasonable* procedures to assure maximum possible *accuracy* of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b) (emphasis added); *Poore v. Sterling Testing Sys. Inc.*, 410 F. Supp. 2d 557, 570

(E.D. Ky. 2006). A private plaintiff has standing to sue under the FCRA only if the defendant has violated the FCRA with respect to him. *See* 15 U.S.C. § 1681n ("Any person who willfully fails to comply with any requirement imposed under this title *with respect to any consumer* is liable *to that consumer* . . .") (emphasis added). The FCRA provides consumers different remedies for negligent violations (15 U.S.C. § 1681o) and willful violations (15 U.S.C. § 1681n) of its provisions. Salazar seeks to assert *only* a claim under Section 1681n for willful violation of Section 1681e.[3] A private plaintiff can make out a claim under Section 1681e(b) only if (a) the defendant has furnished an *inaccurate* report and (b) the inaccuracy results from the defendant's failure to use *reasonable* procedures. A defendant's violation of the FCRA is willful only if the FCRA obligation is "clearly established" and the defendant acts either willfully or recklessly in violating the FCRA. *Safeco Ins. Co. v. Burr*, 551 U.S. 47 (2007). Salazar's proposed claim would be subject to an immediate summary judgment since he will be unable to show either element of the claim, or to establish a "willful" violation, even if he could establish a violation.

---

[3] This is a strategic choice by plaintiff's counsel thought to make possible certification of a class. The impropriety of such a choice is not material to analysis of the propriety of the proposed amendment.

*First*, Salazar does not claim that LNSSI inaccurately reported anything about the Bexar County record. His claim of inaccuracy stems from the inclusion in his report of any information about that record at all. Yet the report included an express warning to the prospective employer that the identifying information provided by Salazar was not fully consistent with identifying information found in the criminal record, and plainly disclosed those differences. In the report summary, LNSSI stated: "There is inconsistency between what the consumer provided versus what LexisNexis Risk Solutions's research **confirmed**. Please refer to the corresponding detailed component report section for additional information." (*See* Exhibit C at 4, attached hereto (emphasis in original).)[4] The

---

[4] The background screening report attached as Exhibit C is central to the proposed FAC and there can be no dispute as to its authenticity. (Declaration of J. McCabe in Support of LNSSI's Opposition to Plaintiff's Motion to File an Amended Complaint ¶¶ 2–3, attached as Exhibit B.) Consideration of such a document is appropriate in connection with a motion to dismiss. *Speaker v. U.S. Dep't. of Health and Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (providing that there is "an important qualification to [the 'four corners' rule] where certain documents and their contents are undisputed: 'In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged.'" *Id.* (citing *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010)); *see also Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) (stating that "a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity"). Given that opposition to a motion for leave to amend a complaint may be made on all

detailed component report section of the report showed that the felon's name was "Jesse R. Salazar," not Jesus [no middle initial] Salazar, the name Salazar supplied. (*Id*. at 7.)  The report further showed that the felon's month and day of birth were November 18.  (*Id*.)  That month and day match the month and day of birth supplied by Salazar.  (*Id*. at 3.)  However, the report explicitly described the date of birth supplied by Salazar and the date of birth of the felon as "partial matched." (*Id*. at 7.)  This *partial* match characterization of the dates of birth thus signaled to the report user that the *year* of birth supplied by Salazar was *different* from the felon's year of birth; with the *same* year of birth, the description would have been "*full* matched."  (O'Connor Decl. ¶ 5.)  With the absence of any commentary on a social security number match (e.g., "full matched" or "partial matched"), LNSSI's entry of XXX-XX-XXXX in the report's social security number field for the criminal record indicated that no social security number was collected from the official source, and thus that LNSSI was *not* reporting that the social security number Salazar had supplied was present in the Bexar County record.  (*Id.* ¶ 7.) Had Bexar County reported a social security number inconsistent with Salazar's the criminal record would not been included in the report.  (*Id*.)

---

claim futility grounds on which a motion to dismiss may be based, it is appropriate to consider on this motion the contents of the screening report in issue.

There was no "inaccuracy" in LNSSI's inclusion in Salazar's background screening report of the criminal conviction of a similarly named individual with the same month and day of birth where, in the same report, LNSSI explicitly drew the recipient's attention to the fact there were inconsistencies between Salazar's identifying information and the felon's identifying information, supplied the recipient with the inconsistent information, and disclosed that the record had *not* been matched on the basis of social security numbers.

*Second*, the "procedure" used by LNSSI to prepare Salazar's report was to check official sources of criminal records in the counties in which Salazar had recently lived, and to include in its report criminal records that matched to a significant extent the identifying information Salazar had supplied, disclosing the relevant data and drawing attention to the data discrepancies, so that the employer could evaluate that information. No reasonable jury could find this procedure to be unreasonable. Salazar's Section 1681e claim would thus be subject to immediate summary judgment.

*Finally*, even if the report in question could be said to be inaccurate and LNSSI's procedures could be said to be unreasonable, the report could not be said to be *recklessly* inaccurate and the procedures could not be said to be *recklessly* unreasonable. Given the contents of the report and the method used to prepare it,

Salazar's claim for willful violation of Section 1681e could not go to a jury. Since he asserts only a claim for willful violation of Section 1681e, amendment here would be futile.

## CONCLUSION

It would be futile to grant plaintiff Teagle leave to add Salazar as a named plaintiff asserting either a Section 1681k claim or a new class claim under FCRA Section 1681e. LNSSI respectfully requests that the Court enter an order denying plaintiff Teagle's motion in its entirety.

Date:  September 30, 2011

  /s Jill A. Pryor
Jill A. Pryor
Georgia Bar No. 589140
Email:  pryor@bmelaw.com
BONDURANT, MIXSON & ELMORE, LLP
1201 West Peachtree Street NW, Suite 3900
Atlanta, Georgia  30309-3417
Telephone:  404.881.4100
Facsimile:  404.881.4111

James F. McCabe (*Pro Hac Vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522

Attorneys for Defendant
LexisNexis Screening Solutions Inc.

# CERTIFICATE OF SERVICE

I certify that on this 30th day of September 2011, I electronically filed Defendant LexisNexis Screening Solutions Inc.'s Opposition to Plaintiff's Motion for Leave to File First Amended Complaint with the Clerk of the Court using the CM/ECF System, which will send a notification of the filing to the following attorneys of record:

Mara McRae, Esq.
McRae Brooks Warner LLC
1720 Peachtree Street, Suite 430
Atlanta, Georgia  30309

Michael A. Caddell, Esq.
Cynthia B. Chapman, Esq.
Craig C. Marchiando, Esq.
Caddell & Chapman
The Park in Houston Center
1331 Lamar, Suite 1070
Houston, Texas  77010-3027

Leonard A. Bennett, Esq.
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia  23606

Attorneys for Plaintiff
Danny R. Teagle

Angelo Spinola, Esq.
Margaret T. Blackwood, Esq.
Marcia A. Ganz, Esq.
Littler Mendelson, P.C.
3344 Peachtree Road, N.E., Suite 1500
Atlanta, Georgia  30326

Attorneys for Defendant
Igloo Products Corp.

/s Jill A. Pryor
Jill A. Pryor

sf-3048408