## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| DANNY R. TEAGLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEXISNEXIS SCREENING SOLUTIONS, INC., formerly known as CHOICEPOINT'S WORKPLACE SOLUTIONS, INC., and IGLOO PRODUCTS CORP.,<br><br>Defendants. | Civil No. 11-1280 (RWS-CCH) |

## STIPULATION AND AGREED PROTECTIVE ORDER

Plaintiff Danny R. Teagle and defendant LexisNexis Screening Solutions Inc. hereby stipulate and agree that the following provisions will govern the production and exchange of confidential discovery materials and other information in this action. The parties submit this Stipulation and Agreed Protective Order (the "Order") for the Court's approval pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and state as follows:

1.     Given the subject matter of this action, the parties reasonably expect that certain discovery and/or testimony in this case might involve materials that the producing party believes to be confidential, subject to restrictions and/or confidentiality agreements or otherwise subject to the protections of Rule 26(c) of the Federal Rules of Civil Procedure.  To facilitate the orderly progress of discovery of these matters, the parties hereby agree and stipulate to the entry of this Order.

2.     Designations of information as confidential or highly confidential pursuant to this Order are intended strictly for the purposes of facilitating the litigation of this matter.  By entering into this Order, the parties do not intend to admit or in any way imply that their own or any other party's (or non-party's) designation of any information for protection under this Order qualifies that information as (a) a trade secret or other intellectual property under Georgia or any other state, federal, or international law; or (b) confidential information protected by any agreement or duty implied at law.  To the contrary, the parties hereby reserve their right to challenge any party's (or non-party's) claim that any information produced in this litigation is either a trade secret, other intellectual property or subject to any duty of confidentiality regardless of its designation under this Order.  The parties further reserve their right to continue making full and

appropriate use of any information that was lawfully in their possession before the date the Complaint was filed in this action. Nothing in this Order shall restrict a party from continuing to make use of said information simply because another party subsequently designates any portion of that information for protection under this Order.

3.     As used herein, "Producing Party" refers to any person or entity that produces documents or information in connection with this action, including Plaintiff, Defendant, or any non-party.

4.     As used herein, "Receiving Party" refers to the person or entity to whom a Producing Party produces any documents in connection with this action, including Plaintiff and Defendant.

5.     As used herein, "Designating Party" refers to (a) any Producing Party that designates documents or information as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" pursuant to the terms of this Order; or (b) any party that designates documents or information subpoenaed from a non-party as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" pursuant to the terms of this Order.

6.     All documents and information produced by any party or non-party in connection with this action shall be used for the sole purpose of conducting the

prosecution, defense or settlement of this action and any renewal or extension of this action, whether between these parties or additional parties.  No information produced in this action may be used, directly or indirectly, for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation, trial, and appeal of this specific action in accordance with this Order.

      7.     Confidential Information.  Any Designating Party may designate documents and other information produced in this action as "Confidential" if the Designating Party has a good faith belief that the document or information so designated constitutes (a) non-public proprietary or confidential research, development, commercial information, or financial information concerning the Designating Party or its affiliates; or (b) other proprietary or confidential information that would not be available to the public or non-parties outside the context of this litigation and the disclosure of which would cause injury to the Designating Party.

      8.     Highly Confidential—Attorneys' Eyes Only.  Any Designating Party may designate non-public confidential research or development, any trade secrets or non-public intellectual property, or any non-public current or future financial and commercial information, including pricing terms or agreements, business

plans, strategies, advertising or marketing initiatives, as "Highly Confidential—Attorneys' Eyes Only" so long as the Designating Party has a good faith belief that the document or information so designated is highly confidential and competitively sensitive such that its disclosure would cause substantial injury to the Designating Party.

9.     A Designating Party may designate documents and information as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" as follows:

(a)     Documents. A Designating Party may designate documents as Confidential or Highly Confidential—Attorneys' Eyes Only by stamping the appropriate designation on each page of the document or affixing a label with the appropriate designation on each page of the document.

