IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANNY R. TEAGLE, Individually and :
on behalf of all others similarly situated, :
:
    Plaintiff, :
: CIVIL ACTION NO.
    v. : 1:11-CV-1280-RWS-CCH
:
LEXISNEXIS SCREENING :
SOLUTIONS, INC., f/k/a Choicepoint's :
Workplace Solutions, Inc., :
:
    Defendant. :

# **O R D E R**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing

for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

IT IS SO ORDERED this 13th day of October, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DANNY R. TEAGLE, Individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION NO. 1:11-CV-1280-RWS-CCH |
| Plaintiff, | : : | |
| v. | : : | |
| LEXISNEXIS SCREENING SOLUTIONS, INC., f/k/a Choicepoint's Workplace Solutions, Inc., Defendant. | : : : : : | **NON-FINAL REPORT AND RECOMMENDATION ON A MOTION FOR JUDGMENT ON THE PLEADINGS** |

The above-captioned action is before the Court on the Plaintiff's Motion for Extension of Time to Move for Class Certification [29] and the Motion for Judgment on the Pleadings filed by the former Defendant Igloo Products Corp. [33]. For the reasons set forth below, Plaintiff's Motion for Extension of Time to Move for Class Certification [29] is **GRANTED**, and the undersigned **RECOMMENDS** that the Motion for Judgment on the Pleadings filed by the former Defendant Igloo Products Corp. [33] be **DENIED as moot**.

Plaintiff Danny R. Teagle filed the Complaint in this action on April 20, 2011, asserting claims against Defendants LexisNexis Screening Solutions, Inc., f/k/a Choicepoint's Workplace Solutions, Inc. ("LexisNexis"), and Igloo Products Corp.

("Igloo"). Plaintiff has asserted claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a-1681x, on behalf of himself and a purported class of similarly situated consumers. Pursuant to Local Rule 23.1(B), a plaintiff is required to file a motion for class certification under Rule 23(c)(1) of the Federal Rules of Civil Procedure within ninety days after the complaint is filed. LR 23.1(B), NDGa. Thus, in this case, Plaintiff was required to file a motion for class certification on or before July 19, 2011.

On August 17, 2011, after the deadline for filing the motion for class certification had already passed, Plaintiff filed a Motion for Extension of Time to Move for Class Certification [29] requesting an extension of time until December 15, 2011 in which to file a motion for class certification. In the Plaintiff's Memorandum in support of that motion, Plaintiff states that Defendant LexisNexis does not oppose it while Defendant Igloo opposes it. Pl. Mem. in support of Mot. for Class Cert. [29-1] at 2. LexisNexis did not file any response to the motion while Igloo filed a response in opposition [32] on August 31, 2011. On that same day, Igloo also filed a Motion for Judgment on the Pleadings [33].

On October 10, 2011, the Plaintiff and Defendant Igloo filed a Consent Motion to Dismiss Claims with Prejudice [44] stating that they have settled all matters

2

between them in this action and requesting that all of the Plaintiff's claims against Igloo be dismissed with prejudice. In that Consent Motion to Dismiss, Plaintiff and Defendant Igloo stipulate that, once all claims against Igloo are dismissed, Igloo's brief in opposition to Plaintiff's Motion for Class Certification and Igloo's Motion for Judgment on the Pleadings shall be rendered moot. Consent Motion to Dismiss [44] at 2. On October 11, 2011, the Clerk dismissed all claims against Igloo and terminated Igloo as a party to this action.

Accordingly, because all claims against Igloo have been dismissed, Igloo's opposition to Plaintiff's Motion for Extension of Time to Move for Class Certification [29] is rendered moot and the motion is **GRANTED** as unopposed. Plaintiff shall have until **December 15, 2011** in which to file a motion for class certification under Rule 23(c)(1) of the Federal Rules of Civil Procedure.

Furthermore, the undersigned **RECOMMENDS** that the Motion for Judgment on the Pleadings filed by Igloo [33] be **DENIED as moot**.

IT IS SO ORDERED and RECOMMENDED this 13th day of October, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

3