# EXHIBIT 4
Obsolete Class Notice

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DANNY R. TEAGLE and
JESUS SALAZAR JR.,
individually and on behalf of
all others similarly situated,

        Plaintiffs,

                      CASE NO. 11-cv-1280-RWS-JSA

LEXISNEXIS SCREENING
SOLUTIONS, INC.

        Defendant.

## NOTICE OF CLASS ACTION LAWSUIT

# You have received this notice because LexisNexis Screening Solutions, Inc. sold a consumer report (background check) about you for an employment purpose between April 10, 2006 and _____.  A class action lawsuit may affect your rights.

- Danny R Teagle ("Plaintiff") is a consumer who has sued LexisNexis Screening Solutions, Inc. alleging violations of the Fair Credit Reporting Act (the "FCRA").

- The Plaintiff in this lawsuit has alleged that LexisNexis violated the FCRA by selling consumer reports about him for employment purposes, but failed to exclude information that should not have been on his report because it was too old.

- The Court has preliminarily allowed the lawsuit to be settled as a class action on behalf of the following class of consumers:  all persons whose LexisNexis background reports sold for employment purposes contained certain information that should not have been included because it was more than seven years old.

- As part of a settlement of this case, LexisNexis will pay $150 to all members of this Class of consumers.

- Court-appointed lawyers for the Class will seek up to $350,000, to be paid in addition to the funds recovered for the Class, as attorneys' fees and expenses for investigating the facts, litigating the case, and negotiating the Settlement.

- The two sides disagree on how much money could have been won if the Class won a trial against LexisNexis.

- The Court will hold a Final Fairness Hearing on **[date]**, at which time it will finally review the fairness, reasonableness, and adequacy of the settlement.

- LexisNexis's records identify you as a member of the Notice Class (defined below), and you have received this Notice because you are entitled to a payment under the Settlement if the Court approves it.

- You don't have to do anything to obtain your portion of the Settlement.  If the Court approves the Settlement, after certain deadlines pass, a check will be mailed to the same address as this Notice.

- Your legal rights are affected whether you act or don't act, so please read this Notice carefully.

- The Court has not decided whether LexisNexis did anything wrong, but the Parties have agreed to settle the case.  This settlement will affect your legal rights, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit.  Await the outcome.  Give up certain claims.** By doing nothing, you may get money from a settlement.  But, you give up any rights to sue LexisNexis separately about the same legal claims in this lawsuit. |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit.  Get no benefits from it.  Keep your claims**. If you ask to be excluded, you won't share in the money made available through the settlement.  But, you keep any rights to sue LexisNexis separately about the same legal claims in this lawsuit that you otherwise would have had. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

- Your options are explained in this Notice.  To ask to be excluded, you must act before **[date]**.

- The Court in charge of this case still has to decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and after appeals are resolved.  Please be patient.

- If the Court approves the settlement at the Fairness Hearing on **[date]**, class members who have not excluded themselves will automatically receive their share of the settlement.

- **Any questions?  Read on or call 1-(XXX) XXX-XXXX.**

QUESTIONS?  CALL 1-(XXX) XXX-XXXX or go to www._____.com

- 2 -

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** .................................................................................................. **PAGE 4**

    1.      Why did I get this notice?
    2.      What is this lawsuit about?
    3.      Why is this a class action?
    4.      Why is there a settlement?

**WHO IS IN THE SETTLEMENT** ................................................................................... **PAGE 5**

    5.      How do I know if I am part of this Settlement?
    6.      I'm still not sure if I'm included.

**THE SETTLEMENT BENEFITS—WHAT YOU GET** ............................................... **PAGE 6**

    7.      What does the Settlement provide?

**YOUR RIGHTS AND OPTIONS** .................................................................................. **PAGE 6**

    8.      Why would I ask to be excluded?
    9.      How do I ask the Court to exclude me from the Class?
    10.     If I don't exclude myself, can I sue LexisNexis for the same thing later?
    11.     If I exclude myself, can I get money from this Settlement?

**THE LAWYERS REPRESENTING YOU** ..................................................................... **PAGE 7**

    12.     Do I have a lawyer in this case?
    13.     Should I get my own lawyer?
    14.     How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ....................................................................... **PAGE 8**

    15.     How do I tell the Court that I don't like the Settlement??
    16.     What's the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING** ...................................................................... **PAGE 9**

    17.     When and where will the Court decide whether to approve the Settlement?
    18.     Do I have to come to the hearing?
    19.     May I speak at the hearing?

