# EXHIBIT 7

Settlement Agreement with Exhibits A & B

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into as of April **10**, 2013, between plaintiff Danny R. Teagle (the "Class Representative") on behalf of himself and the Settlement Class Members on the one hand, and defendant LexisNexis Screening Solutions, Inc. ("LNSSI") on the other hand.

### RECITALS

WHEREAS, Class Representative is the plaintiff in an action entitled *Teagle v. LexisNexis Screening Solutions, Inc.*, No. 11-CV-1280-RWS-JSA, United States District Court, Northern District of Georgia (the "Action");

WHEREAS, the Action asserts that LNSSI violated various provisions of the Fair Credit Reporting Act ("FCRA") by (a) failing to provide in a timely fashion the notices required under 15 U.S.C. § 1681k(a)(1), and (b) failing to eliminate from consumer reports criminal information, other than records of conviction, that predate the consumer reports by more than seven years;

WHEREAS, LNSSI denies (a) the allegations and all liability with respect to any and all facts and claims alleged in the Action, (b) that Class Representative and the classes he purports to represent have suffered any damage, and (c) that the Action satisfies the requirements to be tried as a class action under Federal Rule of Civil Procedure 23;

WHEREAS, contested issues of both law and fact exist concerning the allegations and claims made by and against LNSSI;

WHEREAS, Class Representative and Class Counsel have investigated the facts and law and have engaged in discovery and settlement negotiations relating to the Action, and the Settlement Agreement is a product of sustained, arm's-length negotiations;

WHEREAS, the Parties recognize that the outcome of the Action is uncertain, and that a final resolution through the litigation process could require several more years of protracted adversary litigation and appeals; substantial risk and expense; the distraction and diversion of LNSSI's personnel and resources; and the expense of any possible future litigation raising

1

similar or duplicative claims; and the Parties and their counsel have agreed to resolve the Action as a settlement class action according to the terms of this Settlement Agreement;

NOW THEREFORE, in consideration of the covenants and agreements set forth herein and without (a) any admission or concession on the part of the Class Representative of the lack of merit of the Action whatsoever, or (b) any admission or concession of liability or wrongdoing or the lack of merit of any defense whatsoever by LNSSI, it is hereby stipulated and agreed by the undersigned, on behalf of the Class Representative, the Settlement Classes, and LNSSI, that the Action and all claims of the Settlement Classes be settled, compromised, and dismissed on the merits and with prejudice as to LNSSI, subject to Court approval as required by Federal Rule of Civil Procedure 23, on the terms and conditions set forth herein.

## 1.    Definitions

As used in this Settlement Agreement, the terms set forth in this section in boldface type will have the following meanings:

**1.1    Administrative Costs.** The sum of all costs incurred by LNSSI in connection with payment to the Settlement Administrator or otherwise in connection with notices to the Settlement Classes.

**1.2    Attorneys' Fees Award.** The amount awarded by the Court to Class Counsel as attorneys' fees and costs as contemplated by section 5.1.2 hereof.

**1.3    Attorneys' Fees Award Effective Date.** The last date on which all of the following have occurred:

(a)    The Effective Date has occurred;

(b)    The Court has entered an order awarding attorneys' fees and costs; and

(c)    Either: (i) Thirty-five (35) days have passed after completed service on the parties to the Action and all objectors to the settlement of the Action, if any, of notice of entry of the Court's order awarding attorneys' fees and costs in the Action, and within such time no appeal is taken or extension for such appeal is granted, or (ii) if an appeal is taken with respect to the

2

Court's award of attorneys' fees and costs in the Action, the date when all appellate rights with respect to such award have expired or have been exhausted in such a manner as to affirm the award, and when no further appeals are possible, including review by the United States Supreme Court, and the appellate court has by final order affirmed the Court's award of attorneys' fees and costs in the Action, or has denied review, or the appellant otherwise has exhausted all appellate remedies.

**1.4    Class Counsel.** Caddell & Chapman; McRae Brooks Warner LLC; and Consumer Litigation Associates, P.C.

**1.5    Class Representative.** Danny R. Teagle.

**1.6    Confidential Information.** All documents and things provided to Class Counsel by LNSSI during the course of the Action, whether by formal discovery or otherwise. Notwithstanding the above, neither documents nor information described in this section that were filed in the public record during the course of these Actions, unless currently under seal, shall be Confidential Information.

**1.7    Court.** The Honorable Richard W. Story, United States District Court Judge, Northern District of Georgia, or such other judge of the Northern District of Georgia to whom the Action may hereafter be assigned.

**1.8    Defendant's Counsel.** Morrison & Foerster LLP and Bondurant, Mixson & Elmore LLP.

**1.9    Effective Date.** The last date on which all of the following have occurred:

(a)    The Court enters the Final Judgment finally approving the settlement of the Action in a manner substantially consistent with the terms and intent of the Agreement; and

(b)    Either: (i) Thirty-five (35) days have passed after completed service on the parties to the Action and all objectors to the settlement of the Action, if any, of notice of entry of the Court's judgment finally approving the settlement of the Action, and within such time no appeal is taken or extension for such appeal is granted, or (ii) if an appeal is taken with respect to the Court's judgment finally approving the settlement of the

Action, the date when all appellate rights with respect to the Final Judgment have expired or have been exhausted in such a manner as to affirm the Final Judgment, and when no further appeals are possible, including review by the United States Supreme Court, and the appellate court has by final order affirmed the Court's judgment finally approving the settlement of the Action, or has denied review, or the appellant otherwise has exhausted all appellate remedies.

**1.10    Final Judgment.** The Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court substantially consistent with this Settlement Agreement in the form attached as Exhibit B hereto.

**1.11    Historical Record.** A record returned from a customer search of LNSSI's National Criminal File database that, due to the amount of time elapsed since the record source had last been updated, was not reportable to the customer under LNSSI's policies and procedures until current information about such record had been retrieved.

**1.12    Non-Historical Record.** A record returned from a customer search of LNSSI's National Criminal File database that, due to the amount of time elapsed since the record source had last been updated, was reportable to the customer under LNSSI's policies and procedures without first retrieving current information about such record from the source.

**1.13    Notice Settlement Class.** The class defined in section 3.1.1, as certified by the Court.

**1.14    Notice Settlement Class Notice.** The document to be mailed to Notice Settlement Class Members pursuant to section 3.3.3 hereof.

**1.15    Obsolete Information Settlement Class.** The class defined in section 3.1.2, as certified by the Court.

**1.16    Obsolete Information Settlement Class Notice.** The document to be mailed to Obsolete Information Settlement Class Members pursuant to section 3.3.3 hereof.

4

**1.17    Parties.**  The Class Representative, on behalf of himself and the Settlement Class Members, and LNSSI.

**1.18    Preliminary Approval Order.**  The Order of Preliminary Approval of Settlement substantially in the form attached as Exhibit A hereto.

**1.19    Released Parties.**  LNSSI and its direct and indirect parents, subsidiaries, affiliates, divisions, associates, agents, successors, predecessors, insurers, assignors, assignees, and/or assigns and their respective subsidiaries, affiliates, divisions, associates, agents, successors, predecessors, assignors, assignees, and/or assigns, and each of their respective present, former or future, officers, directors, shareholders, agents, control persons, advisors, employees, representatives, insurers, consultants, accountants, attorneys and any representative of the above.

**1.20    Service Payment.**  The one-time payment to the Class Representative for the time and resources he has put into representing the Settlement Classes, as set forth in Section 5.1.1 hereof.

**1.21    Settlement Administrator.**  The entity appointed by the Court, pursuant to Section 3.3.1 hereof to administer notice to the Settlement Classes and distribute settlement payments.

