IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANNY R. TEAGLE and JESUS SALAZAR, JR., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEXISNEXIS SCREENING SOLUTIONS, INC., formerly known as CHOICEPOINT'S WORKPLACE SOLUTIONS, INC.,<br><br>Defendant. | No. 1:11-CV-1280-RWS-JSA<br><br><br><br>Jury Trial Demanded |

### [~~PROPOSED~~] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

Upon review and consideration of the terms and conditions of the Settlement Agreement[1], including its exhibits, dated April 12, 2013, between and among the Class Representative and the two Settlement Classes, by and through the Class Representative and Settlement Class Counsel (collectively, "Plaintiffs"), and the Defendant, LexisNexis Screening Solutions, Inc. ("LNSSI"), by and through its authorized signatory;

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement filed with the Court on April 12, 2013, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless specifically noted otherwise in this Order.

1

Upon consideration of all prior proceedings in the Action; and

Upon consideration of the motion for Preliminary Approval of the Settlement Agreement, and the settlement contemplated thereby, and all memoranda, affidavits and other papers and arguments submitted with respect thereto;

**IT IS ORDERED THAT:**

1.  This Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including, without limitation, the members of the two Settlement Classes.

2.  The Court hereby approves Danny R. Teagle as Class Representative of the Notice Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, Class Representative has and will fairly and adequately protect the interests of the Notice Settlement Class.

3.  The Court hereby approves Danny R. Teagle as Class Representative of the Obsolete Information Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, Class Representative has and will fairly and adequately protect the interests of the Obsolete Information Settlement Class.

4.  The Court hereby approves the following law firms as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for

settlement purposes only, Class Counsel has and will fairly and adequately protect the interests of the two Settlement Classes:

Michael A. Caddell, Esq.
Cynthia B. Chapman, Esq.
Craig C. Marchiando, Esq.
Caddell & Chapman
The Park in Houston Center
1331 Lamar, Suite 1070
Houston, Texas  77010-3027

Mara McRae, Esq.
McRae Brooks Warner LLC
1720 Peachtree Street, Suite 430
Atlanta, Georgia  30309

Leonard A. Bennett, Esq.
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia  23606

      5.     Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby provisionally approves the following Notice Settlement Class:

> All persons residing in the United States of America (including its territories and Puerto Rico) (a) who were the subject of a LexisNexis consumer report on the LexisNexis Business Edition platform that was furnished to a third party other than Wal-Mart or Target (b) between April 20, 2006, and the Effective Date (c) that contained an adverse public record (d) that was furnished to the third party for purposes of an employment decision, and (e) to whom the written notice mailed by LexisNexis that it was furnishing the report was

delayed for technical reasons relating to the provision of Historical Records and Non-Historical Records in the same report.

6. Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby provisionally approves the following Obsolete Information Settlement Class:

> All persons residing in the United States of America (including its territories and Puerto Rico) (a) who were the subject of a LexisNexis employment background screening report (b) that contained at least one record of any type of criminal history information (other than a criminal conviction) that predates the report by more than seven years as the result of dismissals being reported to LexisNexis in the field reserved for sentencing information, and not in the field to be used for dispositions; (c) that was furnished for an employment purpose for a position for which the annual salary is less than $75,000; and (d) within two years preceding the filing of this action and during its pendency.

7. The Court hereby preliminarily approves the Settlement Agreement, and the settlement contemplated thereby, as being a fair, reasonable and adequate settlement as to all members of the Notice Settlement Class and Obsolete Information Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directs the Parties to proceed with said settlement pursuant to the terms and conditions of the Settlement Agreement and exhibits thereto, subject to this Court's authority to determine whether to finally approve said settlement.

8.  LNSSI is hereby authorized to retain Tilghman & Co. as Settlement Administrator to administer the Settlement, notice, and exclusion procedures, as set forth in the Settlement Agreement, and Tilghman & Co. is hereby appointed as the Settlement Administrator pursuant to the terms of the Settlement Agreement.

9.  The Court hereby finds and orders that the proposed Notice Settlement Class Notice and Obsolete Information Settlement Class Notice and the notice plan set forth in Section 3.3 of the Settlement Agreement: (a) fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; (b) are the best notice practicable under the circumstances to the members of the Settlement Class; and (c) provide individual notice to all members of the Settlement Class who can be identified through reasonable effort.

10. The Court hereby directs that the Notice Settlement Class Notice be provided to the members of the Notice Settlement Class and that the Obsolete Information Settlement Class Notice be provided to the members of the Obsolete Information Settlement Class in accordance with the terms and conditions of Section 3.3 of the Settlement Agreement; provided that the Parties, by agreement, may revise the Notice Settlement Class Notice and Obsolete Information Settlement Class Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy. Accordingly, the Court directs: (a) LNSSI to issue Mail Notice within twenty-eight (28) days after

the entry of this order and (b) the Settlement Administrator to assist in issuing the Mail Notice as directed by LNSSI in accordance with Section 3.3.3 of the Settlement Agreement.

