EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DANNY R. TEAGLE and JESUS SALAZAR, JR., individually and on behalf of all others similarly situated,** | § § § § § | |
| **Plaintiffs,** | § § | |
| | § | **No. 1:11-CV-1280-RWS-JSA** |
| **v.** | § § | |
| **LEXISNEXIS SCREENING SOLUTIONS, INC., formerly known as CHOICEPOINT'S WORKPLACE SOLUTIONS, INC.,** | § § § § § | |
| | § | **Jury Trial Demanded** |
| **Defendant.** | § | |

## DECLARATION OF MARA McRAE
## IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS
## <u>ACTION SETTLEMENT AND RELATED ORDERS</u>

I, Mara McRae, declare as follows:

1.      My name is Mara McRae. I am over 21 years of age, of sound mind, capable of executing this Declaration, and have personal knowledge of the facts stated herein.  I am one of the attorneys working on behalf of the Plaintiffs and the putative Classes in the above-styled litigation.

EXHIBIT 2

EXHIBIT 2

2.      I am an attorney and principal of the law firm of McRae Brooks Warner LLC in Atlanta, Georgia.

3.      I received my J.D. degree, *magna cum laude,* from the Walter F. George School of Law at Mercer University in 1983.  I then joined the law firm of Kilpatrick & Cody (now Kilpatrick Townsend) in Atlanta, where I practiced business litigation for twenty-six years.  I became a partner in that firm in 1991.

4.      From 1983-2000, I had a general practice focusing primarily on the representation of banks, other financial institutions, and corporations in complex business litigation.  My practice focused primarily on breach of contract matters but also included toxic tort, product liability, employment, real estate, and other areas of business law.  I developed an expertise in both domestic and international business arbitration, appearing as counsel in multi-million dollar matters before the American Arbitration Association, the International Chamber of Commerce Court of Arbitration, the Zurich Chamber of Commerce, the Stockholm Chamber of Commerce, and other domestic and international arbitration tribunals.

5.      In 1999, I was asked to lead the Kilpatrick team of lawyers representing Equifax Information Services LLC, one of three national consumer reporting agencies, in the defense of all of its consumer litigation across the United

EXHIBIT 2

EXHIBIT 2

States and Puerto Rico.  This litigation included both individual and class action litigation brought against Equifax under the federal Fair Credit Reporting Act as well as state analogues of that statute and various other state causes of action.

6.      Over the ensuing seven years, I supervised the defense of over 2,500 cases brought against Equifax in 87 of the nation's 92 federal district courts, in every United States Court of Appeals save the Federal Circuit, and in the state courts of all but two states (Alaska and North Dakota).  I have been admitted to the Fourth, Fifth, Sixth, Seventh, and Eleventh Circuit Courts of Appeal as well as the United States Supreme Court.

7.      Dozens of the Equifax cases were brought as putative class actions, the vast majority of which were never certified.  Of particular note are the cases in which district courts certified classes against Equifax and its codefendants, including *Pike/White/Hernandez v. Experian, Equifax and TransUnion*, No. 05-cv-1070-DOC (MLGx), United States District Court for the Central District of California; and *Clark v. Equifax,* Civil Action No. 8:00-1218-22, United States District Court for the District of South Carolina, Anderson Division (related cases were Nos. 8:00-1217-22 and 8:00-1219-22).  I played major roles in the defense of both of these matters.

EXHIBIT 2

EXHIBIT 2

8.     I also defended a number of individual cases against Equifax that went to trial in venues as varied as Dothan, Alabama; Marshall, Texas; Philadelphia, Pennsylvania; Atlanta, Georgia; Galveston, Texas (bench trial); Alexandria, Virginia; and Portland, Oregon.

9.     By its very nature, defense work does not lend itself to the readily quantifiable indicia of success available to plaintiffs' counsel.  I am proud, however, that in the FCRA arena--an area of law in which punitive damages are both available and awarded with some regularity--no judge or jury ever found that Equifax acted in willful violation of the FCRA or awarded punitive damages against Equifax on my watch, and jury awards against my client, when they occurred, were fractions of the amounts sought. I believe that both the plaintiffs' and the defense bar in FCRA matters would concur in my expertise in these matters.

10.     My role in this matter has been an ancillary one; I have served as local counsel to Caddell & Chapman.  As such, I have reviewed and edited when appropriate all of the pleadings and written discovery; advised Caddell & Chapman on this court's local rules and practices; participated in gathering information from and negotiating with opposing counsel; and otherwise fulfilled the responsibilities

4

EXHIBIT 2

EXHIBIT 2

of local counsel.  In addition, because of my expertise in FCRA litigation, I have consulted with Mr. Marchiando about various legal issues in the case.

11.     My firm and I have the experience and ability to zealously and competently pursue this litigation on a classwide basis.

