# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DANNY R. TEAGLE and JESUS SALAZAR, JR., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEXISNEXIS SCREENING SOLUTIONS, INC., formerly known as CHOICEPOINT'S WORKPLACE SOLUTIONS, INC.,<br><br>Defendant. | No. 1:11-CV-1280-RWS-JSA<br><br>Jury Trial Demanded |

## [PROPOSED] FINAL ORDER AND JUDGMENT

Upon review and consideration of the terms and conditions of the Settlement Agreement[1], including its exhibits, dated April 12, 2013, between and among the Class Representative and the Settlement Class, by and through the Class Representative and Class Counsel (collectively, "Plaintiffs"), and the Defendant, LexisNexis Screening Solutions, Inc. ("LNSSI") by and through its authorized signatory;

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement filed with the Court on April 12, 2013, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless specifically noted otherwise in this Order.

1

Due and adequate notice having been given to members of the Notice Settlement Class and Obsolete Information Settlement Class, as required in the Preliminary Approval Order, and following such notice, a hearing having been held before this Court on _____, 201__ (the "Settlement Hearing") to determine the matters contemplated herein;

Upon consideration of all prior proceedings in the Action; and

Upon consideration of the motion for Final Order and Judgment, and the settlement contemplated thereby, and all memoranda, affidavits, and other papers and arguments submitted with respect thereto;

**IT IS ORDERED THAT:**

1. This Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including, without limitation, the members of the Notice Settlement Class and the members of the Obsolete Information Settlement Class.

2. The Court finds that the Notice Settlement Class preliminarily certified in the Preliminary Approval Order meets all of the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure. The Court therefore finally certifies the following Notice Settlement Class:

> All persons residing in the United States of America (including its territories and Puerto Rico) (a) who were the subject of a LexisNexis consumer report on the LexisNexis Business Edition platform that was furnished

2

to a third party other than Wal-Mart or Target (b) between April 10, 2006, and the Effective Date (c) that contained an adverse public record (d) that was furnished to the third party for purposes of an employment decision, and (e) to whom the written notice mailed by LexisNexis that it was furnishing the report was delayed for technical reasons relating to the provision of Historical Records and Non-Historical Records in the same report.

The Court additionally finds that the Obsolete Information Settlement Class preliminarily certified in the Preliminary Approval Order meets all of the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure. The Court therefore finally certifies the following Obsolete Information Settlement Class:

> All persons residing in the United States of America (including its territories and Puerto Rico) (a) who were the subject of a LexisNexis employment background screening report (b) that contained at least one record of any type of criminal history information (other than a criminal conviction) that predates the report by more than seven years as the result of dismissals being reported to LexisNexis in the field reserved for sentencing information, and not in the field to be used for dispositions; (c) that was furnished for an employment purpose for a position for which the annual salary is less than $75,000; and (d) within two years preceding the filing of this action and during its pendency.

Class Members do not include the persons who submitted timely and valid requests for exclusion from the Class, as listed on Exhibit A, attached hereto.

3

3. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby approves and confirms the settlement embodied in the Settlement Agreement as being a fair, reasonable, and adequate settlement and compromised of the Claims asserted in the Action against LNSSI, and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

4. Notice of the pendency of this Action as a class action, of the proposed Settlement, and of the request for certification of the Notice Settlement Class and Obsolete Information Settlement Class was given to all persons reasonably identifiable as Class Members, as shown by the records of LNSSI, at the respective addresses set forth in such records. The Court finds that the form, content, and method of dissemination of the notice given to the Class Members were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of these proceedings, of the proposed Settlement, and of the terms and conditions set forth in the Settlement Agreement, and the notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Constitutional due process, and all other applicable laws.

5. The Court hereby finds and orders that, by not objecting to the certification of the Notice Settlement Class or Obsolete Information Settlement

Class, and by taking other steps to negotiate, execute and implement the Settlement Agreement, LNSSI is not in any way waiving any other rights it may have to require arbitration of any Claims, including, but not limited to rights, if any, it may have (a) to require arbitration of any of the Released Claims if the Effective Date does not occur or if the Settlement Agreement terminates prior to the Effective Date, or (b) as to any person who timely and properly opts out of either Settlement Class as permitted by the Court. In addition, neither certification of the Settlement Classes for settlement purposes only, nor any other act relating to the negotiation, execution or implementation of the Settlement Agreement, shall be considered as a factor in connection with any class certification issue(s) if the Settlement Agreement terminates or the Effective Date does not occur.

6. LNSSI has timely filed notifications of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4, 7-8 (2005), effective February 18, 2005, codified at 28 U.S.C. §§ 1711-1715. These notifications apprised the appropriate officials that, in connection with the approval of this settlement, LNSSI would seek certification from this Court that their respective notifications complied with any applicable CAFA requirements. The Court has reviewed such notifications and accompanying materials and finds that LNSSI's notifications comply fully with any applicable requirements of CAFA.

5

7. Subject only to the provisions of Paragraph 12 below, the Action is hereby dismissed with prejudice, with each party to bear its own costs, except as expressly provided in the Settlement Agreement.

8. Subject only to the provisions of Paragraph 12 below, by operation of this judgment, all Class Members who have not timely and properly opted out are deemed to have absolutely and unconditionally released and forever discharged the Released Parties from all Claims, and are forever barred and enjoined from commencing, instituting, or maintaining any Released Claims against the Released Parties in any action in this or any other forum. All Class Members who have not timely and properly opted out are further deemed to have waived the protections afforded under Section 1542 of the California Civil Code, Section 20-7-11 of the South Dakota Codified Laws, and/or any other similar, comparable, or equivalent laws.

9. The Court hereby approves the Settlement Agreement and the payments and credits pursuant thereto as fair and adequate, and the Settlement Administrator is directed to administer the Settlement Agreement in accordance with its terms and provisions.

10. The Court awards Class Counsel attorneys' fees and expenses in the amount of $350,000 and approves the Service Payment of $5,000.00 to Class Representative, Danny R. Teagle.

11. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance or administration of the Settlement Agreement, or any challenges to the performance, validity, interpretation, administration, enforcement, or enforceability of the notice, this Final Order and Judgment, or the Settlement Agreement.

12. In the event that the Settlement Agreement is terminated in accordance with its terms or with the terms of any other agreement between the Parties, or this Final Order and Judgment is reversed on appeal or otherwise does not become Final, (i) this Final Order and Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*; (ii) as specified in the Settlement Agreement, the Settlement Agreement and other related orders shall be rendered null and void and shall be vacated *nunc pro tunc*; and (iii) the Action shall proceed as provided in the Settlement Agreement.

13. Neither the Settlement Agreement, the settlement contained therein, the negotiation nor any proceeding or document executed pursuant to or in furtherance thereof, (i) is or shall be construed as an admission of, or evidence of, the truth of any allegation or of any liability or the validity (or lack thereof) of any claim or defense on the part of any party in any respect; or (ii) is or shall be admissible in any action or proceeding for any reason, other than an action or

7

proceeding to enforce the terms of the Settlement Agreement or of this Final Order and Judgment.

SO ORDERED.


Dated: _____          _____
                                        HON. RICHARD W. STORY
                                        UNITED STATES DISTRICT JUDGE