(b)     Deposition Testimony. A Designating Party may designate depositions or any other pretrial testimony, the transcripts thereof, and the exhibits thereto as Confidential or Highly Confidential—Attorneys' Eyes Only by a statement of counsel on the record. Alternatively, counsel for a Designating Party may provisionally designate the entirety of a witness's pretrial testimony, deposition transcript and/or exhibits thereto as Confidential or Highly

Confidential—Attorneys' Eyes Only until the Designating Party has had a reasonable opportunity to review a complete transcript of that testimony and serve more particular designations upon the other parties to this action.  The parties agree that thirty (30) days subsequent to receipt of a deposition transcript shall be considered a reasonable time for a Designating Party to review the transcript in order to identify portions of the transcript to designate Confidential or Highly Confidential—Attorneys' Eyes Only.

(c)   Other Information.  A Designating Party may designate information or things that are produced in any other format, including physical samples or electronic or magnetic data (i.e., information stored on computer disk) as Confidential or Highly Confidential—Attorneys' Eyes Only, by cover letter to accompany the material so designated and by labeling any physical sample or computer disk containing confidential information either Confidential or Highly Confidential— Attorneys' Eyes Only, as appropriate.

(d)   In the event a Producing Party or other party, as may be the case with subpoenaed material produced by a non-party, discovers that the Producing Party inadvertently neglected to designate material that the

Producing Party or the other party would otherwise deem Confidential

or Highly Confidential—Attorneys' Eyes Only material, the Producing

Party or other party may so designate such material as Confidential or

Highly Confidential—Attorneys' Eyes Only by providing written

notice to the Receiving Party.  Once the Receiving Party receives notice

of the new designation, the Receiving Party shall return or destroy any

copies or versions of the material that include the earlier, erroneous

designation, or shall add the appropriate new designation to such copies

or versions.  If, prior to the notice, the Receiving Party disclosed the

material to any of its officers, employees, agents, counsel, experts,

consultants, or other non- parties, the Receiving Party shall make all

reasonable efforts to:  (i) communicate the new designation to all prior

recipients of the disclosure; (ii) recover or ensure the destruction of any

copies or versions of the disclosed material that include the earlier,

erroneous designation; and (iii) promptly obtain the prior recipients'

signed agreement to be bound by the terms of this Order, if not

previously agreed to.  Any challenge to the appropriateness of the new

designation of Confidential or Highly Confidential – Attorneys' Eyes

Only shall be governed by Paragraph 15 below.

10.    Disclosure of Confidential Information.  A Receiving Party may not disclose documents and information designated Confidential or otherwise make such material available to any person or entity other than:

(a)    The Court and its staff, filed under seal as described below;

(b)    The officers and employees of the Receiving Party, and of any parent or subsidiary of such Receiving Party, to the extent necessary to prosecute, defend or settle this action;

(c)    Counsel of the Receiving Party, including in-house and outside legal counsel, and any attorneys, paralegals, and other personnel actually working on this action under their supervision;

(d)    Independent experts, consulting firms, or other independent contractors employed to advise or assist in-house and/or outside legal counsel for any party in conjunction with this action, provided that such expert, consultant or contractor to whom the disclosure is to be made shall consent to be bound by the terms of this Order by executing the form of agreement attached hereto as Exhibit A;

(e)    The author of the Confidential document or information, the addressee(s) or other recipient(s) thereof, or any person employed in a

confidential position by the party producing the Confidential Information at issue;

(f)    Witnesses of the Producing Party and/or Designating Party at trial, deposition or hearing in the ordinary course of examination;

(g)    A Receiving Party may disclose Confidential Information produced by another party to a non-party witness in advance of that witness's examination only if the non-party witness first consents to be bound by the terms of this Order by executing the form of agreement attached hereto as Exhibit A.  In no event shall any non-party witness retain a copy of any Confidential Information; and

(h)    Other persons as agreed by the Designating Party or as ordered by the Court.

11.    Disclosure of Highly Confidential—Attorneys' Eyes Only Information.  A Receiving Party may not disclose documents and information designated Highly Confidential—Attorneys' Eyes Only or otherwise make such material available to any person or entity other than:

(a)    The Court and its staff, filed under seal as described below;

(b)     Outside counsel of the Receiving Party and any attorneys, paralegals, and other law firm personnel actually working on this action under their supervision;

(c)     Independent experts, consulting firms, or other independent contractors employed to advise or assist solely outside counsel for any party in conjunction with this action, provided that such expert, consultant, or contractor to whom the disclosure is to be made shall consent to be bound by the terms of this Order by executing the form of agreement attached hereto as Exhibit A;

(d)     The author of the Highly Confidential—Attorneys' Eyes Only document or information, the addressee(s) or other recipient(s) thereof, or any person employed in a confidential position by the party producing the Highly Confidential—Attorneys' Eyes Only Information at issue;

(e)     Witnesses of the Producing Party and/or Designating Party at trial, deposition or hearing in the ordinary course of examination; and

(f)     Other persons as agreed by the Designating Party or as ordered by the Court.