**GETTING MORE INFORMATION** ........................................................................... **PAGE 10**

    20.     Are more details available?

QUESTIONS?  CALL 1-(XXX) XXX-XXXX or go to www._____.com

# BASIC INFORMATION

### 1. Why did I get this notice?

LexisNexis sold a consumer report about you, for employment purposes (you applied for work or were considered for a promotion) between April 10, 2006 and _____, 2013. The Plaintiff alleges that some of the reports LexisNexis sold contained information that they should not have because that information was more than seven years old.

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves it and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows. You will be informed of the progress of the Settlement.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

Judge Richard W. Story of the United States District Court for the Northern District of Georgia is overseeing this class action. The lawsuit is known as *Teagle, et al. v. LexisNexis Screening Solutions, Inc.*, Case No. 11-cv-1280-RWS-JSA. The person that sued, Danny Teagle, is called the Plaintiff, and the person(s) he sued, LexisNexis, is called the Defendant.

### 2. What is this lawsuit about?

The lawsuit claims that LexisNexis sold consumer background reports to businesses so they could make decisions about whether to hire or promote people. The suit alleges that LexisNexis violated provisions of the FCRA, 15 U.S.C. § 1681, *et seq.*, by selling consumer reports for employment purposes during the time period April 10, 2006 to _____, 2013 without excluding information that should have been excluded because it was more than seven years old. LexisNexis denies that it did anything wrong.

Additional information about the FCRA can be found at the website of the U.S. Federal Trade Commission, www.ftc.gov.

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case Danny Teagle), sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 4. Why is there a settlement?

The Court did not decide in favor of Plaintiff or Defendant. The Plaintiff thinks he could have won at least $1,000 per Class Member if he won a trial. The Defendant thinks the Plaintiff would not have won anything

from a trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representative and the attorneys think the settlement is best for all Class Members.

| 5. | How do I know if I am part of this Settlement? |

Judge Story decided that everyone who fits this description is a member of the Obsolete Information Class:

- All individuals living in the United States on whom LexisNexis sold a background screening report for employment purposes for a position for which the annual salary was less than $75,000;
- whose LexisNexis reports contained at least one record of any type of criminal history information (other than a criminal conviction) that predates the report by more than seven years as a result of dismissals being reported to LexisNexis within the field reserved for sentencing information rather than the field used for dispositions, between April 20, 2009 and _____, 2013.

It is possible that you are also a member of another settlement Class involving LexisNexis and Plaintiff Danny R. Teagle, depending on the contents of your LexisNexis report. That settlement is addressed in a separate notice letter, which you will receive if you are also a member of that Class.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

| 6. | What does the settlement provide? |

LexisNexis has agreed to pay each member of the Obsolete Information Class $150. So long as you do not exclude yourself from the Class, this payment will be mailed to you automatically, to the same address as this Notice. Payments will be mailed after the Court finally approves the Settlement and all appeals, if any, are resolved. We do not know how long this will take, and ask that you please be patient.

## YOUR RIGHTS AND OPTIONS

| 7. | How do I get my share of the Settlement? |

All you have to do if you want to keep the possibility of getting money or benefits from this lawsuit is remain in the Class. If you stay in, and the Court finally approves the settlement, you will receive your payment in the mail without any further action from you. Keep in mind that if you do nothing now, regardless of whether the case goes forward to a trial and Plaintiffs win or lose the trial, you will not be able to sue, or continue to sue, LexisNexis—as part of any other lawsuit—about the same legal claims that are the subject of this lawsuit. This means that if you do nothing, you may be able to sue for actions that occurred *before* April 10, 2006 or *after* _____, 2013 only. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

> **8.**    **Why would I ask to be excluded?**

If you already have your own lawsuit against LexisNexis for the kind of FCRA violations alleged by the Plaintiff and want to continue with it, you need to ask to be excluded from the Classes. If you exclude yourself from the Class—which also means to remove yourself from the Class, which is sometimes called "opting out" of the Class—you won't get any money or benefits of this lawsuit. However, you may then be able to sue or continue to sue LexisNexis for FCRA violations that have occurred or will occur at any time. If you exclude yourself, you will *not* be legally bound by the Court's judgments in this class action.

If you start your own lawsuit against LexisNexis after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. If you do exclude yourself so that you can start or continue your own lawsuit against LexisNexis, you should talk to your own lawyer right away, because your claims may be subject to a statute of limitations. A statute of limitations is a fixed time period by which you must file your claims, or else they are "time-barred" and cannot be pursued.

> **9.**    **How do I ask the Court to exclude me from the Class?**

To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from the *Teagle, et al. v. LexisNexis Screening Solutions, Inc.* class action. Be sure to include your name and address, and sign the letter and clearly state, "I want to be excluded from the Classes." You must mail your Exclusion Request postmarked by **[date]**, to:

Settlement Administrator, *Teagle, et al. v. LexisNexis Screening Solutions, Inc.* Class Action [address]

> **10.**    **If I don't exclude myself, can I sue LexisNexis for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue LexisNexis for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is [**date**].