**1.22    Settlement Agreement.**  This agreement, together with all of its exhibits.

**1.23    Settlement Classes.**  The Notice Settlement Class and the Obsolete Information Settlement Class.

**1.24    Settlement Class Members.**  All persons who fall within one or more of the Settlement Classes.

5

**1.25    Settlement Escrow.**  An interest bearing account established to hold funds advanced by LNSSI under section 5.1.3 hereof, and from which, after the Effective Date, amounts due hereunder may be paid.

**1.26    Term.**  Unless otherwise specified, this Settlement Agreement is effective for a three-year period beginning on the Effective Date.

## 2.    Settlement Procedures

As soon as possible after the execution of this Settlement Agreement, Plaintiffs shall move the Court for an order substantially in the form of Exhibit A hereto (a) preliminarily approving this Settlement Agreement; (b) conditionally certifying the Settlement Classes as defined in section 3.1 hereof for settlement purposes only; (c) approving the Parties' selection of the Settlement Administrator; and (d) approving the Notice Settlement Class Notice, the Obsolete Information Settlement Class Notice, and the manner of providing both notices to the Settlement Classes described in section 3.1 hereof.  If the Court certifies any class or enters any orders relating to Class Representative and Class Counsel, such actions shall not be an adjudication of any fact or issue for any purpose other than the effectuation of this Agreement and shall neither be considered as law of the case or res judicata nor shall have collateral estoppel effect in this or any other proceeding.  In the event that Final Approval is not achieved for whatever reason or the Effective Date does not otherwise occur, the Court's orders contemplated by this section shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity for any purpose in the Actions or otherwise.

6

### 3.     The Settlement Classes and Notice

**3.1     Settlement Classes.**

**3.1.1**    For settlement purposes only, the Parties agree that the Court may certify a settlement class in this Action pursuant to Federal Rule of Civil Procedure 23(b)(3) (the "Notice Settlement Class"), defined as follows:

> All persons residing in the United States of America (including its territories and Puerto Rico) (a) who were the subject of a LexisNexis consumer report on the LexisNexis Business Edition platform that was furnished to a third party other than Wal-Mart or Target (b) between April 20, 2006, and the Effective Date (c) that contained an adverse public record (d) that was furnished to the third party for purposes of an employment decision, and (e) to whom the written notice mailed by LexisNexis that it was furnishing the report was delayed for technical reasons relating to the provision of Historical Records and Non-Historical Records in the same report.

**3.1.2**    For settlement purposes only, the Parties further agree that the Court may certify a second settlement class in this Action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) (the "Obsolete Information Settlement Class"), defined as follows:

> All persons residing in the United States of America (including its territories and Puerto Rico) (a) who were the subject of a LexisNexis employment background screening report (b) that contained at least one record of any type of criminal history information (other than a criminal conviction) that predates the report by more than seven years as the result of dismissals being reported to LexisNexis in the field reserved for sentencing information, and not in the field to be used for dispositions; (c) that was furnished for an employment purpose for a position for which the annual salary is less than $75,000; and (d) within two years preceding the filing of this action and during its pendency.

**3.1.3**    Plaintiffs shall move for certification of the Settlement Classes contemporaneously with their motion for preliminary approval of this settlement.  LNSSI agrees not to contest certification of the conditional Settlement Classes but reserves its rights to contest any motion to certify a class for trial.

**3.2     Decertification of the Settlement Classes if Settlement Not Approved.**  If the Court does not grant final approval of the settlement reflected in the Settlement Agreement, or if the Court awards attorneys' fees and costs in excess of those provided for in section 5.1.2 hereof,

7

the certification of any Settlement Classes will be vacated and the Parties will be returned to their positions quo ante with respect to the Action as if the Settlement Agreement had not been entered into.  In the event that Final Approval is not achieved, the Parties agree that (a) any Court orders preliminarily or finally approving the certification of any class contemplated by this Settlement Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity, and (b) the fact of the settlement reflected in this Settlement Agreement, that LNSSI did not oppose the certification of any class under this Settlement Agreement, or that the Court preliminarily approved the certification of any settlement class, shall not be used or cited thereafter by any person or entity, including in any contested proceeding relating to the certification of any class.

**3.3**     **Notice Plan.**

**3.3.1    Court Appointment and Retention of Settlement Administrator.**  At the Preliminary Approval hearing, the Parties will propose that the Court appoint Tilghman & Co. as Settlement Administrator.  The Settlement Administrator will facilitate the notice process by assisting the Parties and providing professional guidance in the implementation of the notice plan.  The Settlement Administrator shall administer the provision of notice to the Settlement Classes and the provision of payments contemplated by Section 5.2 hereof.

**3.3.2    Preparation and Production of Class Lists.**  LNSSI will provide the Settlement Administrator with a Class List of identified Notice Settlement Class Members and a Class List of identified Obsolete Information Settlement Class Members, each such list being prepared pursuant to the procedures set forth in this Section.  In generating the Class Lists, LNSSI will use commercially reasonable procedures to search a selection of their archive files to identify each person who, based on the information appearing in those archive files, fall within the required definitions.  LNSSI will have used commercially reasonable procedures if they use for each Settlement Class Member the address to which LNSSI previously sent written notice

8

that it was furnishing a report on which at least one NCrF record match appeared. LNSSI and the Settlement Administrator will agree that the Settlement Administrator will maintain all Class Lists and other information provided to it by or on behalf of LNSSI, including information derived therefrom, in a confidential manner, and that the Settlement Administrator will not provide such Class Lists or other information to any other person, including Class Counsel and the Class Representative, without the prior written consent of LNSSI.

### 3.3.3   The Notice Settlement Class Notice and the Obsolete Information Settlement Class Notice.

**3.3.3   The Notice Settlement Class Notice and the Obsolete Information Settlement Class Notice.** Class Representative and LNSSI have agreed that they will jointly recommend to the Court for approval a Notice Settlement Class Notice and the Obsolete Information Settlement Class Notice to be prepared by LNSSI in consultation with Class Counsel. After the Court enters Preliminary Approval, the Settlement Administrator will send each notice via U.S. mail, postage prepaid requesting either forwarding service or change service to each Notice Settlement Class Member and Obsolete Information Settlement Class Member identified on each Class List (the "Mail Notice"). The Mail Notice will be sent to the last known address reflected in the Class Lists, updated using the National Change of Address database. For up to forty-five days following the mailing of the Mail Notice, the Settlement Administrator will re-mail the Mail Notice via standard U.S. Mail, postage prepaid, to updated addresses of Settlement Class Members to the extent that it received address change notifications from the U.S. Postal Service. No later than seven days before the final fairness hearing in this Litigation, the Settlement Administrator will file proof of the mailing of the Mail Notice with the Court. Neither the Parties nor the Settlement Administrator will have any further obligation to send notice of the Settlement Agreement to any Settlement Class Member.

**3.3.4   Content of Mail Notice.** The Mail Notice will explain to the Settlement Class Members that he or she has the option of opting out of the Notice Settlement Class or the Obsolete Information Settlement Class, and if he or she does not effectively opt out within sixty days of receiving the Mail Notice, then he or she can expect to receive his or her portion of the

ny-1085192

relevant Settlement Fund after the Effective Date. The Mail Notice will also provide each Settlement Class Member with notice of the Settlement Agreement.

**3.3.5    CAFA Notice.** LNSSI shall serve notice of the settlement that meets the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal and state officials not later than ten days after the filing of this Settlement Agreement with the Court. LNSSI shall file with the Court a certification of the date upon which the CAFA Notice was served.

**3.3.6    Settlement Website.** The Settlement Administrator will create and maintain one or more websites that will be activated as soon as practicable following entry of the Preliminary Approval Order. The Settlement Website will post the Settlement Agreement, the Notice Settlement Class Notice, the Obsolete Information Settlement Class Notice, the Preliminary Approval Order, the Final Judgment, and, if not included in the Preliminary Approval Order, any court order setting a date and time for the Final Approval Hearing. The Settlement Administrator will terminate the Settlement Website at a time to be determined after consultation with Class Counsel and Defendant's Counsel; however, under no circumstances shall the Settlement Website be active one hundred and eighty days after either (1) the Effective Date, or (2) the date on which the settlement is terminated or otherwise not approved by a court.