11. If it has not already done so, LNSSI shall comply with the requirements of 28 U.S.C. § 1715(b) and serve notice of the proposed settlement upon the appropriate federal officials and the appropriate State officials of each State in which a Class Member resides.

12. A hearing on entry of final approval of the Settlement Agreement, and award of fees and expenses to Class Counsel, and a Service Payment to the Class Representative (the "Fairness Hearing") shall be held at 3:00 p.m. on May 16, 2013, before the undersigned in Courtroom 2105 of the United States District Court of the Northern District of Georgia, located at the Richard B. Russell Federal Building and Courthouse, 75 Spring Street, SW, Atlanta, GA 30303-3361. At the Fairness Hearing, the Court will consider: (a) whether the Settlement should be approved as fair, reasonable and adequate for the Notice Settlement Class; (b) whether the Settlement should be approved as fair, reasonable and adequate for the Obsolete Information Settlement Class, (c) whether a judgment granting approval of the Settlement and dismissing the lawsuit with prejudice should be entered; and (d) whether Class Counsels' application for attorneys' fees and reimbursement of expenses and a Service Payment for the Class Representative should be granted.

13. No later than fourteen (14) days prior to the Fairness Hearing, LNSSI, through its claims administrator Tilghman & Co., shall provide an affidavit to the Court, with a copy to Class Counsel, attesting that notice was disseminated in a manner consistent with the terms of the Settlement Agreement or as ordered by this Court.

14. The Court preliminarily determines that the payment program described in Sections 5.1 of the Settlement Agreement fairly and adequately addresses the matters of settlement administration and claims submission, and that the plan of allocation of monetary payments among Class Members is fair and adequate.

15. Any Notice Settlement Class Member who does not file an objection to the settlement shall have the right to opt out of the Notice Settlement Class a by sending a written request for exclusion from the Notice Settlement Class to the address listed in the Notice Settlement Class Notice, postmarked no later than forty (40) days prior to the date set for the Final Approval Hearing, which deadline shall be set forth in the Notice Settlement Class Notice. Likewise, any Obsolete Information Settlement Class Member who does not file an objection to the settlement shall have the right to opt out of the Obsolete Information Settlement Class by sending a written request for exclusion from the Obsolete Information Settlement Class to the address listed in the Obsolete Information Settlement Class

Notice, postmarked no later than forty (40) days prior to the date set for the Final Approval Hearing, which deadline shall be set forth in the Obsolete Information Settlement Class Notice.

16. Exclusion requests must: (a) include that person's full legal name, current address, telephone number, and email address (if any); (b) be signed by that person; and (c) include the following statement from that person: "I request to be excluded from the class settlement in *Teagle v. LexisNexis Screening Solutions, Inc.*" No request for exclusion will be valid unless it complies with the terms of this paragraph 16 and the terms set forth in Section 3.4.1 of the Settlement Agreement.

17. Class Counsel, LNSSI, and the Settlement Administrator shall use such opt-out information only for purposes of determining and/or establishing whether a person has timely and properly opted out of either or both Settlement Classes as permitted by the Court. Prior to Class Counsel submitting a motion for entry of an order of dismissal and final judgment, the Settlement Administrator shall serve on Class Counsel a declaration separately stating the number of, and identifying, the members of the Notice Settlement Class and the members of the Obsolete Information Settlement Class who have submitted timely requests for exclusion.

18.  No member of either Settlement Class may opt out through an actual or purported agent or attorney, and no opt-out request may be made on behalf of a group of persons.

19.  If a timely and valid request for exclusion is made by a member of either Settlement Class, then no payment shall be made with respect to any such person.  Such person will be deemed to have waived any and all rights or benefits under the Settlement Agreement, and will not have standing to object to the Settlement Agreement or seek to intervene in the this Action.

20.  Each Class Member who does not opt out as described in paragraphs 15 through 18 herein, whether or not he or she receives payment under the terms of the Settlement Agreement, will be bound by the Settlement Agreement, by all determinations and judgments concerning the Settlement Agreement, and by the settlement contemplated thereby.

21.  If five percent (5%) or more of the combined Settlement Class Members opt out of participation in the Settlement Agreement, LNSSI shall have the option to rescind the Settlement Agreement by serving on Class Counsel and filing with the Court a notice of termination within twenty one (21) days after the opt-out deadline.  In the event that the Settlement Agreement is rescinded pursuant to this provision, the Parties will be returned to the status quo ante as if no

Settlement Agreement had been negotiated or executed in the manner set forth in Section 3.2 of the Settlement Agreement.

23. All further proceedings in the Action (including, but not limited to, any existing discovery obligations) are ordered stayed until Final Settlement Approval or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate Final Settlement Approval.