12.     I am willing to and have devoted the time and resources necessary to pursue this case through to resolution and have expended time and effort in assisting in the prosecution of the class claims and the evaluation needed to confirm that the settlement is in the best interest of the Classes.

13.     Although the Classes in this case are relatively small, a settlement of $50 or $150 per individual is, in my opinion, a most satisfactory result. The settlement eliminates the Parties' having to litigate the matter further to achieve what might be the same or a similar result and provides actual cash value to the members of the two classes.

14.     Were the Parties to litigate the case, there is of course the possibility that Plaintiff would not be able to prove the vital element of his claim—that the Defendants willfully violated the FCRA. If that occurred, Plaintiff would be left to try to prove only his actual damages, an amount likely smaller than that he will

EXHIBIT 2

EXHIBIT 2

recover as a result of the Settlement. And, if willfulness cannot be proven, it is highly unlikely that the Classes here could be certified.

15.    I concur with the conclusions of my co-counsel Michael Caddell that this settlement falls within the bounds of fairness, reasonableness, and adequacy as the Eleventh Circuit has set forth that standard, and I view it as an excellent result for the Class.

### Time and Expenses

16.    I have personally performed all of the work in this case for which my firm seeks to recover.   I do not bill any client for clerical services, routine photocopying, faxes, computerized legal research, or other items that I consider to be part of my Firm's overhead and reflected in our rates.   We do not seek compensation for any of those items here.

17.    The time my firm has spent on this case has been completely contingent on the outcome of the action. We have not been compensated for any of the time spent on the action.

18.    In connection with this matter, the hours for which my Firm seeks compensation from inception through the final hearing total 36.0 at an hourly rate of $475.00, for a total lodestar of $17,100.00.

EXHIBIT 2

EXHIBIT 2

19.    Based upon my experience with other class action and thousands of FCRA matters, I believe that the time expended both by my Firm and by Caddell & Chapman, when compared to the result achieved for the Classes, is reasonable in amount and was necessary to ensure the successful monetary relief obtained on behalf of the Classes.

20.    My hourly rate, Caddell & Chapman's customary rates, and the rate charged by our co-counsel Leonard A. Bennett are based on prevailing fees for national class-action work, and have been approved by other courts in similar cases, such as *Hardy v. Hartford*, No. 07-CV-024-TUC-DCB (D. Ariz.); *In re Hyundai & Kia Horsepower Litigation*, No. 02CC00287 (Super. Ct. of Orange County, Cal.); *Nissan 350Z Cases*, Coordinated Proceeding No. 4421 (Super. Ct. of Orange County, Cal.); *Elihu, et al. v. Toshiba America Information Systems, Inc.*, No. BC328556 (Super. Ct. of Los Angeles County, Cal.); *Williams v. LexisNexis*, No. 3:06-cv-00241 (E.D. Va.); *In re TransUnion Corp. Privacy Litigation*, MDL No. 1350 (N.D. Ill.); *White v. Experian Info. Solutions, Inc.*, No. 05-CV-01073 (MLGx) (C.D. Cal.).

21.    My rate, Mr. Bennett's rates, and Caddell & Chapman's rates are commensurate with the rates charged by attorneys of like expertise and experience

EXHIBIT 2

EXHIBIT 2

in this area of law, both nationally and in the Atlanta metropolitan area.  Judge Thrash of this honorable Court recently approved my hourly rate in *Jackson v. Metscheck,* Civil Action No. 1:11-CV-2735, another FCRA class action.

22.   McRae Brooks Warner LLC has also incurred $300.00 in unreimbursed expenses that were necessarily incurred in connection with the prosecution of this litigation. This expense reflects court filing fees for *pro hac vice* motions for two out-of-state attorneys of record in this matter.

23.   The foregoing expenses were incurred solely in connection with this Litigation and are reflected on my Firm's books and records as maintained in the ordinary course of business. These books and records are prepared from invoices, receipts, expense vouchers, check records and other records, and are an accurate record of the expenses incurred in this case.

24.   Thus, the total fees and expenses that comprise the lodestar for McRae Brooks Warner LLC in this case are $17,400.00.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

EXHIBIT 2

EXHIBIT 2

DATED:  July 17, 2013, Atlanta, Georgia.


    /s/ Mara McRae
Mara McRae

EXHIBIT 2

EXHIBIT 2

## **CERTIFICATE OF COMPLIANCE**

The foregoing document complies with the typeface requirements of Local Rule 5.1C and the type style requirements of Local Rule 5.1C(3) using Times New Roman 14 point font.

/s/ Mara McRae
Mara McRae
Georgia Bar No. 499138
McRae Brooks Warner LLC
1175 Peachtree St. NE
100 Colony Square, Suite 2100
Atlanta, GA 30361
404 681 0700
404 681 0780(fax)

***Counsel for Plaintiff***

EXHIBIT 2