12.    Notwithstanding anything contained in the foregoing paragraphs,

(a)    Every person given access to Confidential or Highly Confidential—
Attorneys' Eyes Only documents or information shall first be advised
that the information is being disclosed pursuant and subject to the
terms of this Order and may not be disclosed other than pursuant to
the terms thereof.  All persons listed in Paragraph 10(b), (d), (e), (f),
(g) and (h) and Paragraph 11(c), (d), (e) and (f) above, who receive
access to Confidential or Highly Confidential—Attorneys' Eyes Only
discovery material or information contained therein, shall first
confirm their understanding and agreement to abide by the terms of
this Order by signing a copy of Exhibit A attached hereto; and

(b)    Confidential documents and information may only be provided to
persons listed in Paragraphs 10(d) and 11(c) above to the extent
necessary for such expert or consultant to prepare a written opinion, to
prepare to testify or to assist counsel (in-house and/or outside legal, as
applicable) in the prosecution of this litigation, provided that such
expert or consultant is using said Confidential or Highly
Confidential—Attorneys' Eyes Only documents and information
solely in connection with this litigation, and further provided that such

expert or consultant signs an agreement, in the form attached as

Exhibit A hereto, agreeing:  (i) to be bound by the terms and

conditions of this Order; (ii) consenting to the jurisdiction of the Court

for purposes of the enforcement of this Order; and (iii) agreeing not to

disclose or use any Confidential or Highly Confidential—Attorneys'

Eyes Only documents or information for purposes other than those

permitted hereunder.  Such agreements shall be retained in the files of

the counsel for the parties who have engaged such consultant or

expert.

13.   Filing Confidential or Highly Confidential—Attorneys' Eyes Only

Materials.  The parties shall make a good faith effort to avoid unnecessarily filing

documents or revealing information designated Confidential or Highly

Confidential—Attorneys' Eyes Only in the public record.

(a)   To the extent any party in good faith has reason to publicly file any

paper with the Court containing Confidential or Highly Confidential—

Attorneys' Eyes Only documents or information, that party shall redact

all Confidential or Highly Confidential—Attorneys' Eyes Only

information before filing a redacted submission with the Clerk of the

Court in the ordinary manner.  The party may also file an unredacted

copy of the submission with Confidential or Highly Confidential—

Attorneys' Eyes Only information with Court under seal or in such

other manner as the parties may agree or the Court may direct. Any

Confidential or Highly Confidential—Attorneys' Eyes Only

information filed under seal shall be submitted in a sealed envelope or

container and shall be endorsed with the style of this proceeding and the

words "Confidential, Subject to Protective Order — To Be Opened By

Court Personnel Only", and shall be manually filed with the Court in

accordance with the Local Rules of the Court.

(b)     The Parties agree not to unreasonably oppose any motions the Court

requires, through its administrative procedures, to file under seal

documents designated as Confidential or Highly Confidential—

Attorneys' Eyes Only under this Order.

14.     Within ten (10) days following the final resolution of this action, the

parties shall confer for the purpose of agreeing to return all Confidential or Highly

Confidential—Attorneys' Eyes Only documents or information produced during the

course of this action, including all photographs, copies, summaries, descriptions,

charts, and notes made thereof, to the Producing Party, excluding attorney work

product and attorney-client privileged materials. The parties agree that their

respective counsel will affirm in writing that all Confidential and Highly Confidential—Attorneys' Eyes Only information in whatever form, and all copies thereof, has been returned or, by agreement, destroyed, other than attorney work product and attorney-client privileged materials. Counsel for the opposing party will similarly acknowledge receipt of this affirmation in writing. If any document(s) produced in the litigation and designated as Confidential or Highly Confidential—Attorneys' Eyes Only have been annotated by a party or its counsel, then any such document(s) may be retained only by counsel as attorney work product or attorney-client privileged materials. Any document or information designated as Confidential or Highly Confidential—Attorneys' Eyes Only that has been annotated by a party or its counsel and retained in the files of the Receiving Party's counsel shall not be disclosed to any person, other than the Receiving Party's counsel's partners, associates, and employees, and shall not be used for any other purpose. Under no circumstance shall said party or its counsel be permitted to: (a) use any such annotated document(s) in any unrelated action; (b) remove any or all of said annotations from any such annotated document(s) for subsequent use in any unrelated action; and/or (c) use any portion or content of any such annotated document(s) in any unrelated action.