> **11.**    **If I exclude myself, can I get money from this Settlement?**

No. If you exclude yourself, you will not be sent a check from the Settlement. But you may sue, continue to sue, or be part of a different lawsuit against LexisNexis.

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in this case?

The Court decided that Michael A. Caddell of Caddell & Chapman, Houston, Texas and Mara McRae, McRae Brooks Warner, LLC, Atlanta, Georgia are qualified to represent you and all Class Members. Together they are called your "Class Counsel." They are experienced in handling similar consumer cases against other companies. More information about these law firms, their practices, and their lawyers' experience is available at www.caddellchapman.com and www.mbwattorneys.com.

### 13. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

### 14. How will the lawyers be paid?

Separate and apart from the $150 each Class Member will receive, Class Counsel will ask the Court for its fees and expenses from pursuing the case for the Classes. Class Counsel will request, and LexisNexis has agreed not to oppose, a fee of $350,000, which includes all legal fees, costs, and expenses. You won't have to pay these fees and expenses, and their payment will not reduce the $150 Class Members will receive.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the Settlement or some part of it.

### 15. How do I tell the Court that I don't like the Settlement?

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to *Teagle, et al. v. LexisNexis Screening Solutions, Inc*. Be sure to include your name, address, telephone number, your signature, and the specific reasons you object to the settlement. Mail the objection to these three different places postmarked no later than [**date**]:

| **Court** | **Class Counsel** | **Defense Counsel** |
|---|---|---|
| Clerk of the Court<br>United States District Court,<br>Northern District of Georgia<br>Richard B. Russell Federal<br>Building and Courthouse<br>75 Spring St., SW | Michael A. Caddell<br>Caddell & Chapman<br>1331 Lamar, Suite 1070<br>Houston, TX 77010 | James F. McCabe<br>Morrison Foerster<br>425 Market St.<br>San Francisco, CA 94105-2482 |

QUESTIONS?  CALL 1-(XXX) XXX-XXXX or go to www._____.com

| Atlanta, GA 30303-3361 | | |
|---|---|---|

Your written objection must include the following information to be valid:

(i) your name, address, and telephone number; (ii) the name of this Action and the case number; (iii) a statement of each objection; and (iv) a written brief detailing the specific basis for each objection, including any legal and factual support you wish to bring to the Court's attention and any evidence you wish to introduce in support of the objection.

In addition, if your objection is made through a lawyer, the objection must *also* include the following information to be valid:

(i) the identity and number of the Class Members represented by objector's counsel; (ii) the number of such represented Class Members who have opted out of the Class; and (iii) the number of such represented Class Members who have remained in the Class and have not objected.

If an objector's lawyer will ask to be awarded attorneys' fees or expenses from a source other than that counsel's objector client, the lawyer must file with the Court and serve on Class and LexisNexis' Counsel, not later than 15 days before the Fairness Hearing, a document containing the following information:

(i) a description of the attorney's legal background and prior experience in connection with class action litigation, including all the previous cases in which the attorney has represented an objector to a class action settlement; (ii) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (iii) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (iv) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (v) the attorney's hourly rate.

Finally, all objectors must make themselves available for deposition by Counsel for the Parties in Atlanta, Georgia, between the time the objection is filed and the Fairness Hearing, and the objection *must* include dates when the objector is available for this deposition.

> **16.** What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Classes. Excluding yourself is telling the Court that you don't want to be part of the Classes. If you exclude yourself, you have no basis to object because the case and Settlement no longer affect you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you don't have to.

> **17.** When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at _:___ am/pm on _____, 2013, at the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building and Courthouse, 75 Spring St.

QUESTIONS? CALL 1-(XXX) XXX-XXXX or go to www._____.com

- 8 -

SW, Atlanta, GA 30303-3361.  At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Story will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Class Counsel.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

### 18. Do I have to come to the hearing?

No.  Class Counsel will answer questions Judge Story may have.  But, you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

### 19. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Teagle, et al. v. LexisNexis Screening Solutions, Inc.*"  Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be postmarked no later than [**date**], and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses in question 16.  You cannot speak at the hearing if you excluded yourself from the Settlement.

## GETTING MORE INFORMATION

### 20. Are more details available?

Yes.  For more information about this case, you may contact:  Settlement Administrator [address]

You can also call (XXX) XXX-XXXX, or log on to www._____.com.

DATE: _____ ___, 2013