**3.3.7    Costs.** LNSSI shall be responsible for the costs associated with the Notice and Administration Plan except as otherwise provided for in this Settlement Agreement.

**3.4    Opt-outs and Objections by Settlement Class Members.**

**3.4.1    Procedures for Opt-outs.** Any request to opt out of either Settlement Class must be in writing and must include name, address, and telephone number of the person seeking to opt out and a statement that the person wishes to opt out of such release. The opt-out request must be personally signed by the Settlement Class Member who seeks to opt out; no Settlement Class Member may opt out by having a request to opt out submitted by an actual or

10

purported agent or attorney acting on behalf of the Settlement Class Member. No opt-out request may be made on behalf of a group of Settlement Class Members. Each Settlement Class Member who does not submit an opt-out request substantially in compliance with this section 45 or more days before the final approval hearing date specified in the Notice shall be deemed to participate in the settlement and all releases provided in this Settlement Agreement. For purposes of determining timeliness, an opt-out request shall be deemed to have been submitted when postmarked by the postal service or other expedited mail service. The Settlement Administrator shall provide copies of all requests to opt out to Class Counsel and counsel for LNSSI.

   **3.4.2 Effect of Opt-outs by Settlement Class Members.** It is estimated that there are approximately 18,000 Notice Settlement Class Members and approximately 700 Obsolete Information Settlement Class Members. If Five Percent (5%) or more of the combined Settlement Class Members opt out of the release provided for in section 4 hereof, then LNSSI shall have the option to rescind this Settlement Agreement, in which case all of LNSSI's obligations under this Settlement Agreement shall cease to be of any force and effect, and this Agreement shall be rescinded, cancelled, and annulled. If LNSSI exercises this option, then the parties shall return to their respective positions in the manner and effect as set forth in section 3.2 hereof.

   **3.4.3 Procedure for Objections.**

     (a) Any Class Member who has not timely opted-out of the settlement and who wishes to object to the fairness, reasonableness, or adequacy of any aspect of the Settlement Agreement, including without limitation the compensation to be paid to Class Counsel, must deliver an objection, in writing, to Class Counsel and Defendant's Counsel and must also file the objection with the Court, no later than thirty days before the Fairness Hearing or as the Court may otherwise direct.

ny-1085192

(b)      Written objections must include: (i) the objector's name, address, and telephone number; (ii) the name of this Action and the case number; (iii) a statement of each objection; and (iv) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection.

(c)      If the objection is made through an attorney, the written objection must also include: (i) the identity and number of the Class Members represented by objector's counsel; (ii) the number of such represented Class Members who have opted out of the Class; and (iii) the number of such represented Class Members who have remained in the Class and have not objected.  If the attorney intends to seek fees and expenses from anyone other than the objectors he or she represents, the attorney shall also file with the Court and serve upon Class Counsel and Defendant's Counsel not later than fifteen days before the Fairness Hearing or as the Court may otherwise direct a document containing the following: (i) a description of the attorney's legal background and prior experience in connection with class action litigation, including all previous cases in which the attorney has represented an objector to a class action settlement; (ii) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (iii) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (iv) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (v) the attorney's hourly billing rate.

(d)      Objectors must also make themselves available for deposition by counsel for the Parties in Atlanta, Georgia, between the time the objection is filed and the date of the Fairness Hearing, and the objection must include the dates when the objector is available for deposition.

12

(e)     Any Class Member who files and serves a written objection satisfying the requirements of this section, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of the Settlement Agreement.  Class Members, or their attorneys, intending to make an appearance at the Fairness Hearing must deliver to Class Counsel and Defendant's Counsel and have file-marked by the Court, no later than thirty days before the Fairness Hearing or as the Court otherwise may direct, a Notice of Intention to Appear.  The Notice of Intention to Appear must: (i) state how much time the Class Member anticipates needing to present the objection; (ii) identify, by name, address, telephone number all witnesses the Class Member proposes to have testify; (iii) summarize in detail the anticipated testimony of all such witnesses; (iv) identify all exhibits the Class Member intends to offer in support of the objection; and (v) attach complete copies of all such exhibits.

### 4.     Release of Claims

**4.1     Release By Notice Settlement Class.**  Upon Final Approval, Class Representative, each Notice Settlement Class Member who has not opted out of this release of legal claims in accordance with the terms of this Settlement Agreement, and each of their respective, executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, agents and assigns, and all those who claim through them or who assert claims on their behalf will be deemed to have completely released and forever discharged the Released Parties, and each of them, from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability for any type of equitable relief and statutory or punitive damages predicated on equitable claims and for actual or statutory damages, punitive damages, restitution or other monetary relief of any and every kind, including, without limitation, those based on any federal, state, or local law, statute, regulation, or common law, including all claims for declaratory or injunctive relief, whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which the Class Representative or any Notice Settlement Class Member

13

ever had, now has or may have in the future resulting from, arising out of or in any way, directly

or indirectly, connected with (a) any act, omission, event, incident, matter, dispute, or injury

arising from the possible failure of LNSSI to provide timely the required notices pursuant to

15 U.S.C. § 1681k(a)(1); (b) any acts or omissions that were raised or could have been raised in

this Action by any Notice Settlement Class Member, and (c) any event, matter, dispute or thing

that in whole or in part, directly or indirectly, relates to or arises out of said events specified in

(a) or (b) above.  This release does not extend to claims prosecuted under 15 U.S.C. §§ 1681e(b)

or 1681i.

     **4.2**     **Release By Obsolete Information Class.**  Upon Final Approval, Class

Representative, each Obsolete Information Settlement Class Member who has not opted out of

this release of legal claims in accordance with the terms of this Settlement Agreement, and each

of their respective executors, representatives, heirs, successors, bankruptcy trustees, guardians,

wards, agents and assigns, and all those who claim through them or who assert claims on their

behalf will be deemed to have completely released and forever discharged the Released Parties,

and each of them, from any claim, right, demand, charge, complaint, action, cause of action,

obligation, or liability for any type of equitable relief and statutory or punitive damages

predicated on equitable claims and for actual or statutory damages, punitive damages, restitution

or other monetary relief of any and every kind, including, without limitation, those based on any

federal, state, or local law, statute, regulation, or common law, whether known or unknown,

suspected or unsuspected, under the law of any jurisdiction, which Class Representative or any

Obsolete Information Class Member ever had, now has, or may have in the future resulting from,

arising out of or in any way, directly or indirectly, connected with (a) the possible inclusion in

consumer reports of criminal information, other than records of convictions of crimes, that

predates the report by more than seven years; (b) any acts or omissions that were raised or could

have been raised in this Action, and (c) any event, matter, dispute or thing that in whole or in

part, directly or indirectly, relates to or arises out of said events specified in (a) or (b) above.

This release does not extend to claims made under 15 U.S.C. §§ 1681e(b) or 1681i based on conduct other than the inclusion in a consumer report of the information that qualified the releasing party for membership in the Obsolete Information Class.