24. All Class Members, and any person actually or purportedly acting on behalf of any Class Member(s), are stayed and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claim, as defined in Section 4 of the Settlement Agreement, (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum until Final Settlement Approval or termination of the Settlement Agreement, whichever occurs earlier; provided, that this stay and injunction shall not apply to individual claims of any member of either Settlement Class who has timely and properly opted out from the Settlement Class as permitted by the Court. For avoidance of doubt, nothing herein shall prevent any Class Member, or any person actually or purportedly acting on behalf of any Class Member(s), from taking any actions to stay and/or dismiss any Released Claim(s). This stay and

injunction is necessary to protect and effectuate the Settlement Agreement, and the settlement contemplated thereby, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Settlement Agreement and to enter Final Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

25. All memoranda, affidavits, declarations, and other evidence in support of the request for approval of the settlement—including any petition by Class Counsel for an award of attorneys' fees, reimbursement of costs and litigation expenses, and Service Payment to the named Class Representative—contemplated in the Settlement Agreement shall be filed no later than ten (10) days prior to the date set for the Final Approval Hearing.

26. Any Class Member who wants to object to the approval of the Settlement Agreement, and the settlement contemplated thereby, the plan of allocation, or the application by Counsel for an award of attorneys' fees and reimbursement of costs, may do so, either personally or through an attorney, by filing a written notice of objection, together with any supporting written or documentary materials with the Clerk of the Court no later than forty (40) days prior to the date set for the Final Approval Hearing, which deadline shall be set forth in the Class Notices. This written objection must also be served by first class mail post-marked no later than forty (40) days prior to the date set for the Final

Approval Hearing, which deadline shall be set forth in the Class Notices, on Class Counsel and Defendant's Counsel, as set forth in the Class Notices.  Any such written notice of objection must include: (a) that Class Member's full legal name; (b) a detailed statement of that Class Member's specific objections to any such matter; and (c) the grounds for such objections, as well as all documents which such Class Member desires the Court to consider.  Any Class Member objecting to the Settlement shall also provide a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements in any court, whether state or federal, in the United States within the previous five (5) years, specifying the caption of the case, the nature of the objection, the ultimate resolution of the case and whether the objector, or the objector's counsel, asked for or received any payment from the parties in connection with the resolution of the case.  If the Class Member or his or her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he, she or it shall affirmatively so state in the written materials provided in connection with the objection to this Settlement.  Class Counsel shall promptly, and in any event within one business day after receipt, provide copies of such written notice to counsel for LNSSI.

27.   Any objecting Class Member may appear, in person or by counsel, at the Fairness Hearing, to show cause why the proposed Settlement Agreement

should not be approved as fair, reasonable and adequate, or to object to any petition for attorneys' fees, Service Payment, and reimbursement of litigation expenses, but only if the Class Member has first filed written objections by the deadline set forth in the Class Notices together with a Notice of Intention to Appear. Any Class Member who does not provide a written objection in the manner provided above shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement contemplated by the Settlement Agreement, the plan of allocation, or the award of any attorney fees and/or incentive payments.

28.  The filing of an objection allows Class Counsel or Defendant's Counsel to notice such objecting person for and to take his or her deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure of an objector to make himself or herself available for a deposition or to comply with expedited discovery in advance of the Fairness Hearing may result in the Court striking the objection and otherwise denying the objecting Class Member the opportunity to make his or her objection or to be further heard. The Court reserves the right to tax the costs of any such discovery to the objector or the objector's counsel should the Court determine the objection is frivolous or is made for an improper purpose. These procedures for filing and

hearing objections, if any, are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection, in accordance with the due process rights of all Class Members.

29. The Court expressly reserves its right to adjourn the Fairness Hearing from time to time without further notice other than to counsel of record and to approve the terms of settlement stated in the Settlement Agreement and request for approval of attorneys' fee and expenses at or after the originally scheduled Fairness Hearing.

30. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by LNSSI, or of the truth of any of the Claims, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the this Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Settlement Agreement, this Order and/or the Final Judgment and Order of Dismissal.

31. In the event that any provision of this Preliminary Approval Order is asserted by LNSSI as a defense in whole or in part to any claim, or otherwise

asserted (including, without limitation, as a basis for a stay) in any other suit, action, or other proceeding brought by one or more Class Members or any person actually or purportedly acting on behalf of any such Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined as to such Class Member(s) until the Court has entered an order or judgment finally determining any issues relating to such defense or assertion and no further judicial review of such order or judgment is possible. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. This paragraph 31 is necessary to protect and effectuate the Settlement Agreement, this Order, and this Court's flexibility and authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

32. If for any reason the Settlement Agreement terminates before Final Settlement Approval, then the certification of the Settlement Class shall be deemed vacated and the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues. In that event, the Parties shall return to the status quo ante in the Action,

without prejudice to the right of LNSSI to assert any right or position that it could have asserted if this Settlement Agreement had never been reached or proposed to the Court.

SO ORDERED.

Dated: April 22, 2013

HON. RICHARD W. STORY
UNITED STATES DISTRICT JUDGE