15.    <u>Resolution of Challenges to Designations.</u>  Entering into, agreeing to,

and/or producing or receiving materials, or otherwise complying with the terms of

this Order shall not:  (a) operate as an admission by any party that any particular

material contains or reflects proprietary or sensitive commercial or personal

information or other confidential matter; (b) prejudice in any way the rights of any

party to apply to the Court for an order that information designated as Confidential

or Highly Confidential—Attorneys' Eyes Only need not be treated as such; (c)

prejudice in any way the rights of any producing party or person to object to any

discovery requests that seek information or documents that it considers not subject

to discovery; or (d) prejudice in any way the rights of a party to seek a

determination of the Court that particular materials should or should not be

produced.  No party to this action is obliged to challenge the protected status of

any material at the time of receipt, disclosure, or designation thereof, and a failure

to do so shall not preclude a subsequent challenge thereto.  In the event that a

Receiving Party seeks to challenge the appropriateness of the Confidential or

Highly Confidential—Attorneys' Eyes Only designation of any material, such party

shall consult in good faith with the Designating Party or person in an effort to

resolve the matter on an informal basis.  The Receiving Party's objection shall

state separately the Bates number(s) of each document or identify each thing

with sufficient particularity as to which the Receiving Party disputes the

designation of the material as Confidential or Highly Confidential—Attorneys'

Eyes Only, and shall separately state as to each such document or thing the

basis for the Receiving Party's objection. In the event no agreement is reached,

the Receiving Party shall give the Designating Party written notice challenging the

designation of specified material designated as Confidential or Highly Confidential

—Attorneys' Eyes Only. If such an objection is served, the Designating Party will

have fifteen (15) business days after receipt of the required written notice within

which to seek a protective order pursuant to Rule 26 of the Federal Rules of Civil

Procedure to continue to treat as confidential the documents or things described

in its notice given pursuant to this Paragraph. In opposing any such motion,

the Receiving Party shall be limited in its arguments against designation as

Confidential or Highly Confidential—Attorneys' Eyes Only as to each document

or thing to those bases stated in its written objection to designation of such

documents or things as Confidential or Highly Confidential—Attorneys' Eyes

Only. Any document, testimony or other material designated as Confidential or

Highly Confidential—Attorneys' Eyes Only shall continue to be treated as

confidential until the Court rules on any motion concerning the designation, until

such motion is otherwise resolved, or until the expiration of ten (10) business days with no motion for a protective order being filed, whichever is earlier.

16.  Subpoenas. If, during or after this action, any Receiving Party that receives a subpoena or other legal process requesting production of information, documents or things that have been designated Confidential or Highly Confidential —Attorneys' Eyes Only, the Receiving Party shall give prompt notice to the Producing and/or Designating Party and, prior to complying with such subpoena or other process, shall allow the Producing and/or Designating Party a reasonable time of not less than fifteen (15) business days to seek a protective order.

17.  Inadvertent Production. The inadvertent or unintentional production by a party or non-party of any privileged or otherwise protected information shall not be deemed a waiver or an impairment of any claim of privilege or protection, including without limitation the attorney-client privilege, and the protection afforded by the attorney-work-product doctrine. Within five (5) business days after receiving written notice from a producing party that privileged information, including copies or summaries thereof, has been inadvertently produced, the party receiving such notice shall:  (a) return all such privileged information (including all copies or summaries of such privileged information) to the producing party; (b) destroy all notes concerning such privileged information; and (c) certify in writing to the producing party that it

has complied with this Paragraph.  This Paragraph shall not prejudice the right of any party to challenge a Producing Party's claim that information is privileged on any grounds.