    **4.3**    **Unknown Claims.**  Class Representative and each Notice Settlement Class Member and Obsolete Information Settlement Class Member waive and release any and all provisions, rights, and benefits conferred either (a) by section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to sections 4.1 and 4.2.  Section 1542 of the California Civil Code reads:

> Section 1542.  General Release, extent.  A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Class Representative and each Notice Settlement Class Member and Obsolete Information Settlement Class Member may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of sections 4.1 and 4.2 hereof, but each of those individuals expressly agrees that, upon entry of the Final Judgment, he or she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to sections 4.1 and 4.2 hereof, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

    **4.4**    **Bar to Future Suits.**  Class Representative and each Notice Settlement Class Member and Obsolete Information Settlement Class Member shall be enjoined from prosecuting any proceeding against any Released Party with respect to the conduct, services, fees, charges, acts, or omissions of any Released Party relating to all matters within the scope of the release in

15

this section or actions taken by a Released Party that are authorized or required by this Settlement Agreement or by the Final Judgment, except that those Settlement Class Members who opt out in accordance with this Settlement Agreement will not be bound by the release of legal claims set forth in sections 4.1 and 4.2. The Court shall retain jurisdiction to enforce the judgment, releases and bar to suits contemplated by this Settlement Agreement. It is further agreed that the Settlement Agreement and the Final Judgment may be pleaded as a complete defense to any proceeding subject to this section.

## 5.      Classwide Settlement Relief

**5.1      Payments Under the Settlement Agreement.**

**5.1.1      Service Payment.** Class Representative will seek the Court's approval of a Service Payment, in the Court's discretion, of up to Five Thousand Dollars ($5,000) for the Class Representative. LNSSI will not oppose a Service Payment of up to Five Thousand Dollars ($5,000) for the Class Representative.

**5.1.2      Attorneys' Fees, Costs, and Other Expenses.** In advance of the Court's hearing on final approval of the settlement, Class Counsel shall make an application to the Court for an award of attorneys' fees, costs, and other expenses, to be paid from the Settlement Escrow in an amount not to exceed $350,000. The Court's award thereon (the "Attorneys Fees Award") shall include all fees, costs, and other expenses for all attorneys (and their employees, consultants, experts, and other agents) who performed work in connection with the Litigation of the claims on behalf of the Settlement Class Members. The Parties shall include in the Notices described in section 3.3.3. a reasonable estimate of the amount that Class Counsel will request as the Award. LNSSI will not oppose an application for the payment of attorneys' fees, costs and other expenses up to such amount.

16

**5.1.3   Settlement Escrow Funding.** Within fifteen business days after the Effective Date, Defendant shall pay into the Settlement Escrow an amount equal to the sum of (a) the number of members of the Notice Class times $50 and (b) the number of members of the Obsolete Information Class times $150; plus the Attorneys Fees Award and any Service Payment approved by the Court. The Settlement Escrow will be managed by the Settlement Administrator. If the Settlement Agreement thereafter becomes void for any reason, any amounts then remaining in the Settlement Escrow shall be paid to LNSSI within ten business days after the event voiding the Settlement Agreement.

**5.1.4   Payment Schedule.**

(a)   Any Service Payment approved by the Court shall be paid in the amount approved by the Court within the later of: (1) thirty (30) days after the Effective Date; or (2) fourteen (14) days after receipt by the Escrow Agent of the Class Representative's completed W-9 form.

(b)   The Attorneys Fees Award shall be paid to Class Counsel within the later of: (1) thirty (30) days after the Attorneys' Fees Award Effective Date; or (2) fourteen (14) days after receipt by the Escrow Agent of Class Counsel's completed W-9 form.

**5.2   Payments to Settlement Class Members.** The Settlement Administrator shall mail each member of the Notice Class a check for $50, and shall mail each member of the Obsolete Information Class a check for $150. Such checks shall be mailed within 45 days of the Effective Date. Any amounts remaining in the Settlement Escrow 225 days after the Effective Date, up to the amount of Administrative Costs, shall be paid to LNSSI. The Escrow Agent shall provide an accounting of the Settlement Escrow Account 150 days after the Effective Date.

**5.3   Cy Pres Distributions.** If any money remains in either Escrow Account after reimbursing Defendants for the Administrative Costs, the Parties shall jointly propose to the

17

Court, in an exercise of its continuing discretion, that (i) one-half of the remaining funds shall be paid to a *cy pres* recipient identified by Class Counsel and (ii) one-half of the remaining funds shall be paid to a *cy pres* recipient identified by LNSSI. Class Counsel and LNSSI may choose only *cy pres* recipients that are non-profit organizations or institutions organized for the purpose of supporting activities relating to the accuracy, privacy or security of personal information; provided, however, that such grants must stipulate that the grant amounts may not be used in furtherance of litigation. Class Counsel chooses the National Consumer Law Center as its proposed *cy pres* recipient.

### 6.      Dismissal of the Actions

The Class Representative, on behalf of himself and the Settlement Class Members consents to the dismissal of this Action with prejudice. The Parties hereby stipulate to the entry of the Final Judgment in a form substantially the same as Exhibit B following final approval of the Settlement Agreement by the Court.

### 7.      Return of Confidential Information and Other Discovery

Class Counsel, on behalf of themselves and their expert witnesses and consultants as well as others retained by them, acknowledge that during the course of this Action, they have received Confidential Information. No later than thirty (30) days after the Effective Date, Class Counsel will return to LNSSI all Confidential Information and will certify under oath that they and their expert witnesses and consultants do not retain any copies or summaries or compilations or indices of such information. Within the same time period, Class Counsel will identify for LNSSI the expert witnesses, outside consultants, and any other individuals or entities to whom Confidential Information was given, and will advise those persons of this requirement and will ensure their compliance with it. This provision is not intended to cover work product of Class Counsel but is intended to cover Confidential Information that might simply be attached to any

ny-1085192

work product. Class Counsel also will not use any of the Confidential Information learned or obtained in this Action for any purpose after the Effective Date.

## 8.  Non-Disparagement

Class Counsel and the Class Representative agree to refrain from disparaging LNSSI and their parent companies, subsidiaries, affiliates, successors or assigns with respect to any issue related to this case. Class Counsel and the Class Representative agree to refrain from taking any action designed to harm the public perception of LNSSI and its parent companies, subsidiaries, affiliates, successors or assigns regarding any issue related to this case, except they may provide sworn testimony if required by an order from a court of competent jurisdiction. LNSSI agrees to refrain from disparaging the Class Representative or Class Counsel publicly or in the media regarding any issue related to this case. Failure to abide by this provision will constitute a breach of this Settlement Agreement. The Parties will negotiate and agree upon any language that may be used in press releases and other forms of public statements concerning the Settlement that may be issued. Class Counsel and Plaintiff agree to make no public statements at any time regarding the Settlement without the consent of the Defendants.

## 9.  Notices

Any communication, verification, or notice sent by any Party in connection with this Settlement Agreement shall be effected by personal delivery, regular first class mail, facsimile and/or overnight courier as follows:

ny-1085192

| To Plaintiffs: | To LNSSI: |
|---|---|
| Michael A. Caddell, Esq.<br>Cynthia B. Chapman, Esq.<br>Craig C. Marchiando, Esq.<br>Caddell & Chapman<br>The Park in Houston Center<br>1331 Lamar, Suite 1070<br>Houston, Texas 77010-3027 | LexisNexis Group<br>c/o Nancy Nash, Esq.<br>Vice President & Deputy General Counsel<br>9443 Springboro Pike<br>Miamisburg OH 45342<br>Fax: (937) 865-1211 |
| Mara McRae, Esq.<br>McRae Brooks Warner LLC<br>1720 Peachtree Street, Suite 430<br>Atlanta, Georgia 30309 | **With copies to:**<br>James F. McCabe, Esq.<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco CA 94105 |
| Leonard A. Bennett, Esq.<br>Consumer Litigation Associates, P.C.<br>12515 Warwick Boulevard, Suite 100<br>Newport News, Virginia 23606 | Michael B. Miller<br>Morrison & Foerster LLP<br>1290 Avenue of the Americas<br>New York, NY 10104 |
| Matthew J. Erausquin, Esq.<br>Consumer Litigation Associates, P.C.<br>1800 Diagonal Road, Suite 600<br>Alexandria, Virginia 22314 | |

## 10.   Miscellaneous

**10.1   Entire Agreement.** This Settlement Agreement along with the attached exhibits contains the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Settlement Agreement.