18.     Nothing in this Order shall restrict any Designating Party's ability to make any use or any disclosure of documents and information it has designated as Confidential or Highly Confidential—Attorneys' Eyes Only, so long as the Designating Party desiring to use or disclose such designated documents or information is the only Designating Party of such documents or information.

19.     Nothing in this Order shall prevent the use of any Confidential or Highly Confidential—Attorneys' Eyes Only documents or information at trial.  Any measures to protect the confidentiality of any Confidential or Highly Confidential—Attorneys' Eyes Only documents or information during trial shall be proposed by the parties for the Court's review at the time of the pre-trial Order. This Order shall not be construed to preclude any party from petitioning the Court for additional or different relief with respect to the confidentiality of documents and information produced in this action.

20.     Non-party designations.  Subject to the terms of this Order, including any party's right to challenge a designation under Paragraph 15, any party's right under Paragraph 9(d) to designate documents as Confidential or Highly

Confidential—Attorneys' Eyes Only following inadvertent production without
such designation, and any party's duty to recover or destroy material lacking the
new designation under Paragraph 9(d), with regard to any discovery taken of any
non-party:

    (a)    If a non-party has a good faith basis for asserting that material
subpoenaed from the non-party should be designated Confidential or
Highly Confidential—Attorneys' Eyes Only in order to protect the
non-party's confidentiality interests in accordance with this Order, the
non-party may designate such material Confidential or Highly
Confidential—Attorneys' Eyes Only under this Order, but only if the
non-party first agrees to comply with the terms of this Order by
executing the form of agreement attached hereto as Exhibit A.

    (b)    In the event that any party has a good faith basis for asserting that
material subpoenaed from a non-party should be designated
Confidential or Highly Confidential—Attorneys' Eyes Only to protect
that party's confidentiality interests in accordance with this Order, the
party may, prior to production of such material by the non-party,
designate such material Confidential or Highly Confidential—
Attorneys' Eyes Only under this Order.

(c)     In the event that any party has a good faith basis for asserting that

material produced by a non-party should have been designated

Confidential or Highly Confidential—Attorneys' Eyes Only to protect

that party's confidentiality interests in accordance with this Order, the

party may provide notice of the same to the non-party and all other

parties, and the material may be so designated.

21.     This Order may be amended by written agreement between counsel

for the parties, subject to approval of the Court, or may be modified by motion to

the Court.

22.     This Order shall continue to be binding upon conclusion of this action.

The Court retains jurisdiction over the parties to enforce the provisions of this

Order following conclusion of the action.

**AGREED AND CONSENTED TO BY:**


/s Craig C. Marchiando                     /s Jill A. Pryor
Craig C. Marchiando                        Jill A. Pryor
Caddell & Chapman                          BONDURANT, MIXSON & ELMORE, LLP
The Park in Houston Center                 1201 West Peachtree Street NW, Suite 3900
1331 Lamar, Suite 1070                     Atlanta, Georgia  30309-3417
Houston, Texas  77010-3027
                                           Attorneys for Defendant
Attorneys for Plaintiff                    LexisNexis Screening Solutions Inc.
Danny R. Teagle

**SO ORDERED** this ____ day of October 2011.


_____

Honorable Richard W. Story
United States District Court Judge

## CERTIFICATE OF SERVICE

I certify that on this 6th day of October 2011, I electronically filed the

foregoing Stipulated and Agreed Protective Order with the Clerk of the Court

using the CM/ECF System, which will send a notification of the filing to the

following attorneys of record:

Mara McRae, Esq.
McRae Brooks Warner LLC
1720 Peachtree Street, Suite 430
Atlanta, Georgia  30309

Michael A. Caddell, Esq.
Cynthia B. Chapman, Esq.
Craig C. Marchiando, Esq.
Caddell & Chapman
The Park in Houston Center
1331 Lamar, Suite 1070
Houston, Texas  77010-3027

Leonard A. Bennett, Esq.
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia  23606

Attorneys for Plaintiff
Danny R. Teagle

Angelo Spinola, Esq.
Margaret T. Blackwood, Esq.
Marcia A. Ganz, Esq.
Littler Mendelson, P.C.
3344 Peachtree Road, N.E., Suite 1500
Atlanta, Georgia  30326

Attorneys for Defendant
Igloo Products Corp.

/s Jill A. Pryor
Jill A. Pryor