**10.2   No Liability.** This Settlement Agreement does not constitute, is not intended to constitute, and will not under any circumstances be deemed to constitute, an admission by either party as to the merits, validity, or accuracy, or lack thereof, of any of the allegations or claims in this Action. This Settlement Agreement does not constitute a waiver of any defenses or affirmative defenses that LNSSI or its successors may be entitled to assert in any future litigation, including the applicable statute of limitations.

ny-1085192

**10.3    Invalidity on Modification or Disapproval.**  In the event any court disapproves or sets aside this Settlement Agreement or any material part hereof for any reason, or holds that it will not enter or give effect to the Final Judgment without material modification, or holds that the entry of the Final Judgment or any material part thereof should be overturned or modified in any material way, then:

> (A) If all Parties do not agree jointly to appeal such ruling, this Settlement Agreement will become null and void, and this Action will continue, and the Parties stipulate to joint motions (i) that any and all orders entered pursuant to this Settlement Agreement be vacated, and (ii) that any and all dismissals pursuant to this Agreement will be vacated; or

> (B) if the Parties do agree to jointly appeal such ruling and if the Final Judgment or its equivalent in all material respects is not in effect after the termination of all proceedings arising out of such appeal, this Settlement Agreement will become null and void, and this Action will continue, and the Parties stipulate to joint motions (i) that any and all orders entered pursuant to this Agreement be vacated, including, without limitation, any order modifying the class certification order or permitting amendment of the complaint to conform the complaint to the class definition set out in section 3.1, and (ii) that any and all dismissals pursuant to this Agreement will be vacated.

**10.4    Amendment.**  This Settlement Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives.

**10.5    Taxes.**  Claimants, the Class Representative, and Class Counsel shall be responsible for paying any and all federal, state, and local taxes due on any payments made to them pursuant to the Settlement Agreement.

**10.6    Representation of Opt-Outs.**  Class Counsel agree that this Settlement Agreement is fair, reasonable, and in the best interest of the Settlement Class Members.  Based upon unique circumstances here, Class Counsel agrees that class members who seek to opt-out should be represented by counsel who do not agree that the Settlement Agreement is fair, reasonable, and in the best interest of the Settlement Class Members.  Accordingly, Class

21

Counsel shall, if contacted, refer any such opt-outs to the applicable state bar association or other referral organization for appropriate counsel in any subsequent litigation against LNSSI.

### 11.     Representations and Warranties

**11.1     No Additional Persons with Financial Interest**.  The Class Representative and Class Counsel represent and warrant that the term "Class Counsel" as defined in section 1.8 hereof includes all persons (natural or legal) having any interest in any award of attorneys' fees or costs in connection with the Actions.

**11.2     Parties Authorized to Enter into Settlement Agreement.**  The Class Representative and LNSSI represent and warrant that he, she, or it is fully authorized to enter into this Settlement Agreement and to carry out the obligations provided for herein.  Each person executing this Settlement Agreement on behalf of a Party covenants, warrants and represents that he is and has been fully authorized to do so by such Party.  Each Party hereto further represents and warrants that he, she, or it intends to be bound fully by the terms of this Settlement Agreement.

**11.3     No Attempt by Parties to Object.**  The Class Representative, Class Counsel and LNSSI each represent and warrant that they have not made, nor will they make, any attempt to (a) void this Settlement Agreement in any way, or (b) solicit, encourage, or assist in any fashion any effort by any person (natural or legal) to object to the settlement under this Settlement Agreement.

**11.4     Signatures.**  The Parties and their counsel may sign separate copies of this Settlement Agreement, which together will constitute one agreement.  Each person executing this Settlement Agreement warrants that such person has the full authority to do so.  In addition, signature by facsimile will constitute sufficient execution of this Settlement Agreement.

ny-1085192

**11.5    Best Efforts.**  The Parties agree that the terms of the Settlement Agreement reflect a good-faith settlement of disputed claims.  Class Counsel and LNSSI consider the settlement effected by this Settlement Agreement to be fair and reasonable and will use their best efforts to seek approval of the Settlement Agreement by the Court, including amendment of the complaint to incorporate the definitions of the Notice Settlement Class and Obsolete Information Settlement Class, if necessary, and in responding to any objectors, intervenors or other persons or entities seeking to preclude the final approval of this Settlement Agreement.  This obligation is subject to LNSSI's rights to terminate the Settlement Agreement as provided herein.

**11.6    Time Periods.**  The time periods and dates described in this Settlement Agreement with respect to the giving of notices and hearings are subject to Court approval and modification by the Court or by written stipulation of the Counsel.

**11.7    Governing Law.**  Except where otherwise provided for herein, this Settlement Agreement is intended to and shall be governed by the laws of the State of Georgia.

**11.8    No Construction Against Drafter.**  This Settlement Agreement shall be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Settlement Agreement.

**11.9    Agreement Binding on Successors in Interest.**  This Settlement Agreement shall be binding on and inure to the benefit of the respective heirs, successors, and assigns of the Parties.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

23

**Defendant**

LexisNexis Screening Solutions, Inc.

Name:  Bret T. Jardine

Title:  General Counsel


**Counsel for Defendant LexisNexis Screening Solutions, Inc.:**


James Francis McCabe
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482


Jill A. Pryor
Bondurant Mixson & Elmore LLP
One Atlantic Center | 1201 West Peachtree
Street NW
Suite 3900 | Atlanta, GA 30309


25

ny-1078924

**Defendant**

LexisNexis Screening Solutions, Inc.

Name: _____

Title: _____

**Counsel for Defendant LexisNexis
Screening Solutions, Inc.:**

James Francis McCabe
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482

Jill A. Pryor
Bondurant Mixson & Elmore LLP
One Atlantic Center | 1201 West Peachtree
Street NW
Suite 3900 | Atlanta, GA 30309

25

**Defendant**

_____

LexisNexis Screening Solutions, Inc.

Name: _____

Title: _____


**Counsel for Defendant LexisNexis
Screening Solutions, Inc.:**


_____

James Francis McCabe
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482


_____

Jill A. Pryor
Bondurant Mixson & Elmore LLP
One Atlantic Center | 1201 West Peachtree
Street NW
Suite 3900 | Atlanta, GA 30309

25

**Named Plaintiff:**

_Danny R. Teagle_
Danny R. Teagle

**Counsel for Named Plaintiff and
Settlement Classes:**

Leonard Anthony Bennett
Consumer Litigation Associates, P.C.
763 J Clyde Morris Boulevard
Suite 1A
Newport News, VA 23601

Michael Allen Caddell
Caddell & Chapman
1331 Lamar St.
Suite 1070
Houston, TX 77010

Mara McRae, Esq.
McRae Brooks Warner LLC
1720 Peachtree Street, Suite 430
Atlanta, Georgia 30309

Matthew J. Erausquin, Esq.
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314

24

**Named Plaintiff:**

_____

Danny R. Teagle

**Counsel for Named Plaintiff and
Settlement Classes:**

_____

Leonard Anthony Bennett
Consumer Litigation Associates, P.C.
763 J Clyde Morris Boulevard
Suite 1A
Newport News, VA 23601

_____

Michael Allen Caddell
Caddell & Chapman
1331 Lamar St.
Suite 1070
Houston, TX 77010

_____

Mara McRae, Esq.
McRae Brooks Warner LLC
1720 Peachtree Street, Suite 430
Atlanta, Georgia 30309

_____

Matthew J. Erausquin, Esq.
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314

24

**Named Plaintiff:**

_____

Danny R. Teagle

**Counsel for Named Plaintiff and
Settlement Classes:**

*Michael A. Caddell*

_____

Leonard Anthony Bennett
Consumer Litigation Associates, P.C.
763 J Clyde Morris Boulevard
Suite 1A
Newport News, VA 23601

Michael Allen Caddell
Caddell & Chapman
1331 Lamar St.
Suite 1070
Houston, TX 77010

_____

Mara McRae, Esq.
McRae Brooks Warner LLC
1720 Peachtree Street, Suite 430
Atlanta, Georgia 30309

Matthew J. Erausquin, Esq.
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314

24

ny-1085192

**Named Plaintiff:**

_____

Danny R. Teagle

**Counsel for Named Plaintiff and
Settlement Classes:**

_____

Leonard Anthony Bennett
Consumer Litigation Associates, P.C.
763 J Clyde Morris Boulevard
Suite 1A
Newport News, VA  23601

_____

Michael Allen Caddell
Caddell & Chapman
1331 Lamar St.
Suite 1070
Houston, TX  77010

*Mara McRae*
Mara McRae, Esq.   *w/ express permission*
McRae Brooks Warner LLC *by Ciay Marchuando*
1720 Peachtree Street, Suite 430
Atlanta, Georgia  30309

*Matthew A Erausquin*
Matthew J. Erausquin, Esq.
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, Virginia  22314

24

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DANNY R. TEAGLE and JESUS SALAZAR, JR., individually and on behalf of all others similarly situated, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | No. 1:11-CV-1280-RWS-JSA |
| LEXISNEXIS SCREENING SOLUTIONS, INC., formerly known as CHOICEPOINT'S WORKPLACE SOLUTIONS, INC., | § § § § § | |
| Defendant. | § § | Jury Trial Demanded |

## [PROPOSED] ORDER PRELIMINARILY APPROVING
## CLASS ACTION SETTLEMENT

Upon review and consideration of the terms and conditions of the Settlement

Agreement[1], including its exhibits, dated April 12, 2013, between and among the

Class Representative and the two Settlement Classes, by and through the Class

Representative and Settlement Class Counsel (collectively, "Plaintiffs"), and the

Defendant, LexisNexis Screening Solutions, Inc. ("LNSSI"), by and through its

authorized signatory;

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement filed with the Court on April 12, 2013, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless specifically noted otherwise in this Order.

Upon consideration of all prior proceedings in the Action; and

Upon consideration of the motion for Preliminary Approval of the Settlement Agreement, and the settlement contemplated thereby, and all memoranda, affidavits and other papers and arguments submitted with respect thereto;

### IT IS ORDERED THAT:

1.     This Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including, without limitation, the members of the two Settlement Classes.

2.     The Court hereby approves Danny R. Teagle as Class Representative of the Notice Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, Class Representative has and will fairly and adequately protect the interests of the Notice Settlement Class.

3.     The Court hereby approves Danny R. Teagle as Class Representative of the Obsolete Information Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, Class Representative has and will fairly and adequately protect the interests of the Obsolete Information Settlement Class.

4.     The Court hereby approves the following law firms as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for

2

settlement purposes only, Class Counsel has and will fairly and adequately protect

the interests of the two Settlement Classes:

Michael A. Caddell, Esq.
Cynthia B. Chapman, Esq.
Craig C. Marchiando, Esq.
Caddell & Chapman
The Park in Houston Center
1331 Lamar, Suite 1070
Houston, Texas  77010-3027


Mara McRae, Esq.
McRae Brooks Warner LLC
1720 Peachtree Street, Suite 430
Atlanta, Georgia  30309


Leonard A. Bennett, Esq.
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia  23606

     5.     Solely for the purpose of settlement in accordance with the Settlement

Agreement, and pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil

Procedure, this Court hereby provisionally approves the following Notice

Settlement Class:

> All persons residing in the United States of America (including its
> territories and Puerto Rico) (a) who were the subject of a LexisNexis
> consumer report on the LexisNexis Business Edition platform that
> was furnished to a third party other than Wal-Mart or Target (b)
> between April 20, 2006, and the Effective Date (c) that contained an
> adverse public record (d) that was furnished to the third party for
> purposes of an employment decision, and (e) to whom the written
> notice mailed by LexisNexis that it was furnishing the report was

delayed for technical reasons relating to the provision of Historical Records and Non-Historical Records in the same report.

6.     Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby provisionally approves the following Obsolete Information Settlement Class:

> All persons residing in the United States of America (including its territories and Puerto Rico) (a) who were the subject of a LexisNexis employment background screening report (b) that contained at least one record of any type of criminal history information (other than a criminal conviction) that predates the report by more than seven years as the result of dismissals being reported to LexisNexis in the field reserved for sentencing information, and not in the field to be used for dispositions; (c) that was furnished for an employment purpose for a position for which the annual salary is less than $75,000; and (d) within two years preceding the filing of this action and during its pendency.

7.     The Court hereby preliminarily approves the Settlement Agreement, and the settlement contemplated thereby, as being a fair, reasonable and adequate settlement as to all members of the Notice Settlement Class and Obsolete Information Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directs the Parties to proceed with said settlement pursuant to the terms and conditions of the Settlement Agreement and exhibits thereto, subject to this Court's authority to determine whether to finally approve said settlement.

4

8.     LNSSI is hereby authorized to retain Tilghman & Co. as Settlement Administrator to administer the Settlement, notice, and exclusion procedures, as set forth in the Settlement Agreement, and Tilghman & Co. is hereby appointed as the Settlement Administrator pursuant to the terms of the Settlement Agreement.

9.     The Court hereby finds and orders that the proposed Notice Settlement Class Notice  and Obsolete Information Settlement Class Notice  and the notice plan set forth in Section 3.3 of the Settlement Agreement:  (a) fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; (b) are the best notice practicable under the circumstances to the members of the Settlement Class; and (c) provide individual notice to all members of the Settlement Class who can be identified through reasonable effort.

10.    The Court hereby directs that the Notice Settlement Class Notice be provided to the members of the Notice Settlement Class and that the Obsolete Information Settlement Class Notice be provided to the members of the Obsolete Information Settlement Class in accordance with the terms and conditions of Section 3.3 of the Settlement Agreement; provided that the Parties, by agreement, may revise the Notice Settlement Class Notice and Obsolete Information Settlement Class Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy.  Accordingly, the Court directs: (a) LNSSI to issue Mail Notice within twenty-eight (28) days after

5

the entry of this order and (b) the Settlement Administrator to assist in issuing the Mail Notice as directed by LNSSI in accordance with Section 3.3.3 of the Settlement Agreement.

11.   If it has not already done so, LNSSI shall comply with the requirements of 28 U.S.C. § 1715(b) and serve notice of the proposed settlement upon the appropriate federal officials and the appropriate State officials of each State in which a Class Member resides.

12.   A hearing on entry of final approval of the Settlement Agreement, and award of fees and expenses to Class Counsel, and a Service Payment to the Class Representative (the "Fairness Hearing") shall be held at _____ _.m. on _____, __, 201__, before the undersigned in Courtroom ____ of the United States District Court of the Northern District of Georgia, located at the Richard B. Russell Federal Building and Courthouse, 75 Spring Street, SW, Atlanta, GA 30303-3361.  At the Fairness Hearing, the Court will consider: (a) whether the Settlement should be approved as fair, reasonable and adequate for the Notice Settlement Class; (b) whether the Settlement should be approved as fair, reasonable and adequate for the Obsolete Information Settlement Class, (c) whether a judgment granting approval of the Settlement and dismissing the lawsuit with prejudice should be entered; and (d) whether Class Counsels' application for attorneys' fees and reimbursement of expenses and a Service Payment for the Class Representative should be granted.

13.     No later than fourteen (14) days prior to the Fairness Hearing, LNSSI, through its claims administrator Tilghman & Co., shall provide an affidavit to the Court, with a copy to Class Counsel, attesting that notice was disseminated in a manner consistent with the terms of the Settlement Agreement or as ordered by this Court.

14.     The Court preliminarily determines that the payment program described in Sections 5.1 of the Settlement Agreement fairly and adequately addresses the matters of settlement administration and claims submission, and that the plan of allocation of monetary payments among Class Members is fair and adequate.

15.     Any Notice Settlement Class Member who does not file an objection to the settlement shall have the right to opt out of the Notice Settlement Class a by sending a written request for exclusion from the Notice Settlement Class to the address listed in the Notice Settlement Class Notice, postmarked no later than forty (40) days prior to the date set for the Final Approval Hearing, which deadline shall be set forth in the Notice Settlement Class Notice.   Likewise, any Obsolete Information Settlement Class Member who does not file an objection to the settlement shall have the right to opt out of the Obsolete Information Settlement Class by sending a written request for exclusion from the Obsolete Information Settlement Class to the address listed in the Obsolete Information Settlement Class

7

Notice, postmarked no later than forty (40) days prior to the date set for the Final Approval Hearing, which deadline shall be set forth in the Obsolete Information Settlement Class Notice.

16.     Exclusion requests must: (a) include that person's full legal name, current address, telephone number, and email address (if any); (b) be signed by that person; and (c) include the following statement from that person: "I request to be excluded from the class settlement in *Teagle v. LexisNexis Screening Solutions, Inc.*" No request for exclusion will be valid unless it complies with the terms of this paragraph 16 and the terms set forth in Section 3.4.1 of the Settlement Agreement.

17.     Class Counsel, LNSSI, and the Settlement Administrator shall use such opt-out information only for purposes of determining and/or establishing whether a person has timely and properly opted out of either or both Settlement Classes as permitted by the Court. Prior to Class Counsel submitting a motion for entry of an order of dismissal and final judgment, the Settlement Administrator shall serve on Class Counsel a declaration separately stating the number of, and identifying, the members of the Notice Settlement Class and the members of the Obsolete Information Settlement Class who have submitted timely requests for exclusion.

18.     No member of either Settlement Class may opt out through an actual or purported agent or attorney, and no opt-out request may be made on behalf of a group of persons.

19.     If a timely and valid request for exclusion is made by a member of either Settlement Class, then no payment shall be made with respect to any such person.  Such person will be deemed to have waived any and all rights or benefits under the Settlement Agreement, and will not have standing to object to the Settlement Agreement or seek to intervene in the this Action.

20.     Each Class Member who does not opt out as described in paragraphs 15 through 18 herein, whether or not he or she receives payment under the terms of the Settlement Agreement, will be bound by the Settlement Agreement, by all determinations and judgments concerning the Settlement Agreement, and by the settlement contemplated thereby.

21.     If five percent (5%) or more of the combined Settlement Class Members opt out of participation in the Settlement Agreement, LNSSI shall have the option to rescind the Settlement Agreement by serving on Class Counsel and filing with the Court a notice of termination within twenty one (21) days after the opt-out deadline.  In the event that the Settlement Agreement is rescinded pursuant to this provision, the Parties will be returned to the status quo ante as if no

Settlement Agreement had been negotiated or executed in the manner set forth in Section 3.2 of the Settlement Agreement.

23.     All further proceedings in the Action (including, but not limited to, any existing discovery obligations) are ordered stayed until Final Settlement Approval or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate Final Settlement Approval.

24.     All Class Members, and any person actually or purportedly acting on behalf of any Class Member(s), are stayed and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claim, as defined in Section 4 of the Settlement Agreement, (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum until Final Settlement Approval or termination of the Settlement Agreement, whichever occurs earlier; provided, that this stay and injunction shall not apply to individual claims of any member of either Settlement Class who has timely and properly opted out from the Settlement Class as permitted by the Court. For avoidance of doubt, nothing herein shall prevent any Class Member, or any person actually or purportedly acting on behalf of any Class Member(s), from taking any actions to stay and/or dismiss any Released Claim(s).  This stay and

injunction is necessary to protect and effectuate the Settlement Agreement, and the settlement contemplated thereby, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Settlement Agreement and to enter Final Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

25.     All memoranda, affidavits, declarations, and other evidence in support of the request for approval of the settlement—including any petition by Class Counsel for an award of attorneys' fees, reimbursement of costs and litigation expenses, and Service Payment to the named Class Representative—contemplated in the Settlement Agreement shall be filed no later than ten (10) days prior to the date set for the Final Approval Hearing.

26.     Any Class Member who wants to object to the approval of the Settlement Agreement, and the settlement contemplated thereby, the plan of allocation, or the application by Counsel for an award of attorneys' fees and reimbursement of costs, may do so, either personally or through an attorney, by filing a written notice of objection, together with any supporting written or documentary materials with the Clerk of the Court no later than forty (40) days prior to the date set for the Final Approval Hearing, which deadline shall be set forth in the Class Notices. This written objection must also be served by first class mail post-marked no later than forty (40) days prior to the date set for the Final

11

Approval Hearing, which deadline shall be set forth in the Class Notices, on Class Counsel and Defendant's Counsel, as set forth in the Class Notices.  Any such written notice of objection must include:  (a) that Class Member's full legal name; (b) a detailed statement of that Class Member's specific objections to any such matter; and (c) the grounds for such objections, as well as all documents which such Class Member desires the Court to consider.  Any Class Member objecting to the Settlement shall also provide a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements in any court, whether state or federal, in the United States within the previous five (5) years, specifying the caption of the case, the nature of the objection, the ultimate resolution of the case and whether the objector, or the objector's counsel, asked for or received any payment from the parties in connection with the resolution of the case.  If the Class Member or his or her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he, she or it shall affirmatively so state in the written materials provided in connection with the objection to this Settlement.  Class Counsel shall promptly, and in any event within one business day after receipt, provide copies of such written notice to counsel for LNSSI.

27.    Any objecting Class Member may appear, in person or by counsel, at the Fairness Hearing, to show cause why the proposed Settlement Agreement

should not be approved as fair, reasonable and adequate, or to object to any petition for attorneys' fees, Service Payment, and reimbursement of litigation expenses, but only if the Class Member has first filed written objections by the deadline set forth in the Class Notices together with a Notice of Intention to Appear. Any Class Member who does not provide a written objection in the manner provided above shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement contemplated by the Settlement Agreement, the plan of allocation, or the award of any attorney fees and/or incentive payments.

28. The filing of an objection allows Class Counsel or Defendant's Counsel to notice such objecting person for and to take his or her deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure of an objector to make himself or herself available for a deposition or to comply with expedited discovery in advance of the Fairness Hearing may result in the Court striking the objection and otherwise denying the objecting Class Member the opportunity to make his or her objection or to be further heard. The Court reserves the right to tax the costs of any such discovery to the objector or the objector's counsel should the Court determine the objection is frivolous or is made for an improper purpose. These procedures for filing and

hearing objections, if any, are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection, in accordance with the due process rights of all Class Members.

29.    The Court expressly reserves its right to adjourn the Fairness Hearing from time to time without further notice other than to counsel of record and to approve the terms of settlement stated in the Settlement Agreement and request for approval of attorneys' fee and expenses at or after the originally scheduled Fairness Hearing.

30.    The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by LNSSI, or of the truth of any of the Claims, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the this Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Settlement Agreement, this Order and/or the Final Judgment and Order of Dismissal.

31.    In the event that any provision of this Preliminary Approval Order is asserted by LNSSI as a defense in whole or in part to any claim, or otherwise

14

asserted (including, without limitation, as a basis for a stay) in any other suit, action, or other proceeding brought by one or more Class Members or any person actually or purportedly acting on behalf of any such Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined as to such Class Member(s) until the Court has entered an order or judgment finally determining any issues relating to such defense or assertion and no further judicial review of such order or judgment is possible.  Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.  This paragraph 31 is necessary to protect and effectuate the Settlement Agreement, this Order, and this Court's flexibility and authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

32.    If for any reason the Settlement Agreement terminates before Final Settlement Approval, then the certification of the Settlement Class shall be deemed vacated and the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues.  In that event, the Parties shall return to the status quo ante in the Action,

15

without prejudice to the right of LNSSI to assert any right or position that it could have asserted if this Settlement Agreement had never been reached or proposed to the Court.

SO ORDERED.

Dated: _____        _____

HON. RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

16

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DANNY R. TEAGLE and JESUS SALAZAR, JR., individually and on behalf of all others similarly situated, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 1:11-CV-1280-RWS-JSA |
| LEXISNEXIS SCREENING SOLUTIONS, INC., formerly known as CHOICEPOINT'S WORKPLACE SOLUTIONS, INC., | § § § § § | |
| Defendant. | § § | Jury Trial Demanded |

### [PROPOSED] FINAL ORDER AND JUDGMENT

Upon review and consideration of the terms and conditions of the Settlement Agreement[1], including its exhibits, dated April 12, 2013, between and among the Class Representative and the Settlement Class, by and through the Class Representative and Class Counsel (collectively, "Plaintiffs"), and the Defendant, LexisNexis Screening Solutions, Inc. ("LNSSI") by and through its authorized signatory;

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement filed with the Court on April 12, 2013, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless specifically noted otherwise in this Order.

1

Due and adequate notice having been given to members of the Notice Settlement Class and Obsolete Information Settlement Class, as required in the Preliminary Approval Order, and following such notice, a hearing having been held before this Court on _____, 201__ (the "Settlement Hearing") to determine the matters contemplated herein;

Upon consideration of all prior proceedings in the Action; and

Upon consideration of the motion for Final Order and Judgment, and the settlement contemplated thereby, and all memoranda, affidavits, and other papers and arguments submitted with respect thereto;

**IT IS ORDERED THAT:**

1.     This Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including, without limitation, the members of the Notice Settlement Class and the members of the Obsolete Information Settlement Class.

2.     The Court finds that the Notice Settlement Class preliminarily certified in the Preliminary Approval Order meets all of the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.  The Court therefore finally certifies the following Notice Settlement Class:

> All persons residing in the United States of America (including its territories and Puerto Rico) (a) who were the subject of a LexisNexis consumer report on the LexisNexis Business Edition platform that was furnished

2

to a third party other than Wal-Mart or Target (b) between April 10, 2006, and the Effective Date (c) that contained an adverse public record (d) that was furnished to the third party for purposes of an employment decision, and (e) to whom the written notice mailed by LexisNexis that it was furnishing the report was delayed for technical reasons relating to the provision of Historical Records and Non-Historical Records in the same report.

The Court additionally finds that the Obsolete Information Settlement Class preliminarily certified in the Preliminary Approval Order meets all of the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure. The Court therefore finally certifies the following Obsolete Information Settlement Class:

All persons residing in the United States of America (including its territories and Puerto Rico) (a) who were the subject of a LexisNexis employment background screening report (b) that contained at least one record of any type of criminal history information (other than a criminal conviction) that predates the report by more than seven years as the result of dismissals being reported to LexisNexis in the field reserved for sentencing information, and not in the field to be used for dispositions; (c) that was furnished for an employment purpose for a position for which the annual salary is less than $75,000; and (d) within two years preceding the filing of this action and during its pendency.

Class Members do not include the persons who submitted timely and valid requests for exclusion from the Class, as listed on Exhibit A, attached hereto.

3.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby approves and confirms the settlement embodied in the Settlement Agreement as being a fair, reasonable, and adequate settlement and compromised of the Claims asserted in the Action against LNSSI, and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

4.     Notice of the pendency of this Action as a class action, of the proposed Settlement, and of the request for certification of the Notice Settlement Class and Obsolete Information Settlement Class was given to all persons reasonably identifiable as Class Members, as shown by the records of LNSSI, at the respective addresses set forth in such records.  The Court finds that the form, content, and method of dissemination of the notice given to the Class Members were adequate and reasonable, and constituted the best notice practicable under the circumstances.  The notice, as given, provided valid, due, and sufficient notice of these proceedings, of the proposed Settlement, and of the terms and conditions set forth in the Settlement Agreement, and the notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Constitutional due process, and all other applicable laws.

5.     The Court hereby finds and orders that, by not objecting to the certification of the Notice Settlement Class or Obsolete Information Settlement

4

Class, and by taking other steps to negotiate, execute and implement the Settlement Agreement, LNSSI is not in any way waiving any other rights it may have to require arbitration of any Claims, including, but not limited to rights, if any, it may have (a) to require arbitration of any of the Released Claims if the Effective Date does not occur or if the Settlement Agreement terminates prior to the Effective Date, or (b) as to any person who timely and properly opts out of either Settlement Class as permitted by the Court. In addition, neither certification of the Settlement Classes for settlement purposes only, nor any other act relating to the negotiation, execution or implementation of the Settlement Agreement, shall be considered as a factor in connection with any class certification issue(s) if the Settlement Agreement terminates or the Effective Date does not occur.

6.     LNSSI has timely filed notifications of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4, 7-8 (2005), effective February 18, 2005, codified at 28 U.S.C. §§ 1711-1715. These notifications apprised the appropriate officials that, in connection with the approval of this settlement, LNSSI would seek certification from this Court that their respective notifications complied with any applicable CAFA requirements. The Court has reviewed such notifications and accompanying materials and finds that LNSSI's notifications comply fully with any applicable requirements of CAFA.

7.     Subject only to the provisions of Paragraph 12 below, the Action is hereby dismissed with prejudice, with each party to bear its own costs, except as expressly provided in the Settlement Agreement.

8.     Subject only to the provisions of Paragraph 12 below, by operation of this judgment, all Class Members who have not timely and properly opted out are deemed to have absolutely and unconditionally released and forever discharged the Released Parties from all Claims, and are forever barred and enjoined from commencing, instituting, or maintaining any Released Claims against the Released Parties in any action in this or any other forum.  All Class Members who have not timely and properly opted out are further deemed to have waived the protections afforded under Section 1542 of the California Civil Code, Section 20-7-11 of the South Dakota Codified Laws, and/or any other similar, comparable, or equivalent laws.

9.     The Court hereby approves the Settlement Agreement and the payments and credits pursuant thereto as fair and adequate, and the Settlement Administrator is directed to administer the Settlement Agreement in accordance with its terms and provisions.

10.     The Court awards Class Counsel attorneys' fees and expenses in the amount of $350,000 and approves the Service Payment of $5,000.00 to Class Representative, Danny R. Teagle.

6

11.     The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance or administration of the Settlement Agreement, or any challenges to the performance, validity, interpretation, administration, enforcement, or enforceability of the notice, this Final Order and Judgment, or the Settlement Agreement.

12.     In the event that the Settlement Agreement is terminated in accordance with its terms or with the terms of any other agreement between the Parties, or this Final Order and Judgment is reversed on appeal or otherwise does not become Final, (i) this Final Order and Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*; (ii) as specified in the Settlement Agreement, the Settlement Agreement and other related orders shall be rendered null and void and shall be vacated *nunc pro tunc*; and (iii) the Action shall proceed as provided in the Settlement Agreement.

13.     Neither the Settlement Agreement, the settlement contained therein, the negotiation nor any proceeding or document executed pursuant to or in furtherance thereof, (i) is or shall be construed as an admission of, or evidence of, the truth of any allegation or of any liability or the validity (or lack thereof) of any claim or defense on the part of any party in any respect; or (ii) is or shall be admissible in any action or proceeding for any reason, other than an action or

7

proceeding to enforce the terms of the Settlement Agreement or of this Final Order and Judgment.

SO ORDERED.


Dated: _____        _____

                                            HON. RICHARD W. STORY
                                            UNITED STATES DISTRICT